**03 - 23431**

**CIV-MORENO**

MDLOUT CLOSED
EAJ
**MAGISTRATE JUDGE GARBER**

U.S. District Court
Middle District of Florida (Tampa)

CIVIL DOCKET FOR CASE #: 03-CV-1273

Dorsey, et al v. Wilson, et al                           Filed: 06/19/03
Assigned to: Judge Richard A. Lazzara        Jury demand: Plaintiff
Demand: $0,000                                          Nature of Suit: 110
Lead Docket: None                                      Jurisdiction: Diversity
Dkt# in other court: None

Cause: 28:1332 Diversity-Breach of Contract


HARRY L. DORSEY, D.C.,                Richard A. Bokor
individually and on behalf of        [COR LD NTC]
all individuals similarly            Law Office of Richard A. Bokor
situated,                            230 E. Davis Blvd.
dba                                  Tampa, FL 33606
Dorsey Chiropractic Clinic           813/251-1000
     plaintiff
                                     Susan L. Lawson
                                     [COR LD NTC]
                                     Law Office of Susan L. Lawson
                                     230 E. Davis Blvd.
                                     Tampa, FL 33606
                                     813/251-1000


ELVIN D. BLACKWELL, D.C.,            Richard A. Bokor
individually and on behalf of        (See above)
all individuals similarly            [COR LD NTC]
situated,
dba                                  Susan L. Lawson
Blackwell Chiropractic Center        (See above)
     plaintiff                       [COR LD NTC]

RICHARD R. SHAKER, D.C., P.A.,       Richard A. Bokor
individually and on behalf of        (See above)
all individuals similarly            [COR LD NTC]
situated,
     plaintiff                       Susan L. Lawson
                                     (See above)
                                     [COR LD NTC]


STEVEN A. WILSON, D.C., P.A.,
individually and behalf of all
individuals similarly
situated,
     plaintiff

I certify the foregoing to be a true and correct copy of the original. SHERYL L. LOESCH, Clerk United States District Court Middle District of Florida By Deputy Clerk

Ear'd div  Dade  Transfer mgr
Case #  1:03 cv 23431
Judge Moreno   Mag. Garber
Motn Hp _____   Fee pd $ _____
Receipt # _____



Proceedings include all events.                                    MDLOUT
8:03cv1273 Dorsey, et al v. Wilson, et al                          CLOSED
                                                                      EAJ


    v.


AETNA, INC.
     defendant


AETNA HEALTH, INC.
fdba
Aetna US Healthcare
     defendant


BLUE CROSS BLUE SHIELD          Alvin D. Lodish
ASSOCIATION                     [COR LD NTC]
     defendant                  Raquel M. Gonzalez
                                [COR NTC]
                                Bilzin Sumberg Baena Price &
                                Axelrod LLP
                                2500 1st Union Financial Ctr.
                                200 South Biscayne Blvd.
                                Miami, FL 33131-2336
                                305/374-7580


BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, a mutual
insurance company
     defendant


CIGNA CORPORATION
     defendant


CONNECTICUT GENERAL LIFE
INSURANCE COMPANY
     defendant


GREAT-WEST LIFE & ANNUITY
INSURANCE COMPANY
     defendant


HUMANA, INC.
     defendant


HUMANA INSURANCE CO.
fdba
Employers Health Insurance

Docket as of December 23, 2003 3:05 pm                    Page 2

Proceedings include all events.
8:03cv1273 Dorsey, et al v. Wilson, et al

MDLOUT
CLOSED
EAJ

Company
        defendant


HUMANA MEDICAL PLAN, INC.
        defendant


PACIFIC LIFE & ANNUITY COMPANY          Brett J. Preston
        defendant                       813/221-2900
                                        [COR LD NTC]
                                        William C. Guerrant, Jr.
                                        813/221-2900
                                        [COR NTC]
                                        Erik R. Matheney
                                        [COR NTC]
                                        Mark J. Criser
                                        813/221-2900
                                        [COR NTC]
                                        J. Michael Hayes
                                        [COR NTC]
                                        Landis Vernon Curry, III
                                        [COR NTC]
                                        Hill, Ward & Henderson, P.A.
                                        101 E. Kennedy Blvd., Suite
                                        3700
                                        P.O. Box 2231
                                        Tampa, FL 33601
                                        813/221-3900


PRINCIPAL LIFE INSURANCE                Mitchell R. Bloomberg
COMPANY                                 [COR LD NTC]
        defendant                       Adorno & Yoss
                                        2601 S. Bayshore Dr., Suite
                                        1600
                                        Miami, FL 33133-1897
                                        305/858-5555

                                        Stephanie G. Kolman
                                        [COR NTC]
                                        Adorno & Yoss
                                        2601 S. Bayshore Dr., Suite
                                        1600
                                        Miami, FL 33133-5413
                                        305/858-5555


UNITED HEALTHCARE INSURANCE
COMPANY
        defendant


UNITED HEALTH GROUP

Docket as of December 23, 2003 3:05 pm                    Page 3

Proceedings include all events.
8:03cv1273 Dorsey, et al v. Wilson, et al

MDLOUT
CLOSED
EAJ

fka
United Health Care Corporation
    defendant

=========================

TRUSTMARK INSURANCE COMPANY
    defendant

Proceedings include all events.                                    MDLOUT
8:03cv1273 Dorsey, et al v. Wilson, et al                          CLOSED
                                                                   EAJ

6/19/03   1    COMPLAINT  for class action filed; jury demand  Filing fee
               $ 150.00 Receipt # T022240 (jlh) [Entry date 06/20/03]

6/19/03   --   MAGISTRATE JUDGE CASE ASSIGNMENT   Magistrate assigned:
               Elizabeht A. Jenkins (jlh) [Entry date 06/20/03]

6/19/03        SUMMONS(ES) issued for Aetna Health, Inc., BC/BS of
               Mississippi, Cigna Corporation, Connecticut General,
               Great-West Life Ins., Humana Insurance Co., Humana Medical
               Plan, Pacific Life & Ann., Principal Life Ins., United
               Healthcare . Consent(s) issued. (jlh) [Entry date 06/20/03]

6/30/03   2    NOTICE of designation under Local Rule 3.05 - TRACK 3.
               (ctc) (ch) [Entry date 07/01/03]

7/30/03   3    APPEARANCE of non-resident counsel and designation of local
               counsel as to Harry L. Dorsey, Elvin D. Blackwell, Richard
               R. Shaker, Steven A. Wilson. Local counsel: Susan L.
               Lawson, and Richard A. Bokor. Non-resident counsel: Clayton
               A.L. Davis, Thomas P. LeBlanc, and William H. Quinn, II.
               (wlb) [Entry date 07/31/03]

7/30/03   4    FIRST AMENDED COMPLAINT by Harry L. Dorsey, Elvin D.
               Blackwell, Richard R. Shaker, Steven A. Wilson amending
               [1-1] (Answer due 8/18/03 for United Health Group, for
               United Healthcare, for Principal Life Ins., for Pacific
               Life & Ann., for Humana Medical Plan, for Humana Insurance
               Co., Humana, Inc., for Great-West Life Ins., for
               Connecticut General, for Cigna Corporation, for BC/BS of
               Mississippi, for BC/BS Association, for Aetna Health, Inc.,
               for Aetna, Inc. ) adding Trustmark Ins. Co.; jury demand
               (wlb) [Entry date 07/31/03]

7/30/03   5    AFFIDAVIT of Susan L. Lawson and Richard A. Bokor showing
               cause why alias summons forms should be issued by Harry L.
               Dorsey, Elvin D. Blackwell, Richard R. Shaker, Steven A.
               Wilson. (wlb) [Entry date 08/01/03]

8/1/03    6    ORDER granting [3-1] counsel designation. ( Signed by Judge
               Richard A. Lazzara ) ctc (wlb) [Entry date 08/04/03]

8/4/03    7    ORDER directing administrative closure. All proceedings in
               this case are stayed pending final transfer to the Southern
               District of Florida. The parties shall notify this court of
               the status of the case in the event the case has not been
               finally transferred to the Southern District of Florida
               within 60 days from the date of the entry of this order. (
               Signed by Judge Richard A. Lazzara ) ctc (wlb)
               [Entry date 08/05/03] [Edit date 08/06/03]

9/4/03    8    UNOPPOSED MOTION by BC/BS of Mississippi (unopposed) to
               extend time to respond to first amended class action
               complaint (wlb) [Entry date 09/05/03]

```
Proceedings include all events.                          MDLOUT
8:03cv1273 Dorsey, et al v. Wilson, et al                CLOSED
                                                              EAJ
9/8/03    --    ENDORSED ORDER granting [8-1] unopposed motion to extend
                time to respond to first amended class action complaint
                set answer due as to amended complaint for 10/6/03 for
                BC/BS of Mississippi  ( Signed by Judge Richard A. Lazzara
                )  ctc (bls)

9/11/03   9     RETURN of service executed as to Aetna, Inc. on 8/15/03
                Answer due on 9/4/03 for Aetna Health, Inc. (wlb)
                [Entry date 09/12/03]

9/11/03   10    RETURN of service executed as to Aetna Health, Inc. on
                8/15/03. Answer due on 9/4/03 for Aetna Health, Inc. (wlb)
                [Entry date 09/12/03]

9/11/03   11    RETURN of service executed as to BC/BS Association on
                8/18/03. Answer due on 9/8/03 for BC/BS Association (wlb)
                [Entry date 09/12/03]

9/11/03   12    RETURN of service executed as to BC/BS of Mississippi on
                8/15/03. Answer due on 9/4/03 for BC/BS of Mississippi (wlb)
                [Entry date 09/12/03]

9/11/03   13    RETURN of service executed as to Cigna Corporation on
                8/14/03. Answer due on 9/3/03 for Cigna Corporation (wlb)
                [Entry date 09/12/03]

9/11/03   14    RETURN of service executed as to Humana, Inc. on 8/14/03
                Answer due on 9/3/03 for Humana, Inc. (wlb)
                [Entry date 09/12/03]

9/11/03   15    RETURN of service executed as to United Health Group on
                8/15/03. Answer due on 9/4/03 for United Health Group (wlb)
                [Entry date 09/12/03]

9/11/03   16    RETURN of service executed as to Trustmark Ins. Co. on
                8/25/03. Answer due on 9/15/03 for Trustmark Ins. Co. (wlb)
                [Entry date 09/12/03]

9/11/03   17    RETURN of service executed as to Humana Insurance Co. on
                8/17/03. Answer due on 9/8/03 for Humana Insurance Co. (wlb)
                [Entry date 09/12/03]

9/11/03   18    RETURN of service executed as to Humana Medical Plan on
                8/12/03. Answer due on 9/2/03 for Humana Medical Plan (wlb)
                [Entry date 09/12/03]

9/11/03   19    RETURN of service executed as to Pacific Life & Ann. on
                8/12/03. Answer due on 9/2/03 for Pacific Life & Ann. (wlb)
                [Entry date 09/12/03]

9/11/03   20    RETURN of service executed as to Principal Life Ins. on
                8/12/03. Answer due on 9/2/03 for Principal Life Ins. (wlb)
                [Entry date 09/12/03]
```

Proceedings include all events.                                                MDLOUT
8:03cv1273 Dorsey, et al v. Wilson, et al                                      CLOSED
                                                                               EAJ

9/11/03  21     RETURN of service executed as to United Healthcare on
                8/12/03. Answer due on 9/2/03 for United Healthcare (wlb)
                [Entry date 09/12/03]

9/11/03  22     RETURN of service executed as to Connecticut General on
                8/12/03. Answer due on 9/2/03 for Connecticut General (wlb)
                [Entry date 09/12/03]

9/11/03  23     RETURN of service executed as to Great-West Life Ins. on
                8/12/03. Answer due on 9/2/03 for Great-West Life Ins. (wlb)
                [Entry date 09/12/03]

9/11/03  24     AGREED MOTION by Pacific Life & Ann. (agreed) to extend
                time to respond to first amended class action complaint (wlb)
                [Entry date 09/12/03]

9/15/03  25     PROOF of service by Harry L. Dorsey, Elvin D. Blackwell,
                Richard R. Shaker, Steven A. Wilson, as to the Insurance
                Commissioner on 8/12/03. (Pacific Life & Annuity Company)
                (wlb) [Entry date 09/16/03]

9/15/03  26     PROOF of service by Harry L. Dorsey, Elvin D. Blackwell,
                Richard R. Shaker, Steven A. Wilson, as to the Insurance
                Commissioner on 8/12/03. (Principal Life Insurance Company)
                (wlb) [Entry date 09/16/03]

9/15/03  27     PROOF of service by Harry L. Dorsey, Elvin D. Blackwell,
                Richard R. Shaker, Steven A. Wilson as to the Insurance
                Commissioner on 8/12/03. (United HealthCare Insurance
                Company) (wlb) [Entry date 09/16/03]

9/15/03  28     PROOF of service by Harry L. Dorsey, Elvin D. Blackwell,
                Richard R. Shaker, Steven A. Wilson, as to the Insurance
                Commissioner on 8/12/03. (Great-West Life and Annuity
                Insurance Company) (wlb) [Entry date 09/16/03]

9/15/03  29     PROOF of service by Harry L. Dorsey, Elvin D. Blackwell,
                Richard R. Shaker, Steven A. Wilson, as to the Insurance
                Commissioner. (Connecticut General Life Insurance Company)
                (wlb) [Entry date 09/16/03]

9/15/03  30     UNOPPOSED MOTION by Trustmark Ins. Co. (unopposed) to
                extend time to respond to the first amended class action
                complaint (wlb) [Entry date 09/16/03]

9/16/03  31     ORDER granting [24-1] consent motion to extend time to
                respond to first amended class action complaint   reset
                answer due for 10/14/03 for Pacific Life & Ann. ( Signed
                by Judge Richard A. Lazzara ) ctc (wlb)
                [Entry date 09/17/03]

9/17/03  --     ENDORSED ORDER granting [30-1] consent motion to extend
                time to respond to the first amended class action
                complaint. ( Signed by Judge Richard A. Lazzara )  ctc (wlb)

```
Proceedings include all events.                              MDLOUT
8:03cv1273 Dorsey, et al v. Wilson, et al                    CLOSED
                                                                 EAJ
                   [Entry date 09/18/03]
```

9/25/03   32   NOTICE of Rule 7.1 disclosure by Pacific Life & Ann. (ag)
               [Entry date 09/26/03]

9/25/03   33   UNOPPOSED MOTION by Pacific Life & Ann. (unopposed) to
               extend time to answer or otherwise plead to the first
               amended complaint, up to and including 10/10/03 (ag)
               [Entry date 09/26/03]

9/25/03   34   MEMORANDUM by Pacific Life & Ann. in support of [33-1]
               unopposed motion to extend time to answer or otherwise
               plead to the first amended complaint, up to and including
               10/10/03 (ag) [Entry date 09/26/03]

9/29/03   35   ORDER granting [33-1] consent motion to extend time to
               answer or otherwise plead to the first amended complaint,
               up to and including 10/10/03  reset answer due for
               10/10/03 for Pacific Life & Ann. ( Signed by Judge Richard
               A. Lazzara ) ctc (wlb) [Entry date 09/30/03]

9/29/03   36   NOTICE of withdrawing unopposed motion for enlargement of
               time by Pacific Life & Ann. (wlb) [Entry date 09/30/03]

10/1/03   37   UNOPPOSED MOTION by Pacific Life & Ann. (unopposed) to
               extend time to respond to the first amended class action
               complaint (wlb) [Entry date 10/02/03]

10/2/03   38   STIPULATION substituting attorney Brett Preston in place
               of Hilarie Bass by defendant Pacific Life & Ann.. (wlb)
               [Entry date 10/03/03]

10/3/03   39   NOTICE of attorney appearance for Pacific Life & Ann. by
               Brett J. Preston, William C. Guerrant Jr., Mark J. Criser,
               Erik R. Matheney, Landis Vernon Curry III, J. Michael Hayes
               (wlb) [Entry date 10/06/03]

10/3/03   41   STATUS REPORT by Principal Life Ins. (wlb)
               [Entry date 10/06/03]

10/3/03   --   ENDORSED ORDER granting [37-1] consent motion to extend
               time to respond to the first amended class action complaint
               until 20 days after the multi-district litigation panel
               issues its final order regarding transfer. ( Signed by
               Judge Richard A. Lazzara ) ctc (wlb) [Entry date 10/06/03]

10/6/03   40   NOTICE of attorney appearance for Principal Life Ins. by
               Mitchell R. Bloomberg, Stephanie G. Kolman. (wlb)

10/6/03   42   JOINT STATUS REPORT by Aetna, Inc., Aetna Health, Inc.,
               Cigna Corporation, Connecticut General, Humana, Inc.,
               Humana Medical Plan, United Healthcare, United Health Group
               (wlb) [Entry date 10/07/03]

```
Proceedings include all events.                              MDLOUT
8:03cv1273 Dorsey, et al v. Wilson, et al                    CLOSED
                                                             EAJ
```

10/8/03  43    ORDER granting [38-1] stipulation substituting attorney
               Brett Preston in place of Hilarie Bass. ( Signed by Judge
               Richard A. Lazzara ) ctc (wlb)

10/9/03  44    STATUS REPORT by Great-West Life Ins. (wlb)
               [Entry date 10/10/03]

10/10/03 45    NOTICE of attorney appearance for BC/BS Association by
               Alvin D. Lodish, Raquel M. Gonzalez (wlb)
               [Entry date 10/14/03]

10/10/03 46    AGREED MOTION by BC/BS Association (agreed) to extend time
               to respond to the first amended class action complaint (wlb)
               [Entry date 10/14/03]

10/14/03 47    UNOPPOSED MOTION by Great-West Life Ins. (unopposed) to
               extend time to respond to the first amended class action
               complaint (wlb) [Entry date 10/15/03]

10/14/03 48    ORDER that this case shall continue to be stayed and
               administratively closed until the panel on Multidistrict
               Litigation makes a final determination as to whether this
               case should be transferred to the United Staes District
               Court for the Southern District of Florida. ( Signed by
               Judge Richard A. Lazzara ) ctc (wlb) [Entry date 10/15/03]

10/15/03 49    ORDER granting [46-1] consent motion to extend time to
               respond to the first amended class action complaint. The
               defendant shall have up through and including 20 days from
               the date of the Judicial Panel Multidistrict Litigation
               enters a final order regarding transfer within which to
               move, answer, or otherwise respond to the compliant. (
               Signed by Judge Richard A. Lazzara ) ctc (wlb)
               [Entry date 10/16/03] [Edit date 10/17/03]

10/16/03 50    ORDER granting [47-1] consent motion to extend time to
               respond to the first amended class action complaint 20 days
               after the MDL Panel issues a final order regarding
               transfer. (Signed by Judge Richard A. Lazzara ) ctc (wlb)
               [Entry date 10/17/03]

12/23/03 51    MULTIDISTRICT LITIGATION panel order transferring case to
               Southern District of Florida  transferee court case #
               1:00-MD-1334  MDL # 1334 (jlh)
```

A CERTIFIED TRUE COPY

DEC   3 2003

FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

03 - 2

DEC 0 3 2003

FILED

CLERK'S OFFICE

*DOCKET NO. 1334*

CIV-MORENO

MAGISTRATE JUDGE

GARBER

8:03-CV-1273

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## IN RE MANAGED CARE LITIGATION

*Harry L. Dorsey, D.C., et al. v. Aetna, Inc., et al.,* **M.D. Florida, C.A. No. 8:03-1273**

*BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel are motions by three defendants[1] in this action (*Dorsey*), pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's order conditionally transferring *Dorsey* to the Southern District of Florida for inclusion in the centralized pretrial proceedings occurring there in this docket. One defendant, Principal Life Insurance Company, joins in these motions. If the Panel deems transfer appropriate, Great-West asks that claims against it in *Dorsey* be separated and simultaneously remanded to the Middle District of Florida. Other responding defendants[2] oppose the motions and favor inclusion of this entire action in MDL-1334 pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that although *Dorsey* may involve some unique questions of fact, it involves sufficient common questions of fact with actions in this litigation previously centralized in the Southern District of Florida, and that transfer of *Dorsey* to the Southern District of Florida for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its previous orders directing centralization in this docket. The Panel held that the Southern District of Florida was a proper Section 1407 forum for actions concerning the managed care defendants' alleged liability for their cost-containment policies. *See In re Managed Care Litigation,* MDL-1334, 2000 U.S.Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000); *In re Humana, Inc., Managed Care*

---

[*] Judges Hodges and Selya did not participate in the decision of this matter.

[1] Great-West Life & Annuity Insurance Company (Great-West); Blue Cross & Blue Shield of Mississippi; and Trustmark Insurance Company.

[2] Aetna Inc. and Aetna Health Inc.; CIGNA Corp. and Connecticut General Life Insurance Company; Humana Inc. and Humana Health Plans, Inc.; and UnitedHealthcare, Inc., and United Health Group, Inc.

SCANNED

51

- 2 -

*Litigation*, MDL-1334, 2000 U.S. Dist. LEXIS 5099 (J.P.M.L. Apr. 13, 2000).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *Harry L. Dorsey, D.C., et al. v. Aetna, Inc., et al.*, M.D. Florida, C.A. No. 8:03-1273, is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Federico A. Moreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Keenan
Acting Chairman

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

ELVIN BLACKWELL, D.C. d/b/a         )
BLACKWELL CHIROPRACTIC              )
CENTER, et al.,                     )
                                    )
            Plaintiffs              )
                                    )          C.A. No. 8:03-CV-1273-T26EAJ
v.                                  )
                                    )
AETNA, Inc., et al.                 )

*This motion/petition/application has been duly considered and is hereby GRANTED or DENIED this ___ day of _____, ____*

*RICHARD A. LAZZARA*
*UNITED STATES DISTRICT JUDGE*

### UNOPPOSED MOTION BY GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY FOR ENLARGEMENT OF TIME TO RESPOND TO THE FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Great-West Life & Annuity Insurance Company ("Great-West"), pursuant to Fed. R. Civ. P. 6(b), requests that this Court enter an order allowing Great-West to answer or otherwise respond to the First Amended Class Action Complaint ("Amended Complaint") within 20 days after the Judicial Panel on Multidistrict Litigation ("MDL Panel") decides whether to transfer this case to the Southern District of Florida. In support thereof, Great-West states as follows:

1.      On August 4, 2003, this Court stayed and administratively closed all proceedings pending the MDL Panel's decision as to whether this case should be transferred to the Southern District of Florida for consolidation with *In re Managed Care*.

2.      Because the Panel is in the process of deciding whether to transfer this case to the Southern District of Florida, and because all proceedings in this Court have been stayed and closed pending that decision, Plaintiffs' counsel and Great-West have agreed that it would be appropriate to allow Great-West to respond to the Amended Complaint 20 days after the Panel resolves the transfer issue.

SCANNED

3.     The requested extension is not for the purposes of delay, will not result in prejudice to either party, and will preserve the resources of the Court and the parties. This Court has already granted identical extensions to one or more of the other Defendants (*see, e.g.*, Unopposed Motion by Pacific Life & Annuity Company to Enlarge Time to Respond to the First Amended Class Action Complaint, considered and granted on October 2, 2003).

4.     In compliance with Local Rule 3.01(g), counsel for Great-West conferred with counsel for Plaintiffs, and Plaintiffs have agreed to the proposed enlargement of time in which to respond.

For the above reasons, Defendant Great-West Life & Annuity Insurance Company respectfully requests this Court to enter an order extending its time to respond to the First Amended Class Action Complaint until 20 days after the MDL Panel issues a final order regarding transfer.

Dated: October 13, 2003                              Respectfully submitted,

Raul A. Cuervo, Florida Bar No. 515840
Waldemar J. Pflepsen, Jr.
Stephen H. Goldberg
Jason H. Gould
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208
Telephone: 202-965-8100
Facsimile: 202-965-8104

Attorneys for Defendant Great-West Life
& Annuity Insurance Company

2

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Unopposed Motion by Great-West Life & Annuity Insurance Company for Enlargement of Time to Respond to the First Amended Class Action Complaint were sent by first class mail, postage prepaid, this 13th day of October, 2003, to the following:

Susan L. Lawson, Esq.
LAWSON & ASSOCIATES, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Richard A. Bokor, Esq.
RICHARD A. BOKOR, P.A.
230 East Davis Boulevard
Tampa, Florida 33606

Mitchell R. Bloomberg, Esq.
Adorno & Yoss, P.A.
2601 South Bayshore Drive, Suite 1600
Miami, FL 33133

Edward Soto, Esq.
Weil, Gotshal & Manges, LLP
701 Brickell Avenue
Suite 2100
Miami, FL 33131-2861

K. Lee Blalack, II, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20015

Miguel A. Estrada, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036-5306

John J. Hamill, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611-7603

Jonathan Fordin, Esq.
Shutts & Bowen, LLP
201 South Biscayne Blvd.
1500 Miami Center
Miami, FL 33131

Brett J. Preston, Esq.
Hill, Ward & Henderson, P.A.
P.O. Box 2231
Tampa, FL 33601

All Counsel listed on attached
*In re Managed Care Litigation*
"Involved Counsel List"

Raul A. Cuervo

F I L E   C O P Y

Date Printed: 10/17/2003


Notice sent to:

      \_\_\_\_  Susan L. Lawson, Esq.
           Law Office of Susan L. Lawson
           230 E. Davis Blvd.
           Tampa, FL  33606

           8:03-cv-01273    wlb

      \_\_\_\_  Richard A. Bokor, Esq.
           Law Office of Richard A. Bokor
           230 E. Davis Blvd.
           Tampa, FL  33606

           8:03-cv-01273    wlb

      \_\_\_\_  Alvin D. Lodish, Esq.
           Bilzin Sumberg Baena Price & Axelrod LLP
           2500 1st Union Financial Ctr.
           200 South Biscayne Blvd.
           Miami, FL  33131-2336

           8:03-cv-01273    wlb

      \_\_\_\_  Raquel M. Gonzalez, Esq.
           Bilzin Sumberg Baena Price & Axelrod LLP
           2500 1st Union Financial Ctr.
           200 South Biscayne Blvd.
           Miami, FL  33131-2336

           8:03-cv-01273    wlb

      \_\_\_\_  Brett J. Preston, Esq.
           Hill, Ward & Henderson, P.A.
           101 E. Kennedy Blvd., Suite 3700
           P.O. Box 2231
           Tampa, FL  33601

           8:03-cv-01273    wlb

      \_\_\_\_  William C. Guerrant Jr., Esq.
           Hill, Ward & Henderson, P.A.
           101 E. Kennedy Blvd., Suite 3700
           P.O. Box 2231
           Tampa, FL  33601

           8:03-cv-01273    wlb

      \_\_\_\_  Mark J. Criser, Esq.
           Hill, Ward & Henderson, P.A.
           101 E. Kennedy Blvd., Suite 3700
           P.O. Box 2231

Tampa, FL  33601

8:03-cv-01273    wlb

_____  Erik R. Matheney, Esq.
       Hill, Ward & Henderson, P.A.
       101 E. Kennedy Blvd., Suite 3700
       P.O. Box 2231
       Tampa, FL  33601

       8:03-cv-01273    wlb

_____  Landis Vernon Curry III, Esq.
       Hill, Ward & Henderson, P.A.
       101 E. Kennedy Blvd., Suite 3700
       P.O. Box 2231
       Tampa, FL  33601

       8:03-cv-01273    wlb

_____  J. Michael Hayes, Esq.
       Hill, Ward & Henderson, P.A.
       101 E. Kennedy Blvd., Suite 3700
       P.O. Box 2231
       Tampa, FL  33601

       8:03-cv-01273    wlb

_____  Mitchell R. Bloomberg, Esq.
       Adorno & Yoss
       2601 S. Bayshore Dr., Suite 1600
       Miami, FL  33133-1897

       8:03-cv-01273    wlb

_____  Stephanie G. Kolman, Esq.
       Adorno & Yoss
       2601 S. Bayshore Dr., Suite 1600
       Miami, FL  33133-5413

       8:03-cv-01273    wlb

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

03 OCT 15 PM 3: 01

CASE NO. 803CV1273-T26EAJ

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., d.b.a. BLACKWELL
CHIROPRACTIC CENTER, KEVIN D. COX, D.C., d.b.a.
COX CHIROPRACTIC INC.; HARRY L. DORSEY, D.C.,
d.b.a. DORSEY CHIROPRACTIC CLINIC; RICHARD R.
SHAKER, D.C., and STEVEN A. WILSON, D.C.,
D.A.B.C.N., P.A., CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals and
associations similarly situated,

       Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS BLUE
SHIELD ASSOICATION, BLUE CROSS & BLUE SHIELD
OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY;
CIGNA CORPORATION; CONNECTICUT GENERAL LIFE
INSURANCE COMPANY; GREAT-WEST LIFE &
ANNUITY INSURANCE COMPANY; HUMANA INC.,
HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY),
HUMANA MEDICAL PLAN, INC.; PACIFIC LIFE &
ANNUITY COMPANY; PRINCIPAL LIFE INSURANCE
COMPANY; TRUSTMARK INSURANCE COMPANY;
UNITED HEALTHCARE INSURANCE COMPANY,
UNITED HEALTH GROUP INCORPORATED (Formerly
a.k.a. UNITED HEALTH CARE CORPORATION),

       Defendants.

**ORDER GRANTING DEFENDANT BLUE CROSS AND BLUE SHIELD
ASSOCIATION'S AGREED MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO FIRST AMENDED CLASS ACTION COMPLAINT**

THIS MATTER came before the Court on Defendant Blue Cross and Blue Shield

Association's Agreed Motion for Enlargement of Time to Respond to Plaintiffs' First Amended

SCANNED

Class Action Complaint.   The Court, having reviewed the Motion and being otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED that Defendant's Motion is **GRANTED**.   Defendant Blue Cross and Blue Shield Association shall have up through and including twenty days from the date the Judicial Panel on Multidistrict Litigation enters a final order regarding transfer within which to move, answer, or otherwise respond to the Complaint.

DONE AND ORDERED in Chambers in Hillsborough County, Florida this / | day of October, 2003.

Honorable Richard A. Lazzara
UNITED STATES DISTRICT JUDGE

cc:      All Counsel of on Record
          on Attached Service List

2

## SERVICE LIST

Hilarie Bass, Esq.
Greenburg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131

K. Lee Blalack, II, Esq.
O'Melveny & Meyers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001

Mitchell R. Bloomberg, Esq.
Stephanie G. Kolman, Esq.
Adorno & Yoss, P.A.
2601 S. Bayshore Drive
Suite 1600
Miami, Florida 33133

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, Louisiana 70601

Mike Eidson, Esq.
Colson Hicks Eidson
255 Aragon Avenue
Second Floor
Coral Gables, Florida 33134

Jonathan Fordin, Esq.
Colleen A. Hoey, Esq.
Shutts & Bowen, LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131

John G. Harkins, Jr., Esq.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, Pennsylvania 19103

James F. Jordan, Esq.
Waldemar J. Flepsen, Esq.
Stephen H. Goldberg, Esq.
Jason H. Gould, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Charles F. Miller, Esq.
Miller, Schwartz & Miller
2435 Hollywood Boulevard
Hollywood, Florida 33020

Aaron Podhurst, Esq.
Podhurst, Orseck, Josefsberg, Eaton, et al.
City National Bank Building
Suite 800
25 W. Flagler Street
Miami, Florida 33130

Brett J. Preston, Esq.
Mark J. Criser, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Boulevard
Suite 3700
P.O. Box 2231
Tampa, Florida 33601

Steven E. Siff, Esq.
Bryan T. West, Esq.
McDermott, Will & Emery
201 S. Biscayne Boulevard
Suite 2200
Miami, Florida 33131

Edward Soto, Esq.
Weil, Gotshal & Manges LLP
701 Brickell Avenue
Suite 2100
Miami, Florida 33131

Harley Tropin, Esq.
Kozyak,Tropin,Throckmorton &Humphreys
2850 S.E. Financial Center
200 S. Biscayne Boulevard
Miami, Florida 33131

J. Mark White, Esq.
White, Dunn & Booker
2025 Third Avenue, North
Suite 600
Birmingham, Alabama 35203

F I L E   C O P Y

Date Printed: 10/16/2003


Notice sent to:

        ____    Susan L. Lawson, Esq.
                Law Office of Susan L. Lawson
                230 E. Davis Blvd.
                Tampa, FL  33606

                8:03-cv-01273    wlb

        ____    Richard A. Bokor, Esq.
                Law Office of Richard A. Bokor
                230 E. Davis Blvd.
                Tampa, FL  33606

                8:03-cv-01273    wlb

        ____    Alvin D. Lodish, Esq.
                Bilzin Sumberg Baena Price & Axelrod LLP
                2500 1st Union Financial Ctr.
                200 South Biscayne Blvd.
                Miami, FL  33131-2336

                8:03-cv-01273    wlb

        ____    Raquel M. Gonzalez, Esq.
                Bilzin Sumberg Baena Price & Axelrod LLP
                2500 1st Union Financial Ctr.
                200 South Biscayne Blvd.
                Miami, FL  33131-2336

                8:03-cv-01273    wlb

        ____    Brett J. Preston, Esq.
                Hill, Ward & Henderson, P.A.
                101 E. Kennedy Blvd., Suite 3700
                P.O. Box 2231
                Tampa, FL  33601

                8:03-cv-01273    wlb

        ____    William C. Guerrant Jr., Esq.
                Hill, Ward & Henderson, P.A.
                101 E. Kennedy Blvd., Suite 3700
                P.O. Box 2231
                Tampa, FL  33601

                8:03-cv-01273    wlb

        ____    Mark J. Criser, Esq.
                Hill, Ward & Henderson, P.A.
                101 E. Kennedy Blvd., Suite 3700
                P.O. Box 2231

Tampa, FL 33601

    8:03-cv-01273   wlb

____  Erik R. Matheney, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL 33601

    8:03-cv-01273   wlb

____  Landis Vernon Curry III, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL 33601

    8:03-cv-01273   wlb

____  J. Michael Hayes, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL 33601

    8:03-cv-01273   wlb

____  Mitchell R. Bloomberg, Esq.
Adorno & Yoss
2601 S. Bayshore Dr., Suite 1600
Miami, FL 33133-1897

    8:03-cv-01273   wlb

____  Stephanie G. Kolman, Esq.
Adorno & Yoss
2601 S. Bayshore Dr., Suite 1600
Miami, FL 33133-5413

    8:03-cv-01273   wlb

FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

03 OCT 14  AM 9: 50

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C. d/b/a
BLACKWELL CHIROPRACTIC CENTER,
et al.,

       Plaintiffs,

v.                                                                CASE NO: 8:03-cv-1273-T-26EAJ

AETNA INC., AETNA HEALTH, INC.,
(formerly d/b/a AETNA U.S. HEALTHCARE,
INC.), et al.,

       Defendants.
_____/

## O R D E R

    The Court has reviewed the various status reports filed by the parties.  See dkts.

41, 42, and 44.  In view of those reports, it is **ORDERED and ADJUDGED** that this

case shall continue to be stayed and administratively closed until the Panel on

Multidistrict Litigation makes a final determination as to whether this case should be

transferred to the United States District Court for the Southern District of Florida.

    **DONE AND ORDERED** at Tampa, Florida, on October 14, 2003.

                   RICHARD A. LAZZARA
                   **UNITED STATES DISTRICT JUDGE**

SCANNED

**COPIES FURNISHED TO**:
Counsel of Record

F I L E   C O P Y

Date Printed: 10/15/2003


Notice sent to:

      ____  Susan L. Lawson, Esq.
            Law Office of Susan L. Lawson
            230 E. Davis Blvd.
            Tampa, FL  33606

            8:03-cv-01273    wlb

      ____  Richard A. Bokor, Esq.
            Law Office of Richard A. Bokor
            230 E. Davis Blvd.
            Tampa, FL  33606

            8:03-cv-01273    wlb

      ____  Alvin D. Lodish, Esq.
            Bilzin Sumberg Baena Price & Axelrod LLP
            2500 1st Union Financial Ctr.
            200 South Biscayne Blvd.
            Miami, FL  33131-2336

            8:03-cv-01273    wlb

      ____  Raquel M. Gonzalez, Esq.
            Bilzin Sumberg Baena Price & Axelrod LLP
            2500 1st Union Financial Ctr.
            200 South Biscayne Blvd.
            Miami, FL  33131-2336

            8:03-cv-01273    wlb

      ____  Brett J. Preston, Esq.
            Hill, Ward & Henderson, P.A.
            101 E. Kennedy Blvd., Suite 3700
            P.O. Box 2231
            Tampa, FL  33601

            8:03-cv-01273    wlb

      ____  William C. Guerrant Jr., Esq.
            Hill, Ward & Henderson, P.A.
            101 E. Kennedy Blvd., Suite 3700
            P.O. Box 2231
            Tampa, FL  33601

            8:03-cv-01273    wlb

      ____  Mark J. Criser, Esq.
            Hill, Ward & Henderson, P.A.
            101 E. Kennedy Blvd., Suite 3700
            P.O. Box 2231

Tampa, FL   33601

8:03-cv-01273    wlb

____ Erik R. Matheney, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL  33601

8:03-cv-01273    wlb

____ Landis Vernon Curry III, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL  33601

8:03-cv-01273    wlb

____ J. Michael Hayes, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL  33601

8:03-cv-01273    wlb

____ Mitchell R. Bloomberg, Esq.
Adorno & Yoss
2601 S. Bayshore Dr., Suite 1600
Miami, FL  33133-1897

8:03-cv-01273    wlb

____ Stephanie G. Kolman, Esq.
Adorno & Yoss
2601 S. Bayshore Dr., Suite 1600
Miami, FL  33133-5413

8:03-cv-01273    wlb



## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

ELVIN BLACKWELL, D.C. d/b/a )
BLACKWELL CHIROPRACTIC )
CENTER, et al., )
                    )
         Plaintiffs )
                    )        C.A. No. 8:03-CV-1273-T26EAJ
*v.* )
                    )
AETNA, Inc., et al. )

### UNOPPOSED MOTION BY GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY FOR ENLARGEMENT OF TIME TO RESPOND TO THE FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Great-West Life & Annuity Insurance Company ("Great-West"), pursuant to Fed. R. Civ. P. 6(b), requests that this Court enter an order allowing Great-West to answer or otherwise respond to the First Amended Class Action Complaint ("Amended Complaint") within 20 days after the Judicial Panel on Multidistrict Litigation ("MDL Panel") decides whether to transfer this case to the Southern District of Florida. In support thereof, Great-West states as follows:

1.      On August 4, 2003, this Court stayed and administratively closed all proceedings pending the MDL Panel's decision as to whether this case should be transferred to the Southern District of Florida for consolidation with *In re Managed Care.*

2.      Because the Panel is in the process of deciding whether to transfer this case to the Southern District of Florida, and because all proceedings in this Court have been stayed and closed pending that decision, Plaintiffs' counsel and Great-West have agreed that it would be appropriate to allow Great-West to respond to the Amended Complaint 20 days after the Panel resolves the transfer issue.


SCANNED

3.      The requested extension is not for the purposes of delay, will not result in prejudice to either party, and will preserve the resources of the Court and the parties. This Court has already granted identical extensions to one or more of the other Defendants (*see, e.g.*, Unopposed Motion by Pacific Life & Annuity Company to Enlarge Time to Respond to the First Amended Class Action Complaint, considered and granted on October 2, 2003).

4.      In compliance with Local Rule 3.01(g), counsel for Great-West conferred with counsel for Plaintiffs, and Plaintiffs have agreed to the proposed enlargement of time in which to respond.

For the above reasons, Defendant Great-West Life & Annuity Insurance Company respectfully requests this Court to enter an order extending its time to respond to the First Amended Class Action Complaint until 20 days after the MDL Panel issues a final order regarding transfer.

Dated: October 13, 2003                     Respectfully submitted,

Raul A. Cuervo, Florida Bar No. 515840
Waldemar J. Pflepsen, Jr.
Stephen H. Goldberg
Jason H. Gould
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208
Telephone:  202-965-8100
Facsimile:  202-965-8104

Attorneys for Defendant Great-West Life
& Annuity Insurance Company

2

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Unopposed Motion by Great-West Life & Annuity Insurance Company for Enlargement of Time to Respond to the First Amended Class Action Complaint were sent by first class mail, postage prepaid, this 13th day of October, 2003, to the following:

Susan L. Lawson, Esq.
LAWSON & ASSOCIATES, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Richard A. Bokor, Esq.
RICHARD A. BOKOR, P.A.
230 East Davis Boulevard
Tampa, Florida 33606

Mitchell R. Bloomberg, Esq.
Adorno & Yoss, P.A.
2601 South Bayshore Drive, Suite 1600
Miami, FL 33133

Edward Soto, Esq.
Weil, Gotshal & Manges, LLP
701 Brickell Avenue
Suite 2100
Miami, FL 33131-2861

K. Lee Blalack, II, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20015

Miguel A. Estrada, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036-5306

John J. Hamill, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611-7603

Jonathan Fordin, Esq.
Shutts & Bowen, LLP
201 South Biscayne Blvd.
1500 Miami Center
Miami, FL 33131

Brett J. Preston, Esq.
Hill, Ward & Henderson, P.A.
P.O. Box 2231
Tampa, FL  33601

All Counsel listed on attached
*In re Managed Care Litigation*
"Involved Counsel List"

_____
Raul A. Cuervo

4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 803CV1273-T26EAJ

ELVIN D. BLACKWELL, D.C., d.b.a. BLACKWELL
CHIROPRACTIC CENTER, KEVIN D. COX, D.C., d.b.a.
COX CHIROPRACTIC INC.; HARRY L. DORSEY, D.C.,
d.b.a. DORSEY CHIROPRACTIC CLINIC; RICHARD R.
SHAKER, D.C., and STEVEN A. WILSON, D.C.,
D.A.B.C.N., P.A., CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals and
associations similarly situated,

        **Plaintiffs,**

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS BLUE
SHIELD ASSOICATION, BLUE CROSS & BLUE SHIELD
OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY;
CIGNA CORPORATION; CONNECTICUT GENERAL LIFE
INSURANCE COMPANY; GREAT-WEST LIFE &
ANNUITY INSURANCE COMPANY; HUMANA INC.,
HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY),
HUMANA MEDICAL PLAN, INC.; PACIFIC LIFE &
ANNUITY COMPANY; PRINCIPAL LIFE INSURANCE
COMPANY; TRUSTMARK INSURANCE COMPANY;
UNITED HEALTHCARE INSURANCE COMPANY,
UNITED HEALTH GROUP INCORPORATED (Formerly
a.k.a. UNITED HEALTH CARE CORPORATION),

        **Defendants.**
_____/

**DEFENDANT BLUE CROSS AND BLUE SHIELD ASSOCIATION'S**
**AGREED MOTION FOR ENLARGEMENT OF TIME TO**
**RESPOND TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Blue Cross and Blue Shield Association, pursuant to Federal Rule of Civil

Procedure 6(b), respectfully petitions this Court for an Order granting it an enlargement of time,

# SCANNED

\75683\19226\ # 646133 v 1
10/9/03 4:16 PM

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
200 SOUTH BISCAYNE BOULEVARD, SUITE 2500 • MIAMI, FLORIDA 33131-5340

up to and including twenty days from the date the Judicial Panel on Multidistrict Litigation enters a final order regarding transfer, within which to move, answer, or otherwise respond to the First Amended Class Action Complaint.  As grounds for this Motion, Blue Cross and Blue Shield Association states:

1.      Plaintiffs have filed a thirteen count Complaint which includes the assertion of a complex, multi-count RICO nationwide class action against fifteen Defendants.  Blue Cross and Blue Shield Association requires this enlargement due to scheduling issues, as well as the fact that the enlargement is necessary to have sufficient time to confer with counsel to prepare an appropriate response.  Lastly, the uncertainty caused by the potential for transfer makes it difficult to adequately prepare an appropriate response to the Complaint.

2.      Blue Cross and Blue Shield Association's response to the First Amended Class Action Complaint would ordinarily have been due September 8, 2003.

3.      Plaintiffs' counsel has been contacted, and Plaintiffs agree to the enlargement of time requested herein.

4.      This Motion is made in good faith and no party will be prejudiced by the enlargement of time requested herein.  This Motion is not being interposed for purposes of delay.

5.      Defendant Blue Cross and Blue Shield Association has included a proposed order with this Motion.

WHEREFORE, Defendant Blue Cross and Blue Shield Association respectfully requests that this enlargement of time, up through and including twenty days following the date the Judicial Panel on Multidistrict Litigation enters a final order regarding transfer, be granted.

Dated: October 9, 2003

Respectfully submitted,

ALVIN D. LODISH
Fla. Bar No. 622273
RAQUEL M. FERNANDEZ
Fla. Bar No. 0055069

Bilzin Sumberg Baena Price &
Axelrod
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-2336
T: (305) 375-6129
F: (305) 351-2234


C. Steven Tomashefsky
John J. Hamill
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611-7603
T: (312) 222-9350
F: (312) 527-0484

Attorneys for Blue Cross and
Blue Shield Association

75683\19226\ # 646133 v 1
10/9/03 4 16 PM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the attorneys listed on the attached service list this 9$^{th}$ day of October, 2003, by regular U.S. Mail.

Alvin D. Lodish

\75683\19226\# 646133 v 1
10/9/03 4:16 PM

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
200 SOUTH BISCAYNE BOULEVARD, SUITE 2500 • MIAMI, FLORIDA 33131 5340

## SERVICE LIST

Hilarie Bass, Esq.
Greenburg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131

K. Lee Blalack, II, Esq.
O'Melveny & Meyers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001

Mitchell R. Bloomberg, Esq.
Stephanie G. Kolman, Esq.
Adorno & Yoss, P.A.
2601 S. Bayshore Drive
Suite 1600
Miami, Florida 33133

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, Louisiana 70601

Mike Eidson, Esq.
Colson Hicks Eidson
255 Aragon Avenue
Second Floor
Coral Gables, Florida 33134

Jonathan Fordin, Esq.
Colleen A. Hoey, Esq.
Shutts & Bowen, LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131

75683:19226: # 646133 v 1
10/9/03 4 16 PM

John G. Harkins, Jr., Esq.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, Pennsylvania 19103

James F. Jordan, Esq.
Waldemar J. Flepsen, Esq.
Stephen H. Goldberg, Esq.
Jason H. Gould, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Charles F. Miller, Esq.
Miller, Schwartz & Miller
2435 Hollywood Boulevard
Hollywood, Florida 33020

Aaron Podhurst, Esq.
Podhurst, Orseck, Josefsberg, Eaton, et al.
City National Bank Building
Suite 800
25 W. Flagler Street
Miami, Florida 33130

Brett J. Preston, Esq.
Mark J. Criser, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Boulevard
Suite 3700
P.O. Box 2231
Tampa, Florida 33601

Steven E. Siff, Esq.
Bryan T. West, Esq.
McDermott, Will & Emery
201 S. Biscayne Boulevard
Suite 2200
Miami, Florida 33131

Edward Soto, Esq.
Weil, Gotshal & Manges LLP
701 Brickell Avenue
Suite 2100
Miami, Florida 33131

Harley Tropin, Esq.
Kozyak,Tropin,Throckmorton &Humphreys
2850 S.E. Financial Center
200 S. Biscayne Boulevard
Miami, Florida 33131

J. Mark White, Esq.
White, Dunn & Booker
2025 Third Avenue, North
Suite 600
Birmingham, Alabama 35203

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO. 803CV1273-T26EAJ

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC, INC.; HARRY L. DORSEY, D.C.,
d.b.a DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.
CHIROPRACTIC ASSOCIATION OF LOUISIANA,
individually and on behalf of all individuals
and associations similarly situated,

       Plaintiffs,

vs.

AETNA, INC., AETNA HEALTH, INC.,  (formerly d.b.a
AETNA US HEALTHCARE, INC.); BLUE CROSS BLUE
SHIELD ASSOCIATION, BLUE CROSS & BLUE SHIELD
OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY;
CIGNA CORPORATION; CONNECTICUT GENERAL LIFE
INSURANCE COMPANY; GREAT-WEST LIFE &
ANNUITY INSURANCE COMPANY; HUMANA, INC.,
HUMANA INSURANCE COMPANY (formerly d.b.a
EMPLOYERS HEALTH INSURANCE COMPANY),
HUMANA MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY
COMPANY; PRINCIPAL LIFE INSURANCE COMPANY;
TRUSTMARK INSURANCE COMPANY; UNITED
HEALTHCARE INSURANCE COMPANY,
UNITED HEALTH GROUP INCORPORATED (formerly
a.k.a UNITED HEALTH CARE CORPORATION),

       Defendants.

_____/

# SCANNED

\75683\19226\# 646129 v 1
10/9/03 4:13 PM

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
200 SOUTH BISCAYNE BOULEVARD, SUITE 2500 • MIAMI, FLORIDA 33131-5340

45

## NOTICE OF APPEARANCE

The undersigned counsel hereby enters their appearance in this matter as counsel for Defendant, BLUE CROSS BLUE SHIELD ASSOCIATION.   It is requested that all pleadings, motions, discovery, notices, orders and all Court filings to be served upon the undersigned counsel on this Defendant.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE
& AXELROD, LLP**
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
305-374-7580 (Tel.)
305-374-7593 (Fax)

BY: _____
ALVIN D. LODISH
Fla. Bar No. 622273
RAQUEL M. FERNANDEZ
Fla. Bar No. 0055069

C. Steven Tomashefsky
John J. Hamill
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611-7603
T:  (312) 222-9350
F:  (312) 527-0484

Attorneys for Blue Cross and
Blue Shield Association

\75683\19226\ # 646129 v 1
10/9/03 4:13 PM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the attorneys listed on the attached service list this 9th day of October, 2003, by regular U.S. Mail.

_____
Alvin D. Lodish

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
200 SOUTH BISCAYNE BOULEVARD, SUITE 2500 • MIAMI, FLORIDA 33131-5340

## SERVICE LIST

Hilarie Bass, Esq.
Greenburg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131

K. Lee Blalack, II, Esq.
O'Melveny & Meyers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001

Mitchell R. Bloomberg, Esq.
Stephanie G. Kolman, Esq.
Adorno & Yoss, P.A.
2601 S. Bayshore Drive
Suite 1600
Miami, Florida 33133

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, Louisiana 70601

Mike Eidson, Esq.
Colson Hicks Eidson
255 Aragon Avenue
Second Floor
Coral Gables, Florida 33134

Jonathan Fordin, Esq.
Colleen A. Hoey, Esq.
Shutts & Bowen, LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131

75683\19226\ # 646129 v 1
10/9/03 4 13 PM

John G. Harkins, Jr., Esq.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, Pennsylvania 19103

James F. Jordan, Esq.
Waldemar J. Flepsen, Esq.
Stephen H. Goldberg, Esq.
Jason H. Gould, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Charles F. Miller, Esq.
Miller, Schwartz & Miller
2435 Hollywood Boulevard
Hollywood, Florida 33020

Aaron Podhurst, Esq.
Podhurst, Orseck, Josefsberg, Eaton, et al.
City National Bank Building
Suite 800
25 W. Flagler Street
Miami, Florida 33130

Brett J. Preston, Esq.
Mark J. Criser, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Boulevard
Suite 3700
P.O. Box 2231
Tampa, Florida 33601

Steven E. Siff, Esq.
Bryan T. West, Esq.
McDermott, Will & Emery
201 S. Biscayne Boulevard
Suite 2200
Miami, Florida 33131

Edward Soto, Esq.
Weil, Gotshal & Manges LLP
701 Brickell Avenue
Suite 2100
Miami, Florida 33131

Harley Tropin, Esq.
Kozyak,Tropin,Throckmorton &Humphreys
2850 S.E. Financial Center
200 S. Biscayne Boulevard
Miami, Florida 33131

J. Mark White, Esq.
White, Dunn & Booker
2025 Third Avenue, North
Suite 600
Birmingham, Alabama 35203

FILED

03 OCT -9 PM 12: 07

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA. FLORIDA

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

ELVIN BLACKWELL, D.C. d/b/a   )
BLACKWELL CHIROPRACTIC   )
CENTER, et al.,   )
   )
     Plaintiffs   )
   )   C.A. No. 8:03-CV-1273-T26EAJ
   )
*v.*   )
   )
AETNA, Inc., et al.   )

**GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY'S
STATUS REPORT PURSUANT TO THIS COURT'S AUGUST 4, 2003 ORDER**

Defendant Great-West Life & Annuity Insurance Company ("Great-West") hereby joins in the Status Report filed by Principal Life Insurance Company ("Principal").[1] As proceedings before the Judicial Panel on Multidistrict Litigation ("MDL Panel") are ongoing, Great-West requests that this Court continue its order administratively staying the case until such time as the MDL Panel has resolved the transfer issue.[2]

---

[1] In addition to the documents referenced in Principal's Status Report and in the Joint Status Report by the Aetna, CIGNA, and Humana Defendants as having been filed with the MDL Panel, Great-West filed a Reply in Support of Its Motion to Vacate with the MDL Panel on October 6, 2003. Great-West will provide this Court with copies of this and any other documents filed before the MDL panel upon request.

[2] It is Great-West's understanding that because this case is administratively closed, Great-West's obligation to respond to the Amended Complaint is held in abeyance as long as the stay remains in effect. Great-West further states that the claims alleged in the Amended Complaint are subject to arbitration, and that it has notified plaintiffs' counsel of this fact; accordingly, Great-West will move to compel arbitration once the stay is lifted.

**SCANNED**

Dated: October 8, 2003

Respectfully submitted,

_____

Raul A. Cuervo, Florida Bar No. 515840
Waldemar J. Pflepsen, Jr.
Stephen H. Goldberg
Jason H. Gould
JORDEN BURT LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208
Telephone:  202-965-8100
Facsimile:  202-965-8104

Attorneys for Defendant Great-West Life
& Annuity Insurance Company

2

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Great-West Life & Annuity Insurance Company's Status Report were sent by first class mail, postage prepaid, this 8th day of October, 2003, to the following:

> Susan L. Lawson, Esq.
> LAWSON & ASSOCIATES, P.A.
> 230 East Davis Boulevard
> Suite 200
> Tampa, Florida 33606
>
> Richard A. Bokor, Esq.
> RICHARD A. BOKOR, P.A.
> 230 East Davis Boulevard
> Tampa, Florida 33606
>
> Mitchell R. Bloomberg, Esq.
> Adorno & Yoss, P.A.
> 2601 South Bayshore Drive, Suite 1600
> Miami, FL 33133
>
> Edward Soto, Esq.
> Weil, Gotshal & Manges, LLP
> 701 Brickell Avenue
> Suite 2100
> Miami, FL 33131-2861
>
> K. Lee Blalack, II, Esq.
> O'Melveny & Myers LLP
> 1625 Eye Street, N.W.
> Washington, DC 20015
>
> Miguel A. Estrada, Esq.
> Gibson, Dunn & Crutcher LLP
> 1050 Connecticut Ave., N.W.
> Washington, DC 20036-5306
>
> John J. Hamill, Esq.
> Jenner & Block, LLC
> One IBM Plaza
> Chicago, IL 60611-7603

3

Jonathan Fordin, Esq.
Shutts & Bowen, LLP
201 South Biscayne Blvd.
1500 Miami Center
Miami, FL 33131

Brett J. Preston, Esq.
Hill, Ward & Henderson, P.A.
P.O. Box 2231
Tampa, FL  33601

All Counsel listed on attached
*In re Managed Care Litigation*
"Involved Counsel List"

Raul A. Cuervo

**UPDATED PANEL SERVICE LIST (CTO-28)**
**DOCKET NO. 1334**
**IN RE MANAGED CARE LITIGATION**

*Harry L. Dorsey, D.C., et al. v. Aetna, Inc., et al.,* M.D. Florida, C.A. No. 8:03-1273

Hilarie Bass
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

Blue Cross Blue Shield
255 N. Michigan Avenue
Chicago, IL 60601-5901

Clayton L. Davis
Lundy & Davis
501 Broad Street
Lake Charles, LA 70601

Mike Eidson
Colson Hicks Eidson
255 Aragon Avenue
Second Floor
Coral Gables, FL 33134

John G. Harkins, Jr.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103

Humana Insurance Co.
500 West Main Street
Louisville, KY 40202

Charles F. Miller
Miller, Schwartz & Miller
2435 Hollywood Boulevard
Hollywood, FL 33020

Pacific Life & Annuity Co.
700 Newport Center Drive
Newport Beach, CA 92660

Waldemar J. Pflepsen, Jr.
Jorden Burt, LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC 20007

Aaron Podhurst
Podhurst, Orseck, Josefsberg, Eaton, et al.
City National Bank Building
Suite 800
25 W. Flagler Street
Miami, FL 33130

Principal Life Insurance
711 High Street
Des Moines, IA 50392

Steven E. Siff, Esq.
McDermott, Will & Emery
201 South Biscayne Boulevard
22nd Floor
Miami, FL 33131

Harley Tropin
Kozyak, Tropin, Trochmorton & Humphreys
2850 S.E. Financial Center
200 S. Biscayne Boulevard
Miami, FL 33131

Trustmark Insurance Co.
400 Field Dr.
Lake Forest, IL 60045

United Health Group
300 Opus Center
9900 Bren Road East
Minnetonka, MN 55343

J. Mark White
White, Dunn & Booker
2025 Third Avenue, North
Suite 600
Birmingham, AL 35203

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FILED

03 OCT -2 PM 3: 43

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

CASE NO. 8:03 CV 1273-T26EAJ

Plaintiffs,

This motion/petition/application has been duly
considered and is hereby GRANTED/DENIED
this ___ day of _____, ___

_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

Vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSRUANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

CLERK
MIDDLE DISTRICT OF COURT
TAMPA, FLORIDA

03 OCT -8 AM 10: 56

FILED

Defendants.

## STIPULATION FOR SUBSTITUTION OF COUNSEL

IT IS AGREED AND STIPULATED by and between the undersigned counsel as

follows:

1. That the firm of **Hill, Ward and Henderson, P.A.** shall be substituted as counsel

   of records for Pacific Life & Annuity Company.



SCANNED

2. That **Greenberg Traurig, P.A.** shall have no further responsibility with regard to

this case.

Hilarie Bass
Florida Bar No. 334243
Mark P. Schnapp
Florida Bar No. 501689
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
(305) 579-0500 (Telephone)
(305) 579-0717 (Facsimile)

Brett J. Preston
Florida Bar No. 603716
Mark J. Criser
Florida Bar No. 141496
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant
PACIFIC LIFE & ANNUITY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail
on September 29, 2003 to:
October 2, 2003

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

Attorney

F I L E   C O P Y

Date Printed: 10/08/2003


Notice sent to:

      ____    Susan L. Lawson, Esq.
             Law Office of Susan L. Lawson
             230 E. Davis Blvd.
             Tampa, FL 33606

             8:03-cv-01273   wlb

      ____    Richard A. Bokor, Esq.
             Law Office of Richard A. Bokor
             230 E. Davis Blvd.
             Tampa, FL 33606

             8:03-cv-01273   wlb

      ____    Brett J. Preston, Esq.
             Hill, Ward & Henderson, P.A.
             101 E. Kennedy Blvd., Suite 3700
             P.O. Box 2231
             Tampa, FL 33601

             8:03-cv-01273   wlb

      ____    William C. Guerrant Jr., Esq.
             Hill, Ward & Henderson, P.A.
             101 E. Kennedy Blvd., Suite 3700
             P.O. Box 2231
             Tampa, FL 33601

             8:03-cv-01273   wlb

      ____    Mark J. Criser, Esq.
             Hill, Ward & Henderson, P.A.
             101 E. Kennedy Blvd., Suite 3700
             P.O. Box 2231
             Tampa, FL 33601

             8:03-cv-01273   wlb

      ____    Erik R. Matheney, Esq.
             Hill, Ward & Henderson, P.A.
             101 E. Kennedy Blvd., Suite 3700
             P.O. Box 2231
             Tampa, FL 33601

             8:03-cv-01273   wlb

      ____    Landis Vernon Curry III, Esq.
             Hill, Ward & Henderson, P.A.
             101 E. Kennedy Blvd., Suite 3700
             P.O. Box 2231

Tampa, FL   3601

8:03-cv-01273    wlb

_____   J. Michael Hayes, Esq.
        Hill, Ward & Henderson, P.A.
        101 E. Kennedy Blvd., Suite 3700
        P.O. Box 2231
        Tampa, FL  33601

        8:03-cv-01273    wlb

_____   Mitchell R. Bloomberg, Esq.
        Adorno & Yoss
        2601 S. Bayshore Dr., Suite 1600
        Miami, FL  33133-1897

        8:03-cv-01273    wlb

_____   Stephanie G. Kolman, Esq.
        Adorno & Yoss
        2601 S. Bayshore Dr., Suite 1600
        Miami, FL  33133-5413

        8:03-cv-01273    wlb

FILED

03 OCT -6 PM 12: 00

⠀⠀⠀⠀⠀⠀ ⠀CT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ELVIN D. BLACKWELL, D.C. d/b/a
BLACKWELL CHIROPRACTIC CENTER,
et al.,

*Plaintiff,*

vs.

AETNA INC., AETNA HEALTH, INC.,
et al.,

*Defendants.*

CASE NO: 8:03-cv-1273-T-26EAJ

## JOINT STATUS REPORT

Pursuant to this Court's Order dated August 4, 2003, the undersigned parties

submit the following report on the status of proceedings before the Judicial Panel on

Multidistrict Litigation ("MDL Panel") in the above-captioned case. Part 1 summarizes

the history of MDL proceedings to date. Part 2 provides a list of motions and responses

relating to the above-captioned case that remain pending before the MDL Panel.

**1.    Summary Of Proceedings Before The MDL Panel**

On July 29, 2003, the MDL Panel issued Conditional Transfer Order 28 (CTO-

28), which conditionally transferred the above-captioned case to the Southern District of

Florida for coordinated pretrial proceedings with the *In re Managed Care Litigation*

(MDL-1334) ongoing in that district.





The time designated for notification of opposition to CTO-28—August 28, 2003—has expired. Of the fourteen defendants named by plaintiffs, two—Great-West Life & Annuity Insurance Company and Blue Cross Blue Shield of Mississippi—filed motions to vacate CTO-28 before August 28, 2003. In addition, on September 15, 2003, the MDL Panel granted two additional defendants—Trustmark Life Insurance Company and Principal Life Insurance Company—an extension to file notices of opposition and motions to vacate CTO-28. Both parties have since filed motions in opposition to transfer. All of these objecting parties argue that the *Blackwell* claims do not share sufficient commonality with actions previously transferred to the MDL-1334 proceedings to warrant transfer in their own right. No other parties have objected to transfer of this action by the MDL Panel.

In response to the objecting defendants' motions to vacate, eight defendants—including Aetna Inc., Aetna Health Inc., CIGNA Corporation, Connecticut General Life Insurance Company, Humana Inc., Humana Health Plans Inc., UnitedHealthcare Inc. and UnitedHealth Group Inc.—have in turn filed responses in support of CTO-28. It is the position of these defendants that transfer of *Blackwell* for inclusion in the MDL-1334 proceedings is highly appropriate, particularly in light of the *Blackwell* plaintiffs' duplication of many of the same factual and legal allegations made in other, previously transferred chiropractor actions currently pending in the MDL-1334 proceedings.

As required by 28 U.S.C. § 1407 and Panel Rule 16.1, the Panel will in due course consider the pending motions to vacate, and responding briefs in support of CTO-

2

28, at a regularly scheduled hearing, and can be expected to issue a final ruling on transfer shortly thereafter.

## 2.     List Of Papers Pending Before The MDL Panel

The following papers have been filed with the MDL Panel in response to CTO-28, and remain pending before the Panel:

a.     Motion to Vacate CTO-28, filed by Great-West Life & Annuity Insurance Company on August 28, 2003;

b.     Motion to Vacate CTO-28, filed by Blue Cross and Blue Shield of Mississippi on August 28, 2003;

c.     Motion/Brief to Vacate CTO-28, filed by Trustmark Life Insurance Company on September 15, 2003;

d.     Response in Support of CTO-28, filed by CIGNA Corporation and Connecticut General Life Insurance Company on September 16, 2003;

e.     Response in Support of CTO-28, filed by Aetna Inc. and Aetna Health Inc. on September 17, 2003;

f.     Response in Support of CTO-28, filed by Humana Inc. and Humana Health Plans Inc. on September 17, 2003;

g.     Response to Great-West Life & Annuity Insurance Company's, Blue Cross and Blue Shield of Mississippi's, and Trustmark Insurance Company's Motion to Vacate Conditional Transfer Order and Memorandum of Law In Support, filed by Principal Life Insurance Company on September 29, 2003;

h.     Response in Support of CTO-28, filed by UnitedHealthcare, Inc. and UnitedHealth Group, Inc. on September 30, 2003;

i.     Joint Response/Reply to Trustmark Insurance Company's Motion to Vacate CTO-28 and Principal Life Insurance Company's Response Seeking Same, filed by Aetna Inc., Aetna Health Inc., CIGNA Corporation, Connecticut General Life Insurance Company, Humana Inc., and Humana Health Plans Inc. on October 2, 2003.

Copies of any of the above papers are available to the Court upon request.

3

Dated: October 3, 2003

Respectfully submitted,

John G. Harkins, Jr.
Eleanor Morris Illoway
Marianne Consentino
Barbara Brigham Denys
Colleen Healy Simpson
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103
Telephone: 215-851-6700
Fax: 215-851-6710

David A. Bono
HARKINS CUNNINGHAM LLP
801 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20004-2615
Telephone: 202-973-7600
Fax: 202-329-1760

*Attorneys for Defendants*
*CIGNA Corporation and*
*Connecticut General Life Insurance*
*Company*

Dawn Giebler-Millner
Florida Bar No. 856576
GREENBERG TRAURIG, P.A.
450 South Orange Ave, Suite 650
Orlando, Florida 32801
Telephone: 407-418-2412
Fax: 407-841-1295

Miguel A. Estrada
Mark K. Moller
GIBSON DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202-955-8500
Fax: 202-467-0539

*Attorneys for Defendants Aetna Inc.*
*and Aetna Health Inc.*

K. Lee Blalack, II
Brian P. Brooks
Barton S. Aronson
O'MELVENY & MYERS LLP
1626 Eye Street, N.W.
Washington, D.C. 20006
Telephone: 202-383-5300
Fax: 202-383-5414

*Attorneys for Defendants*
*Humana Inc. and Humana Health*
*Plans Inc.*

4

Jeffrey S. Klein
James W. Quinn
Nicholas Pappas
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000

Edward Soto
Florida Bar No. 265144
WEIL, GOTSHAL & MANGES LLP
701 Brickell Avenue, Suite 2100
Miami, Florida  33131
Telephone:  (305) 577-3100
Fax:  (305) 374-7159

*Attorneys for Defendants United Healthcare,*
*Inc., and United Health Group*
*Incorporated f/k/a United HealthCare*
*Corporation*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail, postage prepaid, this 3$^{rd}$ day of October, 2003, to:

Susan L. Lawson
LAWSON & ASSOCIATES, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard A. Bokor
230 East Davis Boulevard
Tampa, FL 33606

Clayton L. Davis
Thomas P. LeBlanc
William M. Quinn, II
LUNDY & DAVIS, L.L.P.
501 Broad Street
Lake Charles, LA 70601

Mitchell R. Bloomberg
Stephanie G. Kolman
ADORNO & YOSS, P.A.
2601 S. Bayshore Dr., Suite 1600
Miami, FL 33133

Steven E. Siff
Bryan T. West
MCDERMOTT WILL & EMORY
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131

James F. Jordan
Waldemar J. Flepsen
Stephen H. Goldberg
Jason H. Gould
JORDEN BURT LLP
1025 Thomas Jefferson St., N.W.
Suite 400 East
Washington, D.C. 20007

Pacific Life and Annuity Company
700 Newport Center Drive
Newport Beach, CA 92660

By: _____
Dawn Giebler Millner, Esquire

FILED



UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA 03 OCT -3 PM 12: 33
Tampa Division

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C. d/b/a
BLACKWELL CHIROPRACTIC
CENTER, et al.,

                                      CASE NO.: 8:03-cv-1273-T-26EAJ

            Plaintiffs,

v.

AETNA, INC., AETNA HEALTH, INC.,
(formerly d/b/a AETNA U.S. HEALTCARE
INC.), et al.,

            Defendants.

_____/

### PRINCIPAL LIFE INSURANCE COMPANY'S STATUS REPORT
### PURSUANT TO THIS COURT'S AUGUST 4, 2003 ORDER

Defendant, Principal Life Insurance Company ("Principal"), pursuant to this Court's August 4, 2003 Order requesting a report on "the status of this case in the event the case has not been finally transferred to the Southern District of Florida within 60 days" of entry of the August 4 Order, submits the following:

      1.      On July 29, 2003, the Judicial Panel on Multidistrict Litigation (the "Panel") entered a Conditional Transfer Order ("CTO-28") conditionally transferring this case to the Southern District of Florida for consolidation with the *In re Managed Care Litigation* proceedings, MDL Docket No. 1334.

      2.      On August 4, 2003, this Court entered its order staying and administratively closing this case "in order to preserve client and judicial resources" in the event the case is finally transferred



ADORNO & YOSS, P.A.
2601 SOUTH BAYSHORE DRIVE • SUITE 1600 • MIAMI, FLORIDA 33133 • TELEPHONE 305-858-5555 • TELEFAX 305 858 4777

to the Southern District of Florida. *See* Docket Entry No. 7.[1]

3.      On August 13, 2003, Notices of Opposition to CTO-28 were filed by Defendants Great-West Life & Annuity Insurance Company ("Great-West") and Blue Cross & Blue Shield of Mississippi ("BCBSM").   On August 28, 2003, Great-Life and BCBSM filed their respective Motions to Vacate and briefs in support.

4.      On September 15, 2003, Defendant Trustmark Insurance Company ("Trustmark") filed its Notice of Opposition to CTO-28 along with a Motion to Vacate and supporting Brief.

5.      September 16, 2003, Defendant Cigna Corp. and Connecticut General Life Insurance Company ("Cigna") filed its Response in Opposition to Great-West's and BCBSM's Motions to Vacate.

6.      On September 17, 2003, Defendants Aetna, Inc. and Aetna Health Inc. ("Aetna") filed a Reply Memorandum (Response) in Support of CTO-28.  On September 22, 2003 and September 30, 2003, Defendants, Humana Inc. and Humana Health Plans, Inc. ("Humana"), and Defendants, UnitedHealthcare, Inc. and UnitedHealth Group, Inc. ("United"), respectively, joined in Aetna's papers supporting transfer of this case to the Southern District of Florida.

7.      On September 26, 2003, Principal filed its Response to Defendants, Great-West's and BCBSM's, Motions to Vacate, joining in these defendants' objections to the transfer of this case.

8.      Hearing on the transfer and consolidation of this case with *In re Managed Care Litigation* has not yet been scheduled.[2]  According to the J.P.M.L. Clerk, the next hearing session

---

[1]      Despite this stay, several defendants have sought extensions of time from this Court to respond to the First Amended Class Action Complaint.  Other defendants, including Principal, have not yet moved for any such extension given that this case is stayed.

[2]      This case is not set on the Panel's upcoming hearing session scheduled for October 9, 2003.

ADORNO & YOSS, P.A.
2601 SOUTH BAYSHORE DRIVE • SUITE 1600 • MIAMI, FLORIDA 33133 • TELEPHONE 305-858-5555 • TELEFAX 305-858-4777

will not take place until November 2003, and the calendar for that hearing session will not be distributed until the October 9 hearing session is completed.

## Conclusion

As such, Principal requests that this Court continue its order staying and administratively closing this case until the J.P.M.L. has finally determined the transfer issue.

Respectfully submitted,

ADORNO & YOSS, P.A.

Mitchell R. Bloomberg, Esq.
Florida Bar No. 197289
Stephanie G. Kolman
Florida Bar No. 958130
2601 South Bayshore Drive, Suite 1600
Miami, Florida 33133
Telephone: (305) 858-5555
Facsimile:  (305) 858-4777

Counsel for Defendant, Principal Life Insurance Company

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that copies of the foregoing was furnished via hand-delivery to Harley S. Tropin, Esq., and via U.S. Mail to the parties listed on the attached service list on this 2nd day of October, 2003.


Mitchell R. Bloomberg, Esq.

M1148880.WPD
#210783.0001

## SERVICE LIST

Hilarie Bass
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

Richard A. Bokor
Law Office of Richard A. Bokor
230 E. Davis Boulevard
Tampa, FL 33606

Clayton L. Davis
Lundy & Davis
501 Broad Street
Lake Charles, LA 70601

Mike Eidson
Colson Hicks Eidson
255 Aragon Avenue
Second Floor
Coral Gables, FL 3313

John G. Harkins, Jr.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103

K. Lee Blalack, II
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001

Susan L. Lawson
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Charles F. Miller
Miller, Schwartz & Miller
2435 Hollywood Boulevard
Hollywood, FL 33020

Pacific Life & Annuity Co.
700 Newport Center Drive
Newport Beach, CA 92660

Waldemar J. Pfelpsen, Jr.
Jorden Burt, LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC 20007

Aaron Podhurst
Podhurst, Orseck, Josefsberg, Eaton, et al.
City National Bank Building
Suite 800
25 W. Flagler Street
Miami, FL 33130

Steven E. Siff, Esq.
McDermott, Will & Emery
201 South Biscayne Boulevard
22nd Floor
Miami, FL 33131

Edward Soto
Weil, Gotshal & Manges LLP
701 Brickell Avenue, Suite 2100
Miami, FL 33131

Harley Tropin
Kozyak, Tropin, Throckmorton & Humphreys
2850 S.E. Financial Center
200 So. Biscayne Boulevard
Miami, FL 33131

ADORNO & YOSS, P.A.
2601 SOUTH BAYSHORE DRIVE • SUITE 1600 • MIAMI, FLORIDA 33133 • TELEPHONE 305·858·5555 • TELEFAX 305·858·4777

J. Mark White
White, Dunn & Booker
2025 Third Avenue, North
Suite 600
Birmingham, AL 35203

John J. Hamill
Jenner & Block, LLC
One IBM Plaza
Suite 4400
Chicago, IL 60611-7603

Colleen A. Hoey
Shutts & Bowen, L.L.P.
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

_____

ADORNO & YOSS, P.A.
2601 SOUTH BAYSHORE DRIVE • SUITE 1600 • MIAMI, FLORIDA 33133 • TELEPHONE 305-858-5555 • TELEFAX 305-858-4777

FILED

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA   03 OCT -3 PM 12: 33
### Tampa Division

CLERK, U.S. _____ __T COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C. d/b/a
BLACKWELL CHIROPRACTIC
CENTER, et al.,

CASE NO.: 8:03-cv-1273-T-26EAJ

        Plaintiffs,

v.

AETNA, INC., AETNA HEALTH, INC.,
(formerly d/b/a AETNA U.S. HEALTCARE
INC.), et al.,

        Defendants.

_____/

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that the law firm of ADORNO & YOSS, P.A. hereby confirms

its appearance as counsel of record for Defendant, PRINCIPAL LIFE INSURANCE COMPANY,

and directs that all pleadings and papers filed in the above action be served upon the following:

        Respectfully submitted,

        ADORNO & YOSS, P.A.

        Mitchell R. Bloomberg, Esq.
        Florida Bar No. 197289
        Stephanie G. Kolman
        Florida Bar No. 958130
        2601 South Bayshore Drive, Suite 1600
        Miami, Florida 33133
        Telephone: (305) 858-5555
        Facsimile: (305) 858-4777

        Counsel for Defendant, Principal Life
        Insurance Company



## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that copies of the foregoing was furnished via hand-delivery to

Harley S. Tropin, Esq., and via U.S. Mail to the parties listed on the attached service list on this

2__ day of October, 2003.

Mitchell R. Bloomberg, Esq.

M1148924.WPD
#210783.0001

2
ADORNO & YOSS, P.A.
2601 SOUTH BAYSHORE DRIVE • SUITE 1600 • MIAMI, FLORIDA 33133 • TELEPHONE 305-858-5555 • TELEFAX 305-858-4777

# SERVICE LIST

Hilarie Bass
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131

Richard A. Bokor
Law Office of Richard A. Bokor
230 E. Davis Boulevard
Tampa, FL 33606

Clayton L. Davis
Lundy & Davis
501 Broad Street
Lake Charles, LA 70601

Mike Eidson
Colson Hicks Eidson
255 Aragon Avenue
Second Floor
Coral Gables, FL 3313

John G. Harkins, Jr.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103

K. Lee Blalack, II
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001

Susan L. Lawson
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Charles F. Miller
Miller, Schwartz & Miller
2435 Hollywood Boulevard
Hollywood, FL 33020

Pacific Life & Annuity Co.
700 Newport Center Drive
Newport Beach, CA 92660

Waldemar J. Pfelpsen, Jr.
Jorden Burt, LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, DC 20007

Aaron Podhurst
Podhurst, Orseck, Josefsberg, Eaton, et al.
City National Bank Building
Suite 800
25 W. Flagler Street
Miami, FL 33130

Steven E. Siff, Esq.
McDermott, Will & Emery
201 South Biscayne Boulevard
22nd Floor
Miami, FL 33131

Edward Soto
Weil, Gotshal & Manges LLP
701 Brickell Avenue, Suite 2100
Miami, FL 33131

Harley Tropin
Kozyak, Tropin, Throckmorton & Humphreys
2850 S.E. Financial Center
200 So. Biscayne Boulevard
Miami, FL 33131

ADORNO & YOSS, P.A.
2601 SOUTH BAYSHORE DRIVE • SUITE 1600 • MIAMI, FLORIDA 33133 • TELEPHONE 305-858-5555 • TELEFAX 305-858-4777

J. Mark White
White, Dunn & Booker
2025 Third Avenue, North
Suite 600
Birmingham, AL 35203

John J. Hamill
Jenner & Block, LLC
One IBM Plaza
Suite 4400
Chicago, IL 60611-7603

Colleen A. Hoey
Shutts & Bowen, L.L.P.
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

FILED

03 OCT -3 PM 4:01

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX          CASE NO. 8:03 CV 1273-T26EAJ
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

        Defendants.

_____/

## <u>NOTICE OF APPEARANCE</u>

The firm of Hill, Ward & Henderson, P.A., hereby gives notice of its appearance as

counsel on behalf of Defendant PACIFIC LIFE & ANNUITY COMPANY and requests that

further pleadings be directed to the undersigned.



34

Respectfully submitted this ___ day of October, 2003.

Brett J. Preston, Esq. – Lead Counsel
Florida Bar No. 603716
William C. Guerrant, Jr., Esq.
Florida Bar No. 516058
Mark J. Criser, Esq.
Florida Bar No. 141496
Erik R. Matheney, Esq.
Florida Bar No. 0005411
Lance V. Curry
Florida Bar. No. 0469246
J. Michael Hayes, Esq.
Florida Bar No. 0111590
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant
PACIFIC LIFE & ANNUITY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail

on October 3, 2003 to:


**Counsel for Plaintiff**:
Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
251-1000

**Counsel for Plaintiff**:
Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606
251-1000

**Counsel for Plaintiff**:
Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esquire
William M. Quinn, Esquire
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

**Counsel for Trustmark Ins. Co.**:
Jonathan Fordin, Esq.
Colleen A. Hoey, Esq.
Shutts & Bowen, LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, FL 33131
(305) 358-6300
FAX (305) 381-9982

**Counsel for Blue Cross & Blue Shield of Mississippi**:
Steven E. Siff, Esq.
Bryan T. West, Esq.
McDermott, Will & Emery
201 S. Biscayne Blvd., Suite 2200
Miami, FL 33131
(305) 358-3500
FAX (305) 347-6500


Mark J. Criser

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED

03 OCT -2 PM 3: 43

CLERK U S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX          CASE NO. 8:03 CV 1273-T26EAJ
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

       Plaintiffs,

Vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSRUANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

       Defendants.
_____/

## <u>STIPULATION FOR SUBSTITUTION OF COUNSEL</u>

    IT IS AGREED AND STIPULATED by and between the undersigned counsel as

follows:

    1.  That the firm of **Hill, Ward and Henderson, P.A.** shall be substituted as counsel

    of records for Pacific Life & Annuity Company.





2. That **Greenberg Traurig, P.A.** shall have no further responsibility with regard to this case.

Hilarie Bass
Florida Bar No. 334243
Mark P. Schnapp
Florida Bar No. 501689
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
(305) 579-0500 (Telephone)
(305) 579-0717 (Facsimile)

Brett A. Preston
Florida Bar No. 603716
Mark J. Criser
Florida Bar No. 141496
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant
PACIFIC LIFE & ANNUITY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail on ~~September 29, 2003~~ to:
October 2, 2003

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

Attorney

FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

03 OCT -1 PM 3: 53

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

CASE NO. 8:03 CV 1273-T26EAJ

        Plaintiffs,

This motion/petition/application has been duly
considered and is hereby GRANTED/DENIED
this ___2___ day of _____

_____
        RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA
03 OCT -3 AM 10: 58
FILED

        Defendants.

_____/

**UNOPPOSED MOTION BY PACIFIC LIFE & ANNUITY COMPANY**
**TO ENLARGE TIME TO RESPOND TO**
**THE FIRST AMENDED CLASS ACTION COMPLAINT**

DEFENDANT Pacific Life & Annuity Company ("Pacific Life"), pursuant to Fed. R.

Civ. P. 6(b), requests this Court to enter an order allowing Pacific Life to respond to the

**SCANNED**

37

First Amended Class Action Complaint (Dkt. No.: 4) 20 days after the MDL Panel decides whether to transfer this case to the Miami MDL proceedings, for the following reasons:

1. On August 4, 2003, this Court stayed all proceedings pending final transfer of this action to ongoing multidistrict litigation proceedings in the Southern District of Florida (Dkt. No.: 7).

2. Pacific Life is currently operating under an extension, approved by the Court (Dkt. No.: 31), to respond to the complaint by a date certain.  However, because the MDL Panel is in the process of deciding whether to transfer this case to the Miami MDL proceedings, Plaintiffs' counsel and Pacific Life have agreed that it would be appropriate to allow Pacific Life (like one or more other defendants) to respond to the complaint 20 days after the panel decides this issue.

3. The requested extension is not for the purposes of delay, will not result in prejudice to either party, and will preserve the resources of the Court and the parties.

4. In compliance with Local Rule 3.01(g), counsel for Pacific Life conferred with counsel for Plaintiffs, and Plaintiffs have agreed to the proposed enlargement of time in which to respond.

WHEREFORE, the Defendant, Pacific Life & Annuity Company, respectfully requests this Court to enter an order extending its time to respond to the First Amended Class Action Complaint until 20 days after the multi-district litigation panel issues its final order regarding transfer.

Respectfully submitted this __/__ day  of October 2003.

Brett J. Preston
Florida Bar No. 603716
Mark J. Criser
Florida Bar No. 0141496
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant
PACIFIC LIFE & ANNUITY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail on October 1, 2003 to:

**Counsel for Plaintiff**:
Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606
251-1000

**Counsel for Plaintiff**:
Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606
251-1000

**Counsel for Plaintiff**:
Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esquire
William M. Quinn, Esquire
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

**Counsel for Trustmark Ins. Co.**:
Jonathan Fordin, Esq.
Colleen A. Hoey, Esq.
Shutts & Bowen, LLP
201 S. Biscayne Boulevard
1500 Miami Center
Miami, FL 33131
(305) 358-6300
FAX (305) 381-9982

**Counsel for Blue Cross & Blue Shield of Mississippi**:
Steven E. Siff, Esq.
Bryan T. West, Esq.
McDermott, Will & Emery
201 S. Biscayne Blvd., Suite 2200
Miami, FL 33131
(305) 358-3500
FAX (305) 347-6500

Attorney

F I L E   C O P Y

Date Printed: 10/06/2003


Notice sent to:

      ————  Susan L. Lawson, Esq.
              Law Office of Susan L. Lawson
              230 E. Davis Blvd.
              Tampa, FL  33606

              8:03-cv-01273    wlb

      ————  Richard A. Bokor, Esq.
              Law Office of Richard A. Bokor
              230 E. Davis Blvd.
              Tampa, FL  33606

              8:03-cv-01273    wlb

      ————  Brett J. Preston, Esq.
              Hill, Ward & Henderson, P.A.
              101 E. Kennedy Blvd., Suite 3700
              P.O. Box 2231
              Tampa, FL  33601

              8:03-cv-01273    wlb

      ————  William C. Guerrant Jr., Esq.
              Hill, Ward & Henderson, P.A.
              101 E. Kennedy Blvd., Suite 3700
              P.O. Box 2231
              Tampa, FL  33601

              8:03-cv-01273    wlb

      ————  Mark J. Criser, Esq.
              Hill, Ward & Henderson, P.A.
              101 E. Kennedy Blvd., Suite 3700
              P.O. Box 2231
              Tampa, FL  33601

              8:03-cv-01273    wlb

      ————  Erik R. Matheney, Esq.
              Hill, Ward & Henderson, P.A.
              101 E. Kennedy Blvd., Suite 3700
              P.O. Box 2231
              Tampa, FL  33601

              8:03-cv-01273    wlb

      ————  Landis Vernon Curry III, Esq.
              Hill, Ward & Henderson, P.A.
              101 E. Kennedy Blvd., Suite 3700
              P.O. Box 2231

Tampa, FL   33601

 8:03-cv-01273 wlb

_____ J. Michael Hayes, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL   33601

 8:03-cv-01273 wlb

_____ Mitchell R. Bloomberg, Esq.
Adorno & Yoss
2601 S. Bayshore Dr., Suite 1600
Miami, FL   33133-1897

 8:03-cv-01273 wlb

_____ Stephanie G. Kolman, Esq.
Adorno & Yoss
2601 S. Bayshore Dr., Suite 1600
Miami, FL   33133-5413

 8:03-cv-01273 wlb

F I L E   C O P Y

Date Printed: 10/07/2003

Notice sent to:

_____   Susan L. Lawson, Esq.
        Law Office of Susan L. Lawson
        230 E. Davis Blvd.
        Tampa, FL  33606

        8:03-cv-01273     wlb

_____   Richard A. Bokor, Esq.
        Law Office of Richard A. Bokor
        230 E. Davis Blvd.
        Tampa, FL  33606

        8:03-cv-01273     wlb

_____   Brett J. Preston, Esq.
        Hill, Ward & Henderson, P.A.
        101 E. Kennedy Blvd., Suite 3700
        P.O. Box 2231
        Tampa, FL  33601

        8:03-cv-01273     wlb

_____   William C. Guerrant Jr., Esq.
        Hill, Ward & Henderson, P.A.
        101 E. Kennedy Blvd., Suite 3700
        P.O. Box 2231
        Tampa, FL  33601

        8:03-cv-01273     wlb

_____   Mark J. Criser, Esq.
        Hill, Ward & Henderson, P.A.
        101 E. Kennedy Blvd., Suite 3700
        P.O. Box 2231
        Tampa, FL  33601

        8:03-cv-01273     wlb

_____   Erik R. Matheney, Esq.
        Hill, Ward & Henderson, P.A.
        101 E. Kennedy Blvd., Suite 3700
        P.O. Box 2231
        Tampa, FL  33601

        8:03-cv-01273     wlb

_____   Landis Vernon Curry III, Esq.
        Hill, Ward & Henderson, P.A.
        101 E. Kennedy Blvd., Suite 3700
        P.O. Box 2231

Tampa, FL   3601

8:03-cv-01273     wlb

____   J. Michael Hayes, Esq.
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
P.O. Box 2231
Tampa, FL  33601

8:03-cv-01273     wlb

____   Mitchell R. Bloomberg, Esq.
Adorno & Yoss
2601 S. Bayshore Dr., Suite 1600
Miami, FL  33133-1897

8:03-cv-01273     wlb

____   Stephanie G. Kolman, Esq.
Adorno & Yoss
2601 S. Bayshore Dr., Suite 1600
Miami, FL  33133-5413

8:03-cv-01273     wlb

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX          CASE NO. 8:03 CV 1273-T26EAJ
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

      Plaintiffs,

Vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSRUANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

      Defendants.

_____   _____/

## DEFENDANT PACIFIC LIFE & ANNUITY COMPANY'S
## NOTICE OF WITHDRAWING UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

COMES NOW the Defendant, PACIFIC LIFE & ANNUITY COMPANY ("Pacific

Life"), by and through its undersigned counsel and hereby withdraws its Unopposed

Motion for Enlargement of Time ("Motion for Enlargement of Time") (Dkt. No. 33) as



26

moot in light of this Court's September 16, 2003 Order granting Pacific Life an extension until October 11, 2003 within which to move, answer or otherwise respond to the Amended Complaint. (Dkt. No. 31).[1]

Respectfully submitted this _29_ day of September 2003.

Brett J. Preston
Florida Bar No. 603716
Mark J. Criser
Florida Bar No. 141496
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant
PACIFIC LIFE & ANNUITY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail on September 29, 2003 to:

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

Brett J. Preston

---

[1] Undersigned counsel has recently been retained as permanent counsel for Pacific Life in this action, and at the time of filing the Motion for Enlargement of Time was unaware that a motion for extension of time had previously been filed on behalf of Pacific Life by other counsel (Dkt. No. 24), and that this Court had granted the extension requested (Dkt. No. 31).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

03 SEP 25 PM 3: 54

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX            CASE NO. 8:03 CV 1273-T26EAJ
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

This motion/petition/application has been duly
considered and is hereby GRANTED/DENIED
this 2 7 day of SE PT , JCU3

     Plaintiffs,

Vs.

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSRUANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

03 SEP 29 AM 9: 26

FILED

     Defendants.

_____/

## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

     COMES NOW the Defendant, PACIFIC LIFE & ANNUITY COMPANY ("Pacific

Life"), by and through its undersigned attorneys, and, pursuant to Fed.R.Civ.P. 6(b),

SCANNED

moves this Court to enter an order enlarging the time in which Pacific Life may respond to the First Amended Complaint, and as grounds therefore would state:

1.    Pacific Life was served with the First Amended Complaint on August 22, 2003; its responsive pleading or motion was due to be served on or before September 11, 2003.

2.    Counsel for the parties have conferred, and agreed that it would be appropriate to allow Pacific Life to have addition time to respond to the First Amended Complaint in light of the complexity of this case.

3.    No prejudice would result from extending the time in which Pacific Life may respond to the First Amended Complaint.

4.    The grounds for this motion are more fully set forth in the accompanying memorandum of law.

WHEREFORE, the Defendant, Pacific Life & Annuity Company, respectfully requests this Court to enter an order extending its time to respond to the First Amended Complaint by 29 days, through and including October 10, 2003.

Brett J. Preston
Florida Bar No. 603716
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant
PACIFIC LIFE & ANNUITY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail on September 25, 2003 to:

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

Brett J. Preston

F I L E   C O P Y

Date Printed: 09/30/2003


Notice sent to:

        ____   Susan L. Lawson, Esq.
               Law Office of Susan L. Lawson
               230 E. Davis Blvd.
               Tampa, FL  33606

               8:03-cv-01273    wlb

        ____   Richard A. Bokor, Esq.
               Law Office of Richard A. Bokor
               230 E. Davis Blvd.
               Tampa, FL  33606

               8:03-cv-01273    wlb

        ____   Brett J. Preston, Esq.
               Hill, Ward & Henderson, P.A.
               101 E. Kennedy Blvd., Suite 3700
               P.O. Box 2231
               Tampa, FL  33601

               8:03-cv-01273    wlb



# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX                    CASE NO. 8:03 CV 1273-T26EAJ
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

        Plaintiffs,

Vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSRUANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

        Defendants.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

    Pursuant to Fed.R.Civ.P. 6(b), the Court has the discretion to enlarge the period

of time in which Pacific Life & Annuity must respond to the First Amended Complaint.  In

order to give Pacific Life adequate opportunity to analyze the case and its defenses, the

34

parties' attorneys have agreed that it would be appropriate to extend the time in which Pacific Life may serve its response to the First Amended Complaint, in light of the complexity of the case.

For these reasons, Pacific Life respectfully requests this Court to enter an order extending the time in which it may respond to the First Amended Complaint through and including October 10, 2003, and for such other relief as the Court deems just and proper.

Brett J. Preston
Florida Bar No. 603716
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant
PACIFIC LIFE & ANNUITY COMPANY

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail on September 25, 2003 to:

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

Brett J. Preston

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

*03 SEP 25 PM 3:54*

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX             CASE NO. 8:03 CV 1273-T26EAJ
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

      Plaintiffs,

Vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSRUANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

      Defendants.

_____/

## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

COMES NOW the Defendant, PACIFIC LIFE & ANNUITY COMPANY ("Pacific

Life"), by and through its undersigned attorneys, and, pursuant to Fed.R.Civ.P. 6(b),



*33*

moves this Court to enter an order enlarging the time in which Pacific Life may respond to the First Amended Complaint, and as grounds therefore would state:

1.     Pacific Life was served with the First Amended Complaint on August 22, 2003; its responsive pleading or motion was due to be served on or before September 11, 2003.

2.     Counsel for the parties have conferred, and agreed that it would be appropriate to allow Pacific Life to have addition time to respond to the First Amended Complaint in light of the complexity of this case.

3.     No prejudice would result from extending the time in which Pacific Life may respond to the First Amended Complaint.

4.     The grounds for this motion are more fully set forth in the accompanying memorandum of law.

WHEREFORE, the Defendant, Pacific Life & Annuity Company, respectfully requests this Court to enter an order extending its time to respond to the First Amended Complaint by 29 days, through and including October 10, 2003.

                                        _____
                                        Brett J. Preston
                                        Florida Bar No. 603716
                                        HILL, WARD & HENDERSON, P.A.
                                        101 East Kennedy Blvd., Suite 3700
                                        Post Office Box 2231
                                        Tampa, Florida 33601
                                        (813) 221-3900 (Telephone)
                                        (813) 221-2900 (Facsimile)
                                        Attorneys for Defendant
                                        PACIFIC LIFE & ANNUITY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail on September 25, 2003 to:

Susan L. Lawson, Esq.　　　　　　　　Richard A. Bokor, Esq.
Lawson & Associates, P.A.　　　　　　Richard A. Bokor, P.A.
230 East Davis Boulevard, Suite 200　230 East Davis Boulevard
Tampa, FL 33606　　　　　　　　　　　Tampa, FL 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

_____
Brett J. Preston

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**



ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C. d.b.a. COX                    CASE NO. 8:03 CV 1273-T26EAJ
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all
Individuals and associations similarly situated,

      Plaintiffs,

Vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSRUANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

      Defendants.
_____/

## RULE 7.1 DISCLOSURE

    COMES NOW the Defendant, Pacific Life & Annuity Company, and, pursuant to

Fed.R.Civ.P. 7.1, states:

32

Pacific Life & Annuity Company (an Arizona stock life insurance company) is a wholly owned subsidiary of Pacific Life Insurance Company (a California stock life insurance company).  Neither company has publicly traded shares.

Brett J. Preston
Florida Bar No. 603716
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant
PACIFIC LIFE & ANNUITY COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via U.S. Mail on September 25, 2003 to:

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Tampa, FL 33606

Clayton L. Davis, Esq.
Thomas P. LeBlanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, L.L.P.
501 Broad Street
Lake Charles, LA 70601

Brett J. Preston

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CASE NO. 803CV1273-T26EAJ

ELVIN D. BLACKWELL, D.C., d.b.a. BLACKWELL
CHIROPRACTIC CENTER, KEVIN D. COX, D.C., d.b.a.
COX CHIROPRACTIC INC.; HARRY L. DORSEY, D.C.,
d.b.a. DORSEY CHIROPRACTIC CLINIC; RICHARD R.
SHAKER, D.C., and STEVEN A. WILSON, D.C.,
D.A.B.C.N., P.A., CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals and
associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS BLUE
SHIELD ASSOCIATION, BLUE CROSS & BLUE SHIELD
OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY;
CIGNA CORPORATION; CONNECTICUT GENERAL LIFE
INSURANCE COMPANY; GREAT-WEST LIFE &
ANNUITY INSURANCE COMPANY; HUMANA INC.,
HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY),
HUMANA MEDICAL PLAN, INC.; PACIFIC LIFE &
ANNUITY COMPANY; PRINCIPAL LIFE INSURANCE
COMPANY; TRUSTMARK INSURANCE COMPANY;
UNITED HEALTHCARE INSURANCE COMPANY,
UNITED HEALTH GROUP INCORPORATED (Formerly
a.k.a. UNITED HEALTH CARE CORPORATION),

        Defendants.    _____ )

---

## ORDER GRANTING DEFENDANT PACIFIC LIFE & ANNUITY COMPANY'S
## AGREED MOTION FOR ENLARGEMENT OF TIME
## TO RESPOND TO FIRST AMENDED CLASS ACTION COMPLAINT

THIS MATTER came before the Court on Defendant Pacific Life & Annuity

Company's Agreed Motion for Enlargement of Time to respond to Plaintiffs' First



31

CASE No. 803CV1273-T26EAJ

Amended Class Action Complaint.  The Court having reviewed the motion and being otherwise duly advised in the premises, it is

ORDERED AND ADJUDGED that Defendant's Motion is **GRANTED**. Defendant Pacific Life & Annuity Company shall have up through and including October 11, 2003 within which to move, answer or otherwise respond to the Complaint.

DONE AND ORDERED in Chambers in Hillsborough County, Florida this _11_ day of September, 2003.

UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

2

F I L E   C O P Y

Date Printed: 09/17/2003


Notice sent to:

     ___  Susan L. Lawson, Esq.
          Law Office of Susan L. Lawson
          230 E. Davis Blvd.
          Tampa, FL  33606

          8:03-cv-01273   wlb

     ___  Richard A. Bokor, Esq.
          Law Office of Richard A. Bokor
          230 E. Davis Blvd.
          Tampa, FL  33606

          8:03-cv-01273    wlb

FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2003 SEP 15  PM 4: 05

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C.,
d.b.a. BLACKWELL CHIROPRACTIC
CENTER et al.

CASE NO.: 8:03-cv-1273-T26EAJ

        Plaintiffs,

vs.

AETNA INC., et al.

This motion/petition/application has been duly
considered and is hereby GRANTED/DENIED
this _17_ day of _Sept._, _2003_

RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

        Defendants.

_____/

## DEFENDANT TRUSTMARK INSURANCE COMPANY'S *UNOPPOSED* MOTION TO ENLARGE TIME TO RESPOND TO THE FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, TRUSTMARK INSURANCE COMPANY ("Trustmark"), through undersigned counsel, pursuant to Rule 6 of the Federal Rules of Civil Procedure, hereby moves for an enlargement of time to respond to the First Amended Class Action Complaint filed by the Plaintiffs, and in support thereof states as follows:

1.     On August 4, 2003, this Court stayed all proceedings pending final transfer of this action to ongoing multidistrict litigation proceedings in the Southern District of Florida.

2.     Trustmark was subsequently served with Plaintiffs' Complaint on August 25, 2003. Trustmark's response to the First Amended Class Action Complaint would ordinarily be due on September 15, 2003.



SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

CASE NO.: 8:03-cv-1273-T26EAJ

3.      The First Amended Class Action Complaint is 70 pages in length and seeks class action treatment of numerous claims (including RICO violations, conspiracy, breach of contract and others) against the defendants, including Trustmark, in an alleged far-reaching conspiracy.

4.      In light of the stay and potential transfer of this action, and given the complex nature of the First Amended Class Action Complaint, Trustmark seeks an enlargement of time to respond to the First Amended Class Action Complaint and a date certain upon which its response will be due. Therefore, Trustmark seeks an enlargement of time until ten days after the multidistrict litigation panel issues its final order regarding transfer to respond to the First Amended Class Action Complaint.

5.      The requested extension is not for purposes of delay, and will not prejudice the Plaintiffs in light of the stay of this action and potential transfer, and will preserve the resources of the Court and the parties.

6.      In compliance with Local Rule 3.01(g), counsel for Trustmark contacted counsel for Plaintiffs who agreed to the proposed enlargement.

WHEREFORE, Trustmark hereby requests an extension of time until ten days after the multidistrict litigation panel issues its final order regarding transfer to serve its response to the First Amended Class Action Complaint.

-2-

CASE NO.: 8:03-cv-1273-T26EAJ

Respectfully submitted,

SHUTTS & BOWEN, LLP
Attorneys for Defendant Trustmark
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
(305) 358-6300
(305) 381-9982

By: _____
    Jonathan Fordin (**Trial Counsel**)
    Florida Bar No. 371637
    Colleen A. Hoey
    Florida Bar No. 078964

-3-

CASE NO.: 8:03-cv-1273-T26EAJ

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by

U.S. Mail this ___ day of September 2003 to all persons on the attached service list.

Of Counsel

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606
*Counsel for Plaintiffs*

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606
*Counsel for Plaintiffs*

Clayton L. Davis, Esq.
Thomas P. Leblanc, Esq.
William M. Quinn, II, Esq.
Lundy & Davis, LLP
501 Broad Street
Lake Charles, Louisiana 70601
*Counsel for Plaintiffs*

Steven E. Siff, Esq.
McDermott, Will & Emery
201 South Biscayne Boulevard
Suite 2200
Miami, Florida 33131
*Counsel for Blue Cross & Blue Shield of Mississippi*

-4-

FILED

Tom Gallagher
Chief Financial Officer          DEPARTMENT OF FINANCIAL SERVICES          2003 SEP 15 PM 3:53

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

| | |
|---|---|
| ELVIN D. BLACKWELL, D.C., ET AL., | CASE #: 803CV1273-T26 |
| | COURT: UNITED STATES DISTRICT COURT |
| PLAINTIFF(S), | COUNTY: MIDDLE |
| | DOI-SOP#: 03-53800 |
| VS. | |
| AETNA INC., ET AL., | |
| DEFENDANT(S). | |

_____/

ALIAS SUMMONS, FIRST AMENDED CLASS ACTION COMPLAINT

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, received in my office by PROCESS SERVER
on the 12th day of August, 03, addressed to the Insurance Commissioner (as process agent or
agent for the insurer). A copy of said process was **SERVED by certified mail on the 22nd day
of August, 03.** from this office to:

CONNECTICUT GENERAL LIFE INSURANCE COMPANY
JOSEPHINE A MARCHETTI
CIGNA COMPANIES
900 COTTAGE GROVE ROAD
HARTFORD CT 06152-5026

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

Tom Gallagher
Chief Financial Officer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure Rule #1 080

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:

CLAYTON L. DAVIS, ESQUIRE
501 BROAD STREET                                                TAS
LAKE CHARLES LA 70601



Division of Legal Services - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544
Affirmative Action / Equal Opportunity Employer



**FILED**

Tom Gallagher
Chief Financial Officer

DEPARTMENT OF FINANCIAL SERVICES 2003 SEP 15 PM 3: 54

CLERK U.S. DISTRICT COURT

ELVIN D. BLACKWELL, D.C., ET AL.,

PLAINTIFF(S),

VS.

AETNA INC., ET AL.,

DEFENDANT(S).

CASE #:  03CV4 EXTD05 AJ
COURT:   UNITED STATES DISTRICT CO
COUNTY:  MIDDLE
DOI-SOP#: 03-53798

_____/

ALIAS SUMMONS, FIRST AMENDED CLASS ACTION COMPLAINT

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance Commissioner and Treasurer, received in my office by  PROCESS SERVER
on the 12th day of August, 03, addressed to the Insurance Commissioner (as process agent or agent for the insurer).  A copy of said process was  **SERVED by certified mail on the 22nd day of August, 03.**  from this office to:

    GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY
    RUTH B LURIE, LEGAL DEPARTMENT
    8515 E. ORCHARD ROAD
    ENGLEWOOD CO 80111

as resident agent for the named insurer according to my records; or mailed to said addressee as an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

Tom Gallagher
Chief Financial Officer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:

    CLAYTON L. DAVIS, ESQUIRE
    501 BROAD STREET
    LAKE CHARLES LA 70601

TAS



Division of Legal Services - Service of Process Section
200 East Gaines Street  - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544
Affirmative Action / Equal Opportunity Employer



FILED

2003 SEP 15 PM 3: 54

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

Tom Gallagher
Chief Financial Officer

DEPARTMENT OF FINANCIAL SERVICES

ELVIN D. BLACKWELL, D.C., ET AL.,

PLAINTIFF(S),

VS.

AETNA INC., ET AL.,

DEFENDANT(S).
_____/
ALIAS SUMMONS, FIRST AMENDED CLASS ACTION COMPLAINT

CASE #:   803CV1273-T26EAJ
COURT:    UNITED STATES DISTRICT CC
COUNTY:   MIDDLE
DOI-SOP#: 03-53803

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance Commissioner and Treasurer, received in my office by  PROCESS SERVER
on the 12th day of August, 03, addressed to the Insurance Commissioner (as process agent or agent for the insurer).  A copy of said process was  **SERVED by certified mail on the 22nd day of August, 03.**  from this office to:

    UNITED HEALTHCARE INSURANCE COMPANY
    BRIGID M SPICOLA
    300 OPUS CENTER, MN08-8313
    9900 BREN ROAD EAST
    MENNETONKA MN 55343

as resident agent for the named insurer according to my records; or mailed to said addressee as an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

Tom Gallagher
Chief Financial Officer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure. Rule #1.080

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:

    CLAYTON L. DAVIS, ESQUIRE
    501 BROAD STREET
    LAKE CHARLES LA 70601

                                              TAS




**FILED**

Tom Gallagher
Chief Financial Officer          DEPARTMENT OF FINANCIAL SERVICES

2003 SEP 15 PM 3: 54

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

| | |
|---|---|
| ELVIN D. BLACKWELL, D.C., ET AL., | **CASE #:** 803CV1273-T26EA5 |
| | **COURT:** UNITED STATES DISTRICT CC |
| PLAINTIFF(S), | **COUNTY:** MIDDLE |
| | **DOI-SOP#:** 03-53806 |
| VS. | |
| AETNA INC., ET AL., | |
| DEFENDANT(S). | |

ALIAS SUMMONS, FIRST AMENDED CLASS ACTION COMPLAINT

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, received in my office by  PROCESS SERVER
on the 12th day of August, 03, addressed to the Insurance Commissioner (as process agent or
agent for the insurer).  A copy of said process was  **SERVED by certified mail on the 22nd day
of August, 03.**  from this office to:

    PRINCIPAL LIFE INSURANCE COMPANY
    KAREN E SHAFF
    PRINCIPAL LIFE INSURANCE COMPANY
    711 HIGH STREET
    DES MOINES IA 50392-0100

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

Tom Gallagher
Chief Financial Officer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure  Rule #1.080

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:

    CLAYTON L. DAVIS, ESQUIRE
    501 BROAD STREET                                      TAS
    LAKE CHARLES LA 70601






FILED

Tom Gallagher
Chief Financial Officer          DEPARTMENT OF FINANCIAL SERVICES          2003 SEP 15 PM 3: 54

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., ET AL.,          CASE #:  803CV1273-T26EA5
                                           COURT:   UNITED STATES DISTRICT CC
PLAINTIFF(S),                              COUNTY:  MIDDLE
                                           DOI-SOP#: 03-53808
VS.

AETNA INC., ET AL.,

DEFENDANT(S).
                                          _____/
ALIAS SUMMONS, FIRST AMENDED CLASS ACTION COMPLAINT

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, received in my office by PROCESS SERVER
on the 12th day of August, 03, addressed to the Insurance Commissioner (as process agent or
agent for the insurer).  A copy of said process was **SERVED by certified mail on the 22nd day
of August, 03.**  from this office to:

    PACIFIC LIFE & ANNUITY COMPANY
    DAVID R CARMICHAEL
    PACIFIC LIFE INSURANCE COMPANY
    700 NEWPORT CENTER DRIVE
    NEWPORT BEACH CA 92660

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

                            Tom Gallagher
                            Chief Financial Officer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:

    CLAYTON L. DAVIS, ESQUIRE
    501 BROAD STREET                                                  TAS
    LAKE CHARLES LA 70601

Division of Legal Services - Service of Process Section
200 East Gaines Street  - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544
Affirmative Action / Equal Opportunity Employer





FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2003 SEP 11 PM 12: 48

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

CASE NO. 803CV1273-T26EAJ

ELVIN D. BLACKWELL, D.C., d.b.a. BLACKWELL
CHIROPRACTIC CENTER, KEVIN D. COX, D.C., d.b.a.
COX CHIROPRACTIC INC.; HARRY L. DORSEY, D.C.,
d.b.a. DORSEY CHIROPRACTIC CLINIC; RICHARD R.
SHAKER, D.C., and STEVEN A. WILSON, D.C.,
D.A.B.C.N., P.A., CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals and
associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS BLUE
SHIELD ASSOCIATION, BLUE CROSS & BLUE SHIELD
OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY;
CIGNA CORPORATION; CONNECTICUT GENERAL LIFE
INSURANCE COMPANY; GREAT-WEST LIFE &
ANNUITY INSURANCE COMPANY; HUMANA INC.,
HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY),
HUMANA MEDICAL PLAN, INC.; PACIFIC LIFE &
ANNUITY COMPANY; PRINCIPAL LIFE INSURANCE
COMPANY; TRUSTMARK INSURANCE COMPANY;
UNITED HEALTHCARE INSURANCE COMPANY,
UNITED HEALTH GROUP INCORPORATED (Formerly
a.k.a. UNITED HEALTH CARE CORPORATION),

        Defendants. _____ )

**DEFENDANT PACIFIC LIFE & ANNUITY COMPANY'S
AGREED MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Pacific Life & Annuity Company, pursuant to Federal Rule of Civil

Procedure 6(b), respectfully petitions this Court for an Order granting it a brief thirty day



GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE, MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com

AMSTERDAM  ATLANTA  BOCA RATON  BOSTON  CHICAGO  DENVER  FORT LAUDERDALE  LOS ANGELES  MIAMI  NEW JERSEY  NEW YORK  ORLANDO
PHILADELPHIA  PHOENIX  TALLAHASSEE  TYSONS CORNER  WASHINGTON, D.C.  WEST PALM BEACH  WILMINGTON  ZURICH

CASE NO. 803CV1273-T26EAJ

enlargement of time, up through and including October 11, 2003, within which to move, answer or otherwise respond to the First Amended Class Action Complaint.  As grounds for this Motion, Pacific Life & Annuity Company states:

1.     Plaintiffs have filed a thirteen count complaint which includes the assertion of a complex, multi-count RICO nationwide class action against fifteen different defendants.  Due to scheduling issues, as well as the fact that Pacific Life & Annuity Company requires this enlargement to have sufficient time to retain permanent counsel and to confer with counsel to prepare an appropriate response.

2.     Currently, Defendant Pacific Life & Annuity Company's response to this First Amended Class Action Complaint in due on September 11, 2003.

3.     Plaintiffs' counsel has been contacted, and Plaintiffs agree to the enlargement of time requested herein.

4.     This motion is made in good faith and no party will be prejudiced by the enlargement of time requested herein.  This motion is not being interposed for purposes of delay.

5.     Defendant Pacific Life & Annuity Company has included a proposed order with this Motion.

WHEREFORE, Defendant Pacific Life & Annuity Company respectfully requests that this enlargement of time, up through and including October 11, 2003, be granted.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500   FAX 305-579-0717   www.gtlaw.com
AMSTERDAM  ATLANTA  BOCA RATON  BOSTON  CHICAGO  DENVER  FORT LAUDERDALE  LOS ANGELES  MIAMI  NEW JERSEY  NEW YORK  ORLANDO
PHILADELPHIA  PHOENIX  TALLAHASSEE  TYSONS CORNER  WASHINGTON, D.C.  WEST PALM BEACH  WILMINGTON  ZURICH

CASE NO. 803CV1273-T26EAJ

Respectfully submitted,

_____

Hilarie Bass, Esq.
Florida Bar No. 334243
bassh@gtlaw.com
Mark P. Schnapp, Esq.
Florida Bar No. 501689
schnappm@gtlaw.com
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, FL 33131
Tel: (305) 579-0500
Fax: (305) 579-0717

Attorneys for Defendant
Pacific Life & Annuity Company

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE  MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
AMSTERDAM  ATLANTA  BOCA RATON  BOSTON  CHICAGO  DENVER  FORT LAUDERDALE  LOS ANGELES  MIAMI  NEW JERSEY  NEW YORK  ORLANDO
PHILADELPHIA  PHOENIX  TALLAHASSEE  TYSONS CORNER  WASHINGTON, D.C.  WEST PALM BEACH  WILMINGTON  ZURICH

CASE NO. 803CV1273-T26EAJ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Agreed Motion was served via U.S. mail this 10th day of September, 2003 to the following counsel:

Susan L. Lawson, Esq.
LAWSON & ASSOCIATES, P.A.
230 East Davis Boulevard, Suite 200
Tampa, FL 33606

Clayton L. Davis, Esq.
Thomas P. Leblanc, Esq.
William M. Quinn, II, Esq.
LUNDY & DAVIS, L.L.P.
501 Broad Street
Lake Charles, LA  70601

Richard A. Bokor, Esq.
RICHARD A. BOKOR, P.A.
230 East Davis Boulevard
Tampa, FL  33606

_____
HILARIE BASS

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE  MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
AMSTERDAM  ATLANTA  BOCA RATON  BOSTON  CHICAGO  DENVER  FORT LAUDERDALE  LOS ANGELES  MIAMI  NEW JERSEY  NEW YORK  ORLANDO
PHILADELPHIA  PHOENIX  TALLAHASSEE  TYSONS CORNER  WASHINGTON, D.C.  WEST PALM BEACH  WILMINGTON  ZURICH

**RETURN OF SERVICE AFFIDAVIT**

**FILED**

UNITED STATES DISTRICT COURT

CASE: 8:03-CV1273-T26EAJ

CIVIL DIVISION

2003 SEP 11 PM 2:48

ALIAS SUMMONS, AMENDED COMPLAINT

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D. BLACKWELL, DC, ET. SEQ.,

vs.

**WITNESS FEE $15.00**

AETNA INC., ET. AL.,

Pursuant to the request of The Plaintiff's Attorney, ,,. THORNTON PROCESS SERVICE, received this process on August 12, 2003 at 10:15 A.M.

I, WILLIAM T. VAUSE SECOND CIRCUIT, ID served same on <u>**GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY C/O FLORIDA INSURANCE COMMISSIONER**</u>, at 200 EAST GAINES STREET, TALLAHASSEE, FL 32399 on **AUGUST 12, 2003** at **03:20 P.M.**

**GOVERNMENT - AGENCY - PERSON**

By leaving a true copy of the above document(s), with the date and hour of service endorsed thereon by me to <u>**GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY C/O FLORIDA INSURANCE COMMISSIONER**</u> with a person then and there, authorized to accept service on behalf of said Government Agency - Person, to wit <u>**LULA KELLY**</u> as (Title) <u>AGENCY CLERK</u>.

The foregoing instrument was acknowledged before me this day by the process server who is personally known to me.
August 13th, 2003

**THORNTON PROCESS SERVICE**
**3214 SAMANTHA DRIVE**
**CANTONMENT, FL 32533**
**OFFICE (850) 478-3333**



NOTARY

WILLIAM T. VAUSE SECOND CIRCUIT, ID #30

**INDEX**   50649
**FILE NO** 03-1294

ROANNA WETHERINGTON
MY COMMISSION # CC 991955
EXPIRES: January 7, 2005
Bonded Thru Notary Public Underwriters



**SCANNED**

23

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

**ALIAS SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

William T. Vause
Certified Process Server ID#30
Second Judicial Circuit Florida
Date 8-12-03 Time 3:20PM

TO: (Name and address of Defendant)

Great-West Life & Annuity Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service Of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (L.A. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (L.A. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

JUL 3 1 2003

CLERK

DATE

DEPUTY CLERK

**RETURN OF SERVICE AFFIDAVIT**

FILED

**UNITED STATES DISTRICT COURT**

CASE: 8:03-CV1273-T26EA₩
CIVIL DIVISION

2003 SEP 11 PM 2:47

ALIAS SUMMONS, AMENDED COMPLAINT

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D. BLACKWELL, DC, ET. SEQ.,

vs.

WITNESS FEE $15.00

AETNA INC., ET. AL.,

Pursuant to the request of The Plaintiff's Attorney, ,,. THORNTON PROCESS SERVICE, received this process on August 12, 2003 at 10:15 A.M.

I, WILLIAM T. VAUSE SECOND CIRCUIT, ID served same on **CONNECTICUT GENERAL LIFE INSURANCE COMPANY C/O FLORIDA INSURANCE COMMISSIONER**, at 200 EAST GAINES STREET, TALLAHASSEE, FL 32399 on **AUGUST 12, 2003** at **03:20 P.M.**

**GOVERNMENT - AGENCY - PERSON**

By leaving a true copy of the above document(s), with the date and hour of service endorsed thereon by me to **CONNECTICUT GENERAL LIFE INSURANCE COMPANY C/O FLORIDA INSURANCE COMMISSIONER** with a person then and there, authorized to accept service on behalf of said Government Agency - Person, to wit **LULA KELLY** as (Title) AGENCY CLERK.

The foregoing instrument was
acknowledged before me this day
by the process server who is
personally known to me.
August 13th, 2003

**THORNTON PROCESS SERVICE**
**3214 SAMANTHA DRIVE**
**CANTONMENT, FL 32533**
**OFFICE (850) 478-3333**



**NOTARY**

WILLIAM T. VAUSE SECOND CIRCUIT, ID #30

**INDEX** 50650
**FILE NO** 03-1294

ROANNA WETHERINGTON
MY COMMISSION # CC 991955
EXPIRES: January 7, 2005
Bonded Thru Notary Public Underwriters



SCANNED

O 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of _____

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKEL, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

William T. Vause
Certified Process Server ID#30
Second Judicial Circuit Florida
Date 8-12-03 Time 3:20PM

**TO: (Name and address of Defendant)**

Connecticut General Life Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service Of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

_Liz Vasquez_

DEPUTY CLERK

JUL 1 2003

DATE

**RETURN OF SERVICE AFFIDAVIT**

FILED

**UNITED STATES DISTRICT COURT**

CASE: 8:03-CV1273-T26EAJ
CIVIL DIVISION

2003 SEP 11 PM 2:48

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ALIAS SUMMONS, AMENDED COMPLAINT

ELVIN D. BLACKWELL, DC, ET. SEQ.,

vs.

**WITNESS FEE $15.00**

AETNA INC., ET. AL.,

Pursuant to the request of The Plaintiff's Attorney, ,,. THORNTON PROCESS SERVICE, received this process on August 12, 2003 at 10:15 A.M.

I, WILLIAM T. VAUSE SECOND CIRCUIT, ID served same on **UNITED HEALTHCARE INSURANCE COMPANY C/O FLORIDA INSURANCE COMMISSIONER**, at 200 EAST GAINES STREET, TALLAHASSEE, FL 32399 on **AUGUST 12, 2003 at 03:20 P.M.**

**GOVERNMENT - AGENCY - PERSON**

By leaving a true copy of the above document(s), with the date and hour of service endorsed thereon by me to **UNITED HEALTHCARE INSURANCE COMPANY C/O FLORIDA INSURANCE COMMISSIONER** with a person then and there, authorized to accept service on behalf of said Government Agency - Person, to wit **LULA KELLY** as (Title) AGENCY CLERK.

The foregoing instrument was acknowledged before me this day by the process server who is personally known to me.
August 13th, 2003

**THORNTON PROCESS SERVICE**
**3214 SAMANTHA DRIVE**
**CANTONMENT, FL 32533**
**OFFICE (850) 478-3333**



**NOTARY**

**WILLIAM T. VAUSE SECOND CIRCUIT, ID #30**

**INDEX**   50646
**FILE NO** 03-1294



ROANNA WETHERINGTON
MY COMMISSION # CC 991955
EXPIRES: January 7, 2005
Bonded Thru Notary Public Underwriters

SCANNED

O 440 (Rev 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of _____

ELVIN D BLACKWELL, D C, d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D COX, D C, d b a, COX
CHIROPRACTIC INC : HARRY L. DORSEY,
D C, d.b.a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

            Plaintiffs.

vs.

AETNA INC., AETNA HEALTH, INC (Formerly d.b.a.
AETNA US HEALTHCARE, INC ); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY, CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY, GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY, HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY, TRUSTMARK
INSURANCE COMPANY, UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a k.a. UNITED HEALTH CARE CORPORATION).

## ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

William T. Vause
Certified Process Server ID#30
Second Judicial Circuit Florida
Date 8-12-03 Time 3:20PM

TO: (Name and address of Defendant)

United Healthcare Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service Of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

n answer to the complaint which is herewith served upon you, within _____ days after service of this
:mmons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
:lief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

**SHERYL L. LOESCH**

JUL  3 1 2003

CLERK

DATE

BY DEPUTY CLERK

**RETURN OF SERVICE AFFIDAVIT**

FILED

UNITED STATES DISTRICT COURT

CASE: 8:03-CV1273-T26EAJ
CIVIL DIVISION

2003 SEP 11 PM 2:48

ELVIN D. BLACKWELL, DC, ET. SEQ.,

vs.

AETNA INC., ET. AL.,

ALIAS SUMMONS, AMENDED COMPLAINT

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

**WITNESS FEE $15.00**

---

Pursuant to the request of The Plaintiff's Attorney, ,,. THORNTON PROCESS SERVICE, received this process on August 12, 2003 at 10:15 A.M.

I, WILLIAM T. VAUSE SECOND CIRCUIT, ID served same on **PRINCIPAL LIFE INSURANCE COMPANY C/O FLORIDA INSURANCE COMMISSIONER**, at 200 EAST GAINES STREET, TALLAHASSEE, FL 32399 on **AUGUST 12, 2003 at 03:20 P.M.**

**GOVERNMENT - AGENCY - PERSON**

By leaving a true copy of the above document(s), with the date and hour of service endorsed thereon by me to **PRINCIPAL LIFE INSURANCE COMPANY C/O FLORIDA INSURANCE COMMISSIONER** with a person then and there, authorized to accept service on behalf of said Government Agency - Person, to wit **LULA KELLY** as (Title) AGENCY CLERK.

The foregoing instrument was acknowledged before me this day by the process server who is personally known to me.
August 13th, 2003

**THORNTON PROCESS SERVICE**
**3214 SAMANTHA DRIVE**
**CANTONMENT, FL 32533**
**OFFICE (850) 478-3333**

**NOTARY**

**WILLIAM T. VAUSE SECOND CIRCUIT, ID #30**

**INDEX** 50647
**FILE NO** 03-1294



ROANNA WETHERINGTON
MY COMMISSION # CC 991955
EXPIRES: January 7, 2005
Bonded Thru Notary Public Underwriters

SCANNED



O 440 (Rev 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.), BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION, CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY, TRUSTMARK
INSURANCE COMPANY, UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

## ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

William T. Vause
Certified Process Server ID#30
Second Judicial Circuit Florida
Date 8-12-03 Time 3:20PM

TO: (Name and address of Defendant)

Principal Life Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.          LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.            CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
230 East Davis Boulevard, Suite 200   THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
Tampa, Florida 33606            WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
(813) 251-8879               501 Broad Street
(813) 251-5786 [FAX]           Lake Charles, Louisiana 70601
Fla. Bar No.: 139769            (337) 439-0707
Attorney For Plaintiffs           (337) 439-1029 [FAX]
                        Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH                JUL 31 2003

CLERK                       DATE

DEPUTY CLERK

**RETURN OF SERVICE AFFIDAVIT**

FILED

UNITED STATES DISTRICT COURT

CASE: 8:03-CV1273-T26EAJ

2003 SEP 11 PM 2:48

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ALIAS SUMMONS, AMENDED COMPLAINT

ELVIN D. BLACKWELL, DC, ET. SEQ.,

vs.

WITNESS FEE $15.00

AETNA INC., ET. AL.,

Pursuant to the request of The Plaintiff's Attorney, ,,. THORNTON PROCESS SERVICE,
received this process on August 12, 2003 at 10:15 A.M.

I, WILLIAM T. VAUSE SECOND CIRCUIT, ID served same on **PACIFIC LIFE & ANNUITY COMPANY
C/O FLORIDA INSURANCE COMMISSIONER**, at 200 EAST GAINES STREET, TALLAHASSEE, FL 32399
on **AUGUST 12, 2003** at **03:20 P.M.**

**GOVERNMENT - AGENCY - PERSON**

By leaving a true copy of the above document(s), with the date and hour of service
endorsed thereon by me to **PACIFIC LIFE & ANNUITY COMPANY C/O FLORIDA INSURANCE
COMMISSIONER** with a person then and there, authorized to accept service on behalf of said
Government Agency - Person, to wit **LULA KELLY** as (Title) AGENCY CLERK.

The foregoing instrument was                    **THORNTON PROCESS SERVICE**
acknowledged before me this day                 **3214 SAMANTHA DRIVE**
by the process server who is                    **CANTONMENT, FL 32533**
personally known to me.                         **OFFICE (850) 478-3333**
August 13th, 2003

_____                         _____
**NOTARY**                                       **WILLIAM T. VAUSE SECOND CIRCUIT, ID #30**

**INDEX**  50648
**FILE NO** 03-1294

ROANNA WETHERINGTON
MY COMMISSION # CC 991955
EXPIRES: January 7, 2005
Bonded Thru Notary Public Underwriters

SCANNED



O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY, CIGNA CORPORATION, CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

William T. Vause
Certified Process Server ID#30
Second Judicial Circuit Florida
Date 8-12-03 Time 3:20PM

TO: (Name and address of Defendant)

Pacific Life & Annuity Company
c/o: Tom Gallagher
Insurance Commissioner
Service of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.     LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**SHERYL L. LOESCH**      JUL 31 2003

CLERK

BY DEPUTY CLERK      DATE

## VERIFIED RETURN OF SERVICE

FILED

UNITED STATES DISTRICT COURT

CASE: 8:03-CV1273-T26EAJ
CIVIL DIVISION

2003 SEP 11 PM 2:48

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ALIAS SUMMONS, AMENDED COMPLAINT

ELVIN D. BLACKWELL, DC, ET. SEQ.,

vs.

AETNA INC., ET. AL.,

Pursuant to the request of The Plaintiff's Attorney, ,,. THORNTON PROCESS SERVICE, received this process on August 12, 2003 at 10:15 A.M.

I, WILLIAM T. VAUSE SECOND CIRCUIT, ID served same on **HUMANA MEDICAL PLAN, INC., C/O CORPORATION SERVICE COMPANY R.A.**, at 1201 HAYES STREET, TALLAHASSEE, FL 32301 on **AUGUST 12, 2003 at 01:15 P.M.**

### CORPORATE SERVICE

By serving a copy of the above document(s) to **CORPORATION SERVICE CO.** as **REGISTERED AGENT** or any employee of defendant corporation in the absence of any superior officer as defined in Florida Statute, Section 48.081 when defendant's corporation does not keep a registered agent present as required by F.S., Section 48.091.

### COMMENTS

DELIVERED TO: TINA MILLER, AUTHORIZED AGENT TO ACCEPT

Under penalties of perjury, I
declare that I have read the
forgoing document and that the facts
stated in it are true.
August 20th, 2003

**THORNTON PROCESS SERVICE**
**3214 SAMANTHA DRIVE**
**CANTONMENT, FL 32533**
**OFFICE (850) 478-3333**

WILLIAM T. VAUSE SECOND CIRCUIT, ID #30

**INDEX**   50882
**FILE NO** 03-1294





## AFFIDAVIT OF LOST ORIGINAL

UNITED STATES DISTRICT COURT

CASE: 8:03-CV1273-T26EAJ
CIVIL DIVISION

ELVIN D. BLACKWELL, DC, ET. SEQ.,

vs.

AETNA INC., ET. AL.,
_____/

The original Alias Summons, going to Humana Medical Plan, Inc., C/O Corporation
Service Company R.A. has been lost.

The foregoing instrument was acknowledged
before me this 08/20/03
by _William T. Vayse_____
who is personally known to me.

SIGNATURE _____

_____
NOTARY PUBLIC

ROANNA WETHERINGTON
MY COMMISSION # CC 991955
EXPIRES: January 7, 2005
Bonded Thru Notary Public Underwriters

**RETURN OF SERVICE AFFIDAVIT**

FILED

**UNITED STATES DISTRICT COURT**

CASE: 8:03-CV1273-T26EAJ
CIVIL DIVISION
2003 SEP 11 PM 2:48
CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ALIAS SUMMONS, AMENDED COMPLAINT

ELVIN D. BLACKWELL, DC, ET. SEQ.,

vs.

AETNA INC., ET. AL.,

Pursuant to the request of The Plaintiff's Attorney, ,,. THORNTON PROCESS SERVICE,
received this process on August 12, 2003 at 10:15 A.M.

I, WILLIAM T. VAUSE SECOND CIRCUIT, ID served same on **HUMANA INSURANCE COMPANY C/O
CORPORATION SERVICE COMPANY R.A.**, at 1201 HAYES STREET, TALLAHASSEE, FL 32301 on
**AUGUST 12, 2003 at 01:15 P.M.**

**CORPORATE SERVICE**

By serving a copy of the above document(s) to **CORPORATION SERVICE CO.** as **REGISTERED
AGENT** or any employee of defendant corporation in the absence of any superior officer as
defined in Florida Statute, Section 48.081 when defendant's corporation does not keep a
registered agent present as required by F.S., Section 48.091.

**COMMENTS**

DELIVERED TO: TINA MILLER, AUTHORIZED AGENT TO ACCEPT

The foregoing instrument was          **THORNTON PROCESS SERVICE**
acknowledged before me this day       **3214 SAMANTHA DRIVE**
by the process server who is          **CANTONMENT, FL 32533**
personally known to me.               **OFFICE (850) 478-3333**
August 13th, 2003



**NOTARY**                            WILLIAM T. VAUSE SECOND CIRCUIT, ID #30

**INDEX**  50614
**FILE NO** 03-1294



ROANNA WETHERINGTON
MY COMMISSION # CC 991955
EXPIRES: January 7, 2005
Bonded Thru Notary Public Underwriters

# SCANNED

O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d b a. COX
CHIROPRACTIC INC., HARRY L. DORSEY,
D.C., d b a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

              Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d b a.
AETNA US HEALTHCARE, INC.), BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION, CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY, HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY, TRUSTMARK
INSURANCE COMPANY, UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

## ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ



TO: (Name and address of Defendant)

        Humana Insurance Company
        c/o Registered Agent
        Corporation Service Company
        1201 Hays Street, Suite 105
        Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

    SUSAN L. LAWSON, Esq.
    230 East Davis Boulevard, Suite 200
    Tampa, Florida 33606
    (813) 251-8879
    (813) 251-5786 [FAX]
    Fla. Bar No.: 139769
    Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

    CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
    THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
    WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
    501 Broad Street
    Lake Charles, Louisiana 70601
    (337) 439-0707
    (337) 439-1029 [FAX]
    Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK _____

BY DEPUTY CLERK

DATE _____

        1 2003

FILED

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

2003 SEP 11 PM 2: 48

District of

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C. d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC., HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION. BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

TO: (Name and address of Defendant)

Trustmark Insurance Company
c/o: Registered Agent
Roy Liddell
317 E. Capitol Street, Suite 600
Jackson, MS 39201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.          LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

CLERK

JUL 31 2003
DATE

BY DEPUTY CLERK    Ana Vasquez

# SCANNED

16

Friday, August 22, 2003 8:00 AM    TAMMIE THORNTON (850) 478-3444    p 03

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 8-25-03 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Davy Keith | Process Server |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the third-party defendant. Place where    317 E Capital St.
   Suite 600, Jackson MS 39201

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed   8-25-03
        Date             *Signature of Server*

            *Address of Server*

**Thornton Process Service**
**3214 Samantha Drive**
**Cantonment, FL 32533**

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

SAO 440  (Rev  10/93) Summons in a Civil Action

**FILED**

# UNITED STATES DISTRICT COURT

District of _____

2003 SEP 11  PM 2: 48

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D  BLACKWELL, D C , d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D  COX, D C , d b a  COX
CHIROPRACTIC INC , HARRY L  DORSEY,
D C , d b a  DORSEY CHIROPRACTIC CLINIC,
RICHARD R  SHAKER, D C , P A  and
STEVEN A  WILSON, D C , D.A.B.C.N., P A , ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA,  individually and on behalf of all individuals
and associations similarly situated,

SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

             Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

**TO: (Name and address of Defendant)**

United Health Group Incorporated
c/o: Registered Agent
CT Corporation Systems, Inc.
401 2nd Ave. S.
Suite 454
Minneapolis, MN 55401

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.          LUNDY & DAVIS, L.L.P.

    SUSAN L. LAWSON, Esq.                      CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
    230 East Davis Boulevard, Suite 200        THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
    Tampa, Florida 33606                              WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
    (813) 251-8879                                        501 Broad Street
    (813) 251-5786 [FAX]                              Lake Charles, Louisiana 70601
    Fla. Bar No.: 139769                              (337) 439-0707
    Attorney For Plaintiffs                            (337) 439-1029 [FAX]
                                        Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

JUL 31 2003

CLERK

By) DEPUTY CLERK

SCANNED



AO 440  (Rev. 10/93) Summons in a Civil Action

FILED

# UNITED STATES DISTRICT COURT

District of

2003 SEP 11  PM 2:48

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA,  individually and on behalf of all individuals
and associations similarly situated,

SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

                Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY); HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

TO: (Name and address of Defendant)

Humana Inc.
c/o: Registered Agent
Corporation Service Company
2711 Centerville Road
Wilmington, DE 19808

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.                    LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.                         CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
230 East Davis Boulevard, Suite 200           THOMAS P. LEBLANC, ESQ. (LA. Bar No. 25652)
Tampa, Florida 33606                          WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
(813) 251 9879                                501 Broad Street
(813) 251-5786 [FAX]                          Lake Charles, Louisiana 70601
Fla. Bar No.: 139769                          (337) 439-0707
Attorney For Plaintiffs                       (337) 439-1029 [FAX]
                                              Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
ief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
er service.

SHERYL L. LOESCH                              JUL 31 2003

ERK                                          DATE

DEPUTY CLERK

SCANNED

# RETURN OF SERVICE

*ALIAS          *FIRST AMENDED CLASS ACTION

Service of the *Summons and Complaint* was made by me          DATE:          8/14/03

NAME OF SERVER (PRINT)                         TITLE:

DENORRIS BRITT                                 Private Process Server

**Check one box below to indicate appropriate method of service**

Served personally upon the defendant.  Place where served:

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of the person with whom the summons and complaint were left:

Returned unexecuted:

XX    Other (specify):   served HUMANA INC., by serving its registered agent in the State of Delaware CORPORATION SERVICE CO, at 2711 Centerville Road, Suite 400, Wilmington, DE  19808: copies were received by Mary Messina, Process Agent, who was authorized to receive service thereof

## STATEMENT OF SERVICE FEES

TRAVEL                              SERVICES                              TOTAL

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on      8/14/03
                 Date:                    Signature of Server

                 PO BOX 1360 WILMINGTON DE 19899

                 Address of Server

**Thornton Process Service**
**3214 Samantha Drive**
**Cantonment, FL 32533**

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## District of

_____

ELVIN D. BLACKWELL, D.C., d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA,  individually and on behalf of all individuals
and associations similarly situated,

          Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

**ALIAS SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

9-11-03  ug

TO: (Name and address of Defendant)

CIGNA Corporation
c/o: Registered Agent
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.              LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.
220 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723);
THOMAS D. LECLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH                    JUL 3 1 2003

CLERK                                DATE

_Lig Vasquez_

(BY) DEPUTY CLERK

# SCANNED

# RETURN OF SERVICE

**FILED**

*alias                     * first AMENDED class action
Service of the Summons* and Complaint* was made by me     DATE:     8/14/03 **2003 SEP 11  PM 2:47**

| NAME OF SERVER (PRINT) | TITLE: |
|---|---|
| Barry Eveland | **CLERK U.S. DISTRICT COURT TAMPA, FLORIDA** Private Process Server |

---

**Check one box below to indicate appropriate method of service**

Served personally upon the defendant.  Place where served: _____

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of the person with whom the summons and complaint were left: _____

Returned unexecuted: _____

✖ Other (specify):     served Cigna Corporation.. C/O CORPORATION TRUST CO 1209 ORANGE ST. WILMINGTON DE 19801:  copies thereof WERE ACCEPTED BY GREGORY BORGESE, who was authorized to receive service on its behalf ___

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| -0- | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   08/14/03
                     Date:                          Signature of Server   BARRY EVELAND
                                                     **BRANDYWINE PROCESS SERVERS, LTD.**
                                                     **P. O. BOX 1360 – WILMINGTON, DE  19899**
                                                     **(302) 475 - 2600**
                                                     Address of Server

SWORN TO BEFORE ME THIS 6th DAY OF AUGUST 2003

_____
NOTARY PUBLIC

**Thornton Process Service**
**3214 Samantha Drive**
**Cantonment, FL 32533**

 440 (Rev. 10/93) Summons in a Civil Action

**FILED**

# UNITED STATES DISTRICT COURT

District of

2003 SEP 11  PM 2: 47

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE    TO: (Name and address of Defendant)
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

Blue Cross & Blue Shield Of Mississippi,
A Mutual Insurance Company
c/o: Registered Agent
Warren C. Dorsey, Jr.
3545 Lakewood Drive
Flowood, MS 39208

### YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.          LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.                    CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
230 East Davis Boulevard, Suite 200      THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
Tampa, Florida 33606                     WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
(813) 251-8879                           501 Broad Street
(813) 251-5786 [FAX]                     Lake Charles, Louisiana 70601
Fla. Bar No.: 139769                     (337) 439-0707
Attorney For Plaintiffs                  (337) 439-1029 [FAX]
                                         Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____days after service of this
ons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
service.

## SHERYL L. LOESCH

JUL 3 1 2003

*Sig Vasquez*

DEPUTY CLERK

# SCANNED



AO 440 (Rev. 10/93) Summons in a Civil Action

**FILED**

# UNITED STATES DISTRICT COURT

District of

2003 SEP 11 PM 2: 47

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

**SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY, TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

TO: (Name and address of Defendant)

Blue Cross Blue Shield Association
c/o: Registered Agent
The Corporation Trust Incorporated
300 E. Lombard St.
Baltimore, MD, 21202

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 25832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

JUL 31 2003

*[signature]* Liz Vasquez

DATE

**SCANNED**

AO 440 (Rev 10/93) Summons in a Civil Action

**FILED**

# UNITED STATES DISTRICT COURT

District of _____

2003 SEP 1 ? PM 2: 47

CLERK U.S. DISTRICT COURT
ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER;
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

TO: (Name and address of Defendant)

Aetna Health, Inc.
c/o: Registered Agent
CT Corporation Systems
1200 S. Pine Island Rd.
Plantation, Florida 33324

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.     LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard. Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No. 139769
Attorney For Plaintiffs

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

n answer to the complaint which is herewith served upon you, within _____ days after service of this
ummons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
lief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
er service.

SHERYL L. LOESCH

JUL 9 1 2003

CLERK

Siz Vasquez

DATE

(BY) DEPUTY CLERK

## SCANNED



AO 440 (Rev. 5/85) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

**FILED**

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER;
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

          Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

**SUMMONS IN A CIVIL CASE**

2003 SEP 11 PM 2:47

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

CASE NO.: 803CV1273-T26EAS

TO: (Name and address of Defendant)

Aetna Inc.
c/o: Registered Agent
CT Corporation System
1 Commercial Plaza
Hartford, CT 06103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

JUL 31 2003

*[signature]* Liz Vasquez

# SCANNED

9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.  8:03-CV-1273-T26EAJ

ELVIN D. BLACKWELL, D.C., d.b.a BLACKWELL
CHIROPRACTIC CENTER; KEVIN D. COX, D.C.
d.b.a COX CHIROPRACTIC INC.; HARRY L.
DORSEY, D.C. d.b.a. DORSEY CHIROPRACTIC
CLINIC; RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.;
CHIROPRACTIC ASSOCIATION OF LOUISIANA
individually and on behalf of all individuals and
associations similarly situated,

     Plaintiffs,

v.

AETNA, INC., AETNA HEALTH, INC.
(Formerly d.b.a. AETNA US HEALTHCARE, INC.);
BLUE CROSS BLUE SHIELD ASSOCIATION,
BLUE CROSS & BLUE SHIELD OF MISSISSIPPI,
A MUTUAL INSURANCE COMPANY; CIGNA
CORPORATION; CONNECTICUT GENERAL LIFE
INSURANCE COMPANY; GREAT-WEST LIFE &
ANNUITY INSURANCE COMPANY; HUMANA INC.,
HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY),
HUMANA MEDICAL PLAN, INC.; PACIFIC LIFE &
ANNUITY COMPANY; PRINCIPAL LIFE INSURANCE
COMPANY; TRUSTMARK INSURANCE COMPANY;
UNITED HEALTHCARE INSURANCE COMPANY,
UNITED HEALTH GROUP INCORPORATED (Formerly
a.k.a. UNITED HEALTH CARE CORPORATION),

     Defendants.
_____/



This motion/petition/application has been duly
considered and is hereby GRANTED/DENIED
this ___ day of _____, ____.

_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

03 SEP -3   PM 8:06

FILED

SCANNED

MIA 275119-1 067584 0011

## BLUE CROSS & BLUE SHIELD OF MISSISSIPPI'S
## *UNOPPOSED* MOTION FOR ENLARGEMENT OF TIME TO
## RESPOND TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company ("BCBSM"), by and through its attorneys McDermott, Will & Emery, pursuant to Rule 6 of the Federal Rules of Civil Procedure, hereby moves for a thirty (30) day enlargement of time to respond to the First Amended Class Action Complaint (the "Amended Complaint") filed by the Plaintiffs and, in support thereof, states as follows:

1.      BCBSM was served with Plaintiffs' Amended Complaint, and BCBSM's response to the Amended Complaint is currently due on September 4, 2003.

2.      The Amended Complaint is 70 pages in length, and it asserts numerous claims against multiple defendants including BCBSM.  Given the complex nature of the allegations against the defendants, additional time is required for counsel to assess the allegations and prepare a response.

3.      The requested extension is not for purposes of delay, and a 30-day extension will not prejudice the Plaintiffs.  The interests of justice dictate that BCBSM be given a full opportunity to assess the Amended Complaint filed by the Plaintiffs and to assert its defenses.

4.      In compliance with Local Rule 3.01(g), counsel for BCBSM has conferred with counsel for the Plaintiffs concerning the relief requested herein, and Plaintiffs' counsel has agreed to the thirty (30) day enlargement of time sought herein.

WHEREFORE, BCBSM hereby requests an additional thirty (30) days (i.e., until October 6, 2003) in which to serve a response, by pleading or motion, to the Amended Complaint.

McDERMOTT, WILL & EMERY

By: _____
      Steven E. Siff (Trial Counsel)
      Florida Bar No. 352330
      Bryan T. West
      Florida Bar No. 0083526
      201 South Biscayne Boulevard
      Suite 2200
      Miami, Florida 33131
      Tel: (305) 358-3500
      Fax: (305) 347-6500

      *Attorneys for Blue Cross & Blue*
       *Shield of Mississippi*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on

the Plaintiffs' attorneys listed below via regular U.S. Mail this ___3d___ day of September,

2003.

For    Steven E. Siff

Susan L. Lawson, Esq.
Lawson & Associates, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606

Richard A. Bokor, Esq.
Richard A. Bokor, P.A.
230 East Davis Boulevard
Suite 200
Tampa, Florida 33606


Clayton L. Davis, Esq.
Thomas P. Leblanc, Esq.
William M. Quinn, II, Esq.
501 Broad Street
Lake Charles, Louisiana 70601

F I L E   C O P Y

Date Printed: 09/08/2003


Notice sent to:

        ___  Susan L. Lawson, Esq.
              Law Office of Susan L. Lawson
              230 E. Davis Blvd.
              Tampa, FL  33606

              8:03-cv-01273   bls

        ___  Richard A. Bokor, Esq.
              Law Office of Richard A. Bokor
              230 E. Davis Blvd.
              Tampa, FL  33606

              8:03-cv-01273   bls



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ELVIN D. BLACKWELL, D.C. d/b/a
BLACKWELL CHIROPRACTIC CENTER,
et al.,

       Plaintiffs,

v.                                                    CASE NO: 8:03-cv-1273-T-26EAJ

AETNA INC., AETNA HEALTH, INC.,
(formerly d/b/a AETNA U.S. HEALTHCARE,
INC.), et al.,

       Defendants.
_____/

## O R D E R

The Court has received a copy of a conditional transfer order issued by the Judicial

Panel on Multidistrict Litigation on July 29, 2003, conditionally transferring this case to

the Southern District of Florida pursuant to 28 U.S.C. § 1407 in connection with In re

Managed Care Litigation.  In view of that fact, and given the strong probability that this

case will be unconditionally transferred in the very near future, the Court is of the opinion

that this case should be stayed immediately and administratively closed in order to

preserve client and judicial resources.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1)      All proceedings in this case are stayed pending final transfer to the Southern District of Florida.

2)      The Clerk is directed to administratively close this case during the period of the stay.

3)      The parties shall notify this Court of the status of the case in the event the case has not been finally transferred to the Southern District of Florida within 60 days of the date of the entry of this order.

**DONE AND ORDERED** at Tampa, Florida, on August 4, 2003.

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

-2-

Date Printed: 08/05/2003


Notice sent to:

       ____   Susan L. Lawson, Esq.
             Law Office of Susan L. Lawson
             230 E. Davis Blvd.
             Tampa, FL  33606

             8:03-cv-01273    wlb

       ____   Richard A. Bokor, Esq.
             Law Office of Richard A. Bokor
             230 E. Davis Blvd.
             Tampa, FL  33606

             8:03-cv-01273    wlb

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

FILED

03 AUG -4 AM 8: 04

~~...~~ ~~....~~ ~~...~~ OF FLORIDA
TAMPA, FLORIDA

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY, D.C.,
d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
individually and on behalf of all individuals
and associations similarly situated,

CASE NO.: 803CV1273-T26EAJ

       Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

       Defendants.

_____/

## ORDER OF SPECIAL ADMISSION TO PRACTICE

HAVING CONSIDERED the Rule 2.02 Written Designation and Consent to Act for

Non-Resident Counsel submitted by Susan L. Lawson, Esquire, Lawson & Associates, P.A., 230

East Davis Boulevard, Suite 200, Tampa, Florida 33606, and Richard A. Bokor, Esquire,

Richard A. Bokor, Esquire , P.A., 230 East Davis Boulevard, Tampa, Florida 33606, pursuant to Rule 2.02 of the Local Rules of the United States District Court, Middle District of Florida, and finding same to be in compliance with this Court's rules;

IT IS HEREBY ORDERED that, pursuant to and in accordance with Rule 2.02 of the Local Rules of this Court, Clayton A.L. Davis, Esquire , Thomas P. LeBlanc, Esquire and William H. Quinn, II, Esquire of the law firm Lundy & Davis, L.L.P., 501 Broad Street, Lake Charles, Louisiana, 70601, be, and the same hereby are, granted special admission to practice before this Honorable Court as co-counsel for the plaintiffs in the above-captioned matter.

Tampa, Florida, this _____ day of _____, 2003.


HONORABLE RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

Date Printed: 08/04/2003


Notice sent to:

      ____   Susan L. Lawson, Esq.
             Law Office of Susan L. Lawson
             230 E. Davis Blvd.
             Tampa, FL  33606

             8:03-cv-01273    wlb

      ____   Richard A. Bokor, Esq.
             Law Office of Richard A. Bokor
             230 E. Davis Blvd.
             Tampa, FL  33606

             8:03-cv-01273    wlb



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELVIN D. BLACKWELL, D.C., d.b.a                    CASE NO.: 803CV1273-T26EAJ
BLACKWELL CHIROPRACTIC CENTER;
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY
L. DORSEY, D.C., d.b.a. DORSEY CHIROPRACTIC
CLINIC; RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.;
CHIROPRACTIC ASSOCIATION OF LOUISIANA
individually and on behalf of all individuals
and associations similarly situated,

       Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

      Defendants.
_____/

**AFFIDAVIT OF COUNSEL FOR**
**PLAINTIFFS SHOWING GOOD CAUSE WHY**
**ALIAS SUMMONS FORMS SHOULD BE ISSUED**

5

NOW COME, Susan L. Lawson, Esquire and Richard A. Bokor, Esquire, counsel for Plaintiffs, showing good cause why Alias Summons forms should be issued and who in support thereof state as follows:

1.   That the instant lawsuit was filed on or about June 19, 2003.

2.   That at the time that the instant lawsuit was filed, the Clerk of the Court issued Summons forms for service of the instant lawsuit for all of the Defendants listed in the caption of said lawsuit except AETNA INC., BLUE CROSS BLUE SHIELD ASSOCIATION, HUMANA INC., UNITED HEALTH GROUP INCORPORATED and TRUSTMARK INSURANCE COMPANY which has been added as an additional Defendant in Plaintiffs' Amended Complaint.

3.   That subsequent to the time that the instant lawsuit was filed, KEVIN D. COX, D.C., d.b.a. COX CHIROPRACTIC INC. and CHIROPRACTIC ASSOCIATION OF LOUISIANA, have been added as additional Plaintiffs in Plaintiffs' Amended Complaint.

4.   That as a result of the filing of said Amended Complaint which adds TRUSTMARK INSURANCE COMPANY as a named Defendant and KEVIN D. COX, D.C., d.b.a. COX CHIROPRACTIC INC. and CHIROPRACTIC ASSOCIATION OF LOUISIANA as named Plaintiffs, the original Summons forms need to be re-issued.

5.   That the original Summons forms issued by the Clerk of the Court for Defendants HUMANA INSURANCE COMPANY, HUMANA MEDICAL PLAN, INC., PACIFIC LIFE & ANNUITY COMPANY, PRINCIPAL LIFE INSURANCE COMPANY and UNITED HEALTHCARE INSURANCE COMPANY are attached hereto as Plaintiff's composite Exhibit "A".

6.     That the secretary of co-counsel Richard A. Bokor, Esquire inadvertently destroyed the original summons forms for Defendants AETNA HEALTH, INC., BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY, CIGNA CORPORATION, CONNECTICUT GENERAL LIFE INSURANCE COMPANY and GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY but copies of the said Summons forms are attached hereto as part of Plaintiff's composite Exhibit "A".

Further affiants sayeth not.

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

BEFORE ME personally appeared Susan L. Lawson, Esquire and Richard A. Bokor, Esquire, who are well known to me to be the persons described herein and who executed the foregoing Affidavit and who acknowledged to and before me that all of the facts and things contained therein are true and correct to the best of their knowledge and belief.

SWORN TO AND SUBSCRIBED before me this 30th day of July, 2003.

_Ronald J. York, Sr._
Notary Public

RONALD J. YORK, SR.
MY COMMISSION # DD 114659
EXPIRES: May 5, 2006
Bonded Thru Notary Public Underwriters

_Susan L. Lawson_
SUSAN L. LAWSON, ESQUIRE
Lawson & Associates, P.A.
230 E. Davis Blvd.
Suite 200
Tampa, Florida 33606
FBN: 139769
TX: (813) 251-8879
FAX: (813) 251-5786
ATTORNEY FOR PLAINTIFFS

_Richard A. Bokor_
RICHARD A. BOKOR, ESQUIRE
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, Florida 33606
FBN: 106580
TX: (813) 251-1000
FAX: (813) 254-6327
ATTORNEY FOR PLAINTIFFS

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | FLORIDA |

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

                **Plaintiffs,**
                **V.**

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

                **Defendants.**

**SUMMONS IN A CIVIL CASE**

**CASE**

8.03 CV 1273-T26 EAJ

TO: (Name and address of Defendant)

    Aetna Health, Inc.
    c/o Registered Agent
    CT Corporation Systems
    1200 S. Pine Island Rd.
    Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL  33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within ___20 (Twenty)___ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

CLERK

By) DEPUTY CLERK

JUN 1 8 2003

DATE

O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| __MIDDLE__ | District of | __FLORIDA__ |

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

                    **Plaintiffs,**
                    **V.**

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross & **CASE**
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

                    **Defendants.**

## SUMMONS IN A CIVIL CASE

8:03 CV 1273-T26EA)

**TO:** (Name and address of Defendant)

Blue Cross & Blue Shield of Mississippi, **A**
Mutual Insurance Company
c/o: Registered Agent
Warren C. Dorsey, Jr.
3545 Lakewood Drive
Flowood, MS 39208

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL 33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within __20 (Twenty)__ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

### SHERYL L. LOESCH

CLERK

By) DEPUTY CLERK

440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  MIDDLE  | District of | FLORIDA |
| --- | --- | --- |

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

                    Plaintiffs,
                        v.

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

                    Defendants.

**SUMMONS IN A CIVIL CASE**

CASE

8:03 CV 1273 -T26 EAJ

TO: (Name and address of Defendant)
Cigna Corporation
c/o: Registered Agent
CT Corporation
1200 S. Pine Island Rd.
Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL  33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within    20 (Twenty)    days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

CLERK

BY DEPUTY CLERK

.O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____MIDDLE_____     District of     _____FLORIDA_____

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

        Plaintiffs,

        **V.**

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

        Defendants.

**SUMMONS IN A CIVIL CASE**

8:03 CV 1273 - T26 EAJ

CASE

**TO:** (Name and address of Defendant)   Connecticut General Life Insurance Company
    c/o: Tom Gallagher
    Insurance Commissioner
    Service of Process Division
    Post Office Box 6200
    Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL 33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within ____20 (Twenty)____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

CLERK

BY DEPUTY CLERK

O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| __MIDDLE__ | District of | FLORIDA |

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

Plaintiffs,
V.

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross & CASE
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

Defendants.

**SUMMONS IN A CIVIL CASE**

8:03 CV 1273 - T26EAJ

TO: (Name and address of Defendant)   Great-West Life & Annuity Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service of Process Division
Post Office Box 6200
Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL  33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL  33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within    20 (Twenty)    days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH                                    JUN 1 8 2003

CLERK

BY DEPUTY CLERK

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>             District of             <u>FLORIDA</u>

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

        Plaintiffs,
            V.                       **SUMMONS IN A CIVIL CASE**
                                    $8:03 CV 1273· T26EAJ$
Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross & CASE
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

        Defendants.

**TO:** (Name and address of Defendant)  Humana Insurance Company
                                         c/o: Registered Agnet
                                         Corporation Service Company
                                         1201 Hayes St. Suite 105
                                         Tallahassee, FL 32301


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire          Susan L. Lawson, Esquire
Richard A. Bokor, P.A.             Lawson & Associates, P.A.
230 E. Davis Blvd.                 230 E. Davis Blvd., Ste. 200
Tampa, FL 33606                    Tampa, FL 33606
813-251-1000                       813-251-8879
813-254-6327 (fax)                 813-251-5786 (fax)
FBN# 106580                        FBN# 139769
Attorney for Plaintiff             Attorney for Plaintiff


an answer to the complaint which is herewith served upon you, within    20 (Twenty)     days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.


SHERYL L. LOESCH                          JUN 1 8 2003

CLERK                                     DATE

By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

MIDDLE    District of    FLORIDA

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

Plaintiffs,
v.

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

Defendants.

**SUMMONS IN A CIVIL CASE**

CASE

8:03 CV 1273-T26 EAJ



TO: (Name and address of Defendant)

Humana Medical Plan, Inc.
c/o: Registered Agent
Corporation Service Company
1202 Hayes Street
Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL  33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within    20 (Twenty)    days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SHERYL L. LOESCH

JUN 1 8 2003

CLERK

By) DEPUTY CLERK

DATE

O 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | FLORIDA |

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

Plaintiffs,
V.

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

Defendants.

**SUMMONS IN A CIVIL CASE**

8:03 CV 1273 - T 26 EAJ

CASE

TO: (Name and address of Defendant)

Pacific Life & Annuity Company
c/o: Tom Gallagher
      Insurance Commissioner
      Service of Process Division
      Post Office Box 6200
      Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL 33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within ___20 (Twenty)___ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESON

CLERK

By) DEPUTY CLERK

DATE    JUN 1 8 2003

) 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____MIDDLE_____   District of   _____FLORIDA_____

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

           Plaintiffs,
                V.                      **SUMMONS IN A CIVIL CASE**
Aetna Health,Inc. (Formerly d.b.a.     8:03 CV 1273 - TJ6 EAJ
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &   CASE
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al.,

           Defendants.

TO: (Name and address of Defendant)   Principal Life Insurance Company
                                      c/o: Tom Gallagher
                                           Insurance Commissioner
                                           Service of Process Division
                                           Post Office Box 6200
                                           Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire        Susan L. Lawson, Esquire
Richard A. Bokor, P.A.           Lawson & Associates, P.A.
230 E. Davis Blvd.               230 E. Davis Blvd., Ste. 200
Tampa, FL  33606                 Tampa, FL  33606
813-251-1000                     813-251-8879
813-254-6327 (fax)               813-251-5786 (fax)
FBN# 106580                      FBN# 139769
Attorney for Plaintiff           Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within   __20 (Twenty)__   days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

SHERYL L. LOESCH                          JUN 1 8 2003
_____          _____
CLERK                                     DATE

_____
By) DEPUTY CLERK

〉440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>     District of     <u>FLORIDA</u>

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

        Plaintiffs,
           V.

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross & CASE
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al.,

        Defendants.

**SUMMONS IN A CIVIL CASE**

8:03 CV 1273-T26 EAJ

TO: (Name and address of Defendant)   United Healthcare Insurance Company
                    c/o Tom Gallagher
                    Insurance Commissioner
                    Service of Process Division
                    Post Office Box 6200
                    Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL 33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within   <u>20 (Twenty)</u>   days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

JUN 1 8 2003

CLERK                                 DATE

_Liz Vasquez_

By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER.
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

       Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION: CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY. UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

JUL 31 '__ 9:29

SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Humana Inc.
c/o: Registered Agent
Corporation Service Company
2711 Centerville Road
Wilmington. DE 19808

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.        LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.              CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
230 East Davis Boulevard. Suite 200   THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
Tampa. Florida 33606               WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
(813) 251-8879                     501 Broad Street
(813) 251-5786 [FAX]               Lake Charles. Louisiana 70601
Fla. Bar No.: 139769               (337) 439-0707
Attorney For Plaintiffs            (337) 439-1029 [FAX]
                                   Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

CLERK

BY DEPUTY CLERK

DATE   JUL 3 1 2003

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC., HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

**SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Aetna Inc.
c/o: Registered Agent
CT Corporation System
1 Commercial Plaza
Hartford, CT 06103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.    LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
service.

JUL 3 1 2003

AO 440  (Rev  10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D  BLACKWELL, D.C , d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D  COX, D.C , d b a  COX
CHIROPRACTIC INC ; HARRY L  DORSEY,
D C , d b a  DORSEY CHIROPRACTIC CLINIC,
RICHARD R  SHAKER, D C., P.A. and
STEVEN A  WILSON, D C., D.A.B.C.N., P.A ;
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

              Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY, CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY, GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC ; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

**SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

United Health Group Incorporated
c/o: Registered Agent
CT Corporation Systems, Inc.
401 2nd Ave. S.
Suite 454
Minneapolis, MN 55401

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla  Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

BY) DEPUTY CLERK

O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

               Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

### SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Blue Cross Blue Shield Association
c/o: Registered Agent
The Corporation Trust Incorporated
300 E. Lombard St.
Baltimore, MD, 21202

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

    SUSAN L. LAWSON, Esq.
    230 East Davis Boulevard, Suite 200
    Tampa, Florida 33606
    (813) 251-8879
    (813) 251-5786 [FAX]
    Fla. Bar No.: 139769
    Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
mmons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
ef demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
r service.

_____    DATE
CLERK

_Sin Vasquez_

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC., HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY, GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY, HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC., PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY, TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Trustmark Insurance Company
c/o: Registered Agent
Roy Liddell
317 E. Capitol Street, Suite 600
Jackson, MS 39201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

BY DEPUTY CLERK

DATE

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY, CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY, GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

## ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Principal Life Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SHERYL L. LOESCH

CLERK

BY DEPUTY CLERK

DATE

Ð 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC., HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER. D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

                    Plaintiffs,

vs

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC., PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY, TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY. UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a UNITED HEALTH CARE CORPORATION).

**ALIAS SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Pacific Life & Annuity Company
c/o: Tom Gallagher
Insurance Commissioner
Service of Process Division
P.O. Box 6200
Tallahassee. FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.            LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON. Esq.                    CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
230 East Davis Boulevard, Suite 200      THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
Tampa. Florida 33606                     WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
(813) 251-8879                           501 Broad Street
(813) 251-5786 [FAX]                     Lake Charles, Louisiana 70601
Fla. Bar No.: 139769                     (337) 439-0707
Attorney For Plaintiffs                  (337) 439-1029 [FAX]
                                         Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____days after service of this
.mmons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
:ief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
·er service.

## SHERYL L. LOESCH

.LERK                                    DATE

_____
BY DEPUTY CLERK

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of

ELVIN D. BLACKWELL, D.C., d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d b a. COX
CHIROPRACTIC INC., HARRY L. DORSEY,
D.C., d b a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

       Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA U S HEALTHCARE, INC.), BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

## ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Humana Medical Plan, Inc.
c o: Registered Agent
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

in answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

JUL 31 ...

CLERK

DATE

BY DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of

ELVIN D. BLACKWELL, D.C., d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC , HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC , AETNA HEALTH, INC. (Formerly d b.a.
AETNA US HEALTHCARE, INC.): BLUE CROSS
BLUE SHIELD ASSOCIATION. BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI. A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION. CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY). HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY.
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY. UNITED HEALTHCARE INSURANCE
COMPANY. UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

**ALIAS SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Humana Insurance Company
c o: Registered Agent
Corporation Service Company
1201 Hays Street. Suite 105
Tallahassee. FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.          LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.              CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
230 East Davis Boulevard, Suite 200    THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
Tampa. Florida 33606               WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
(813) 251-8879                     501 Broad Street
(813) 251-5786 [FAX]               Lake Charles, Louisiana 70601
Fla. Bar No.: 139769               (337) 439-0707
Attorney For Plaintiffs            (337) 439-1029 [FAX]
                                   Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

By DEPUTY CLERK

DATE

440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

                Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

**ALIAS SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Connecticut General Life Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service Of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.               LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.                    CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
230 East Davis Boulevard, Suite 200      THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
Tampa, Florida 33606                     WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
(813) 251-8879                           501 Broad Street
(813) 251-5786 [FAX]                     Lake Charles, Louisiana 70601
Fla. Bar No.: 139769                     (337) 439-0707
Attorney For Plaintiffs                  (337) 439-1029 [FAX]
                                         Attorneys for Plaintiffs

swer to the complaint which is herewith served upon you, within _____ days after service of this
ons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
ervice.

DEPUTY CLERK                             DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of _____

ELVIN D. BLACKWELL, D.C., d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC., HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC,
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

　　　　　　Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC ); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY, CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY, GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a k a. UNITED HEALTH CARE CORPORATION).

## ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

**TO: (Name and address of Defendant)**

United Healthcare Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service Of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.　　　　LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

in answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

JUL 3 1 2003

CLERK

By) DEPUTY CLERK

DATE

O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____  ___ 31 __ 8: 15

EVIN D. BLACKWELL, D.C., d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
CHARD R. SHAKER, D.C., P.A. and
EVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
ROPRACTIC ASSOCIATION OF
ISIANA, individually and on behalf of all individuals
associations similarly situated,

        Plaintiffs,

vs.

ETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
TNA US HEALTHCARE, INC.); BLUE CROSS
UE SHIELD ASSOCIATION, BLUE CROSS &
UE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
MPANY; CIGNA CORPORATION; CONNECTICUT
ENERAL LIFE INSURANCE COMPANY; GREAT-WEST
IFE & ANNUITY INSURANCE COMPANY; HUMANA
IC.; HUMANA INSURANCE COMPANY (Formerly d.b.a.
MPLOYERS HEALTH INSURANCE COMPANY), HUMANA
EDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
RINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
SURANCE COMPANY; UNITED HEALTHCARE INSURANCE
MPANY, UNITED HEALTH GROUP INCORPORATED
rmerly a.k.a. UNITED HEALTH CARE CORPORATION).

ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

**TO: (Name and address of Defendant)**

CIGNA Corporation
c/o: Registered Agent
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

nswer to the complaint which is herewith served upon you, within _____ days after service of this
mons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
f demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
r service.

SHERYL L. LOESCH

JUL 3 1 2003

DATE

_Liz Vasquez_
DEPUTY CLERK

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER;
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Great-West Life & Annuity Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service Of Process Division
P.O. Box 6200
Tallahassee, FL 32314-6200

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

an answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

_Riz Vasquez_

DEPUTY CLERK

DATE

O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### District of _____

ELVIN D. BLACKWELL, D.C., d b a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

          Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC., PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

          `    31    9: 13`

### ALIAS SUMMONS IN A CIVIL CASE

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

    Aetna Health. Inc.
    c/o: Registered Agent
    CT Corporation Systems
    1200 S. Pine Island Rd.
    Plantation, Florida 33324

## YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

LUNDY & DAVIS, L.L.P.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No. 139769
Attorney For Plaintiffs

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

n answer to the complaint which is herewith served upon you, within _____ days after service of this
:mmons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
:hief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
:fter service.

SHERYL L. LOESCH

JUL 3 1 2003

EX:                                                    DATE

[signature]

O 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY. UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION).

**ALIAS SUMMONS IN A CIVIL CASE**

CASE NO.: 803CV1273-T26EAJ

TO: (Name and address of Defendant)

Blue Cross & Blue Shield Of Mississippi,
A Mutual Insurance Company
c/o: Registered Agent
Warren C. Dorsey, Jr.
3545 Lakewood Drive
Flowood, MS 39208

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAWSON & ASSOCIATES, P.A.

SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

answer to the complaint which is herewith served upon you, within _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

SHERYL L. LOESCH

JUL  3 1 2003

BY _____
DEPUTY CLERK

DATE _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
KEVIN D. COX, D.C., d.b.a. COX            CASE NO.: 803CV1273-T26EAJ
CHIROPRACTIC INC.; HARRY L. DORSEY,
D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A. ,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA,  individually and on behalf of all individuals
and associations similarly situated,

        Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK ·
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

        Defendants.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, come plaintiffs, ELVIN D. BLACKWELL,

D.C., d.b.a BLACKWELL CHIROPRACTIC CENTER, KEVIN D. COX, D.C., d.b.a. COX

CHIROPRACTIC INC.; HARRY L. DORSEY, D.C., d.b.a. DORSEY CHIROPRACTIC CLINIC;

SCANNED                       - 1 -

RICHARD R. SHAKER, D.C., P.A. and STEVEN A. WILSON, D.C., D.A.B.C.N., P.A., CHIROPRACTIC ASSOCIATION OF LOUISIANA, individually and on behalf of all individuals and associations similarly situated, , who, as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, do amend their original Class Action Complaint as follows:

## NATURE OF THE CASE

1.      The Individual Plaintiffs (as defined herein) bring this action on behalf of themselves and on behalf of a class of similarly situated persons to seek redress for Defendants' illegal acts, which have resulted in loss of property and detriment to Plaintiffs' businesses.

2.      The Individual Plaintiffs (as defined herein) seek declaratory and injunctive relief on behalf of all class members who continue to suffer as a result of Defendants' illegal conduct. The Associational Plaintiffs (as defined herein) seek declaratory and injunctive relief on behalf of their members who continue to suffer as a result of Defendants' illegal conduct.

3.      Moreover, the Individual Plaintiffs and Associational Plaintiffs (collectively referred to throughout this Complaint as Plaintiffs) bring this action because they believe Defendants' scheme is detrimental to the health of their patients and to the welfare of the general public.

4.      Defendants take funds that have been rightfully earned by chiropractic payments and divert them to their own profits. Without adequate and timely payments, chiropractors cannot maintain their practices and cannot provide the continuity of care that patients require as a matter of sound chiropractic practice.

5.      As set forth in this Complaint, Defendants have undertaken a common scheme to systematically deny, delay and diminish payments to chiropractic care providers.

6.      To this end, Defendants covertly manipulate, maneuver, and exploit longstanding, accepted industry-wide practices for financial gain.

7.      Defendants equate chiropractic necessity with financial expediency, despite the clinical

and financial consequences.

8.      In pursuit of their own profits, Defendants routinely and improperly manipulate the coding practices, which have formed the basis for chiropractic reimbursement from third party and government payers for decades.

9.      Defendants' capitation payment schedules are founded on actuarially unsound principles and are manipulated by Defendants to increase their profits at the expense of the chiropractors who provide chiropractic services.

10.      Defendants knowingly and systematically deny and delay payments due chiropractors and profit from the moneys wrongfully retained.

11.      Defendants' scheme has been successful as a result of Defendants' conspiratorial efforts, their exertion of economic power and their use of third parties who provide the means and the methods for Defendants' fraudulent practices.

12.      If chiropractic practice in the United States is to remain viable and if chiropractic care is to remain available, Defendants' illegal practices must end.

13.      Plaintiffs seek a declaration regarding Defendants' fraudulent practices as set forth herein. Plaintiffs also seek injunctive relief. The individual Plaintiffs and the class also seek to recover damages and restitution for the injury to their businesses and property resulting from Defendants' activities.

**JURISDICTION AND VENUE**

14.      This Court has jurisdiction over the subject matter of this action pursuant to 18 U.S.C. § 1961, 1962, 1964, 15 U.S.C. § 1 *et seq.*, and 28 U.S.C. § 1331, 1337 and 1367. The Court has personal jurisdiction over the defendants pursuant to 18 U.S.C. § 1965(b) and (d).

15.      Venue is proper in this district pursuant to 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b).

**PARTIES**

**PLAINTIFFS:**

**The Individual Plaintiffs**

16.     Plaintiff, Elvin D. Blackwell, D.C., a chiropractic physician is a resident of the State of Texas, and is a citizen of the United States of America. Dr. Blackwell provides or has provided services to patients insured with Pacific, Principal and Humana.

17.     Plaintiff, Kevin D. Cox, D.C., a chiropractic physician is a resident of the State of Louisiana, and is a citizen of the United States of America.  Dr. Cox provides or has provided services to patients insured with Aetna, Blue Cross, CIGNA (Connecticut General Life Insurance Company), Humana, Pacific, Principal and United."

18.     Plaintiff, Harry L. Dorsey, D.C., a chiropractic physician, is a resident of the State of Mississippi, and is a citizen of the United States of America.  Dr. Dorsey provides or has provided services to patients insured with Defendants Aetna, Blue Cross, CIGNA (Connecticut General Life Insurance Company), Trustmark and United.

19.     Plaintiff, Richard R. Shaker, D.C., P.A., a chiropractic physician, is a resident of the State of Florida, and is a citizen of the United States of America. Dr. Shaker provides or has provided services to patients insured with Defendants, CIGNA and Great-West.

20.     Plaintiff, Steven A. Wilson, D.C., D.A.B.C.N., P.A. a chiropractic physician is a resident of the State of Florida, and is a citizen of the United States of America.  Dr. Wilson provides or has provided services to patients insured with Humana.

**The Associational Plaintiffs**

21.     Plaintiff, The Chiropractic Association of Louisiana ("CAL"), is a non-profit, voluntary professional association of approximately 320 chiropractors throughout Louisiana, with its principal place of business in Baton Rouge, Louisiana. CAL is dedicated to assisting Doctors of Chiropractic in Louisiana in achieving, maintaining and delivering the highest standard of health care.  In this regard,

CAL's efforts on behalf of its membership include working to protect and further patients' rights to access chiropractic services, monitoring activities of the insurance industry to ensure fair and equal consideration for chiropractic services, and participating in initiatives addressing health care reform in Louisiana.

22.     CAL is duly authorized to bring this action on behalf of its own interests and, in its representative capacity, on behalf of the interests of its individual members, many of whom do not have the time or resources to pursue this litigation individually and who may fear retribution if they become named plaintiffs.

23.     CAL seeks only injunctive and declaratory relief under those causes of action where such relief is warranted and acceptable."

**DEFENDANTS:**

24.     Defendants pay chiropractors through two types of agreements: capitation and fee for service. Regardless of the method of payment, all of the substantive practices, policies, and procedures of the Defendants' health plans are established, implemented, monitored and ratified by the Defendants themselves. The local subsidiaries of the named Defendants do not function as independent corporate entities but rather have an alter-ego relationship with the named Defendants, which generally direct and control the operations of said subsidiaries.

25.     When the Defendants pay capitation, they sometimes delegate certain functions to independent chiropractic associations (ICA's) and/or third party administrators. The ICAs and/or third party administrators then carry our the delegated functions on behalf of and at the direction of the Defendants.

26.     The Defendants mandate that the ICA's and/or third party administrators comply with the policies and procedures of the Defendants when they carry out delegated functions. The Defendants also audit the ICA's and/or third party administrators to ensure that they are carrying out the delegated

- 5 -

functions in a manner consistent with the policies and procedures of the Defendants and if any ICA or third party administrator fails to do so, the Defendants reserve the right to revoke the delegated function. The delegated functions often include claims handling.

27.     In regard to delegated functions, ICA's and/or third party administrators function as mere conduits through which the Defendants conduct business.  Accordingly, any reference throughout the complaint to "Defendants" shall include all of the Defendants' operations, whether the functions are performed directly by Defendants or by Defendants operating through subsidiaries or through ICA's and/or third party administrators.

28.     As Defendants have engaged in the unlawful overt and predicate acts against the ICA's and/or third party administrators, the ICA's and/or third party administrators are not co-conspirators or otherwise involved in the aiding or abetting of the violations set forth herein.

29.     Each Defendant named herein is responsible for the distribution of the advertising, marketing, and membership materials described herein for its respective Health Plans.  Additionally, each Defendant is responsible for the preparation and distribution of its provider agreements entered into between itself and its chiropractic healthcare providers for all of its Health Plans.

30.     Whenever this Complaint alleges that any Defendant did any act or thing, it is meant that it or its directors and/or its subsidiaries, affiliates, directors, officers, agents, or employees performed or participated in such act or thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of each Defendant performed or participated in such act or thing, they were authorized to and did in fact act on behalf of that Defendant.

31.     At all relevant times, each Defendant and Defendant health plan was an agent and/or employer of the other Defendants and the other Defendants health plans.  In committing the acts alleged herein, Defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective Defendants, and perpetrated

- 6 -

and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Defendants and Defendants' health plans alleged herein were ratified and approved by the other respective Defendants and Defendants' health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

32.     At all relevant times, each co-conspirator was respectively an agent and/or employer of each and every other co-conspirator and the respective Defendants. In committing the acts alleged herein, the co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other co-conspirators and Defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

33.     All actions of the co-conspirators and the respective Defendants alleged herein were ratified and approved by the other respective co-conspirators and the respective Defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

<u>**Aetna**</u>

34.     Defendant Aetna, Inc. is a Connecticut corporation with its corporate headquarters located at 151 Farmington Avenue, Hartford, Connecticut.

35.     Defendant Aetna Health, Inc. ("Aetna Health") is a Pennsylvania corporation, located at 980 Jolly Road, P. O. Box 1109, Blue Bell, Pennsylvania. Aetna Health, Inc. is the wholly-owned subsidiary of Aetna, Inc. and was formerly doing business as Aetna US Healthcare, Inc.

36.     Both the "Aetna Health" and the Aetna Inc. plans are collectively referred to as the

"Aetna Health Plans" and include HMO, PPO, POS, and Indemnity plans.

37.      Aetna, Inc., Aetna Health, and the Aetna Health Plans as a whole are responsible for the distribution of the advertising, marketing, and membership materials described herein for all the defendants' HMOs, POS plans, and PPOs. Additionally, Aetna, Inc. Aetna Health, and the Aetna Health Plans are responsible for the preparation and distribution of the provider agreements entered into between Aetna Health Plans and Aetna's chiropractic providers, for all the defendants' HMO, POS, PPO and Indemnity plans.

38.      Whenever this Complaint alleges that Aetna did any act or thing, it is meant that Aetna, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Aetna performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Aetna.

39.      At all relevant times, each Aetna defendant and Aetna health plan was an agent and/or employer of the other Aetna defendants and Aetna health plans.  In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.  All actions of the Aetna defendants and Aetna health plans alleged herein were ratified and approved by the other respective Aetna defendants and Aetna health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

40.      At all relevant times, each Aetna plan co-conspirator was respectively an agent and/or employer of each and every other Aetna plan co-conspirator and the respective defendants.    In

- 8 -

committing the acts alleged herein, the Aetna plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Aetna plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

41.     All actions of the Aetna plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Aetna plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

## BLUE CROSS

42.     Defendant BLUE CROSS BLUE SHIELD ASSOCIATION's headquarters are located at 225 N. Michigan Ave., Chicago, Illinois. BLUE CROSS healthcare products are marketed in all 50 states and Canada. BLUE CROSS BLUE SHIELD ASSOCIATION is the corporate governing body for approximately 66 subsidiaries (including, but not limited to Defendant, Blue Cross & Blue Shield of Mississippi, A Mutual Insurance Company), that provide health care services.

43.     BLUE CROSS & BLUE SHIELD Of MISSISSIPPI, A MUTUAL INSURANCE COMPANY, has its corporate headquarters at 3545 Lakeland, Drive, Flowood, Mississippi.

44.     The BLUE CROSS healthcare plans are collectively referred to as the "Blue Cross Health Plans." BLUE CROSS operates HMO, PPO and POS plans nationwide.

45.     Whenever this Complaint alleges that BLUE CROSS did any act or thing, it is meant that BLUE CROSS, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of BLUE CROSS performed or

- 9 -

participated in such act or thing, they were authorized to and did in fact act on behalf of BLUE CROSS.

46.    At all relevant times, each BLUE CROSS defendant and BLUE CROSS health plan was an agent and/or employer of the other BLUE CROSS defendants and BLUE CROSS health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the BLUE CROSS defendants and BLUE CROSS health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

47.    At all relevant times, each BLUE CROSS plan co-conspirator was respectively an agent and/or employer of each and every other BLUE CROSS plan co-conspirator and the respective defendants. In committing the acts alleged herein, the BLUE CROSS plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other BLUE CROSS plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

48.    All actions of the BLUE CROSS plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective BLUE CROSS plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

## CIGNA

49.     Defendant CIGNA Corporation is a Delaware corporation with corporate headquarters at One Liberty Place, Philadelphia, Pennsylvania.  CIGNA's healthcare products are marketed in all 50 states.  It has managed care networks serving 45 states and the District of Columbia.  CIGNA is the parent corporation of a number of subsidiaries (including, but not limited to Defendant, Connecticut General Life Insurance Company) that provide health care services.  The CIGNA healthcare plans are collectively referred to as the "CIGNA Health Plans."  CIGNA operates HMO, PPO, and POS plans nationwide.

50.     Whenever this Complaint alleges that CIGNA did any act or thing, it is meant that CIGNA, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of CIGNA performed or participated in such act or thing, they were authorized to and did in fact act on behalf of CIGNA.

51.     At all relevant times, each CIGNA defendant and CIGNA health plan was an agent and/or employer of the other CIGNA defendants and CIGNA health plans.  In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.  All actions of the CIGNA defendants and CIGNA health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.  At all relevant times, each CIGNA plan co-conspirator was respectively an agent and/or employer of each and every other CIGNA plan co-conspirator and the respective defendants.  In committing the acts alleged herein, the CIGNA

- 11 -

plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other CIGNA plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

52.     All actions of the CIGNA plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective CIGNA plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

## Great-West

53.     Defendant Great-West Life & Annuity Insurance Company has its principal place of business at 8515 E. Orchard Road, Greenwood Village, Colorado.

54.     Defendant Great-West Life & Annuity Insurance Company provides HMO, PPO and POS insurance plans nationwide.

55.     Whenever this Complaint alleges that Great-West did any act or thing, it is meant that Great-West, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Great-West performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Great-West.

56.     At all relevant times, each Great-West defendant and Great-West health plan was an agent and/or employer of the other Great-West defendants and Great-West health plans.  In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective

- 12 -

defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Great-West defendants and Great-West health plans alleged herein were ratified and approved by the other respective Great-West defendants and Great-West health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs. At all relevant times, each Great-West plan co-conspirator was respectively an agent and/or employer of each and every other Great-West plan co-conspirator and the respective defendants. In committing the acts alleged herein, the Great-West plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Great-West plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

57.     All actions of the Great-West plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Great-West plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

## Humana

58.     Defendant Humana, Inc. (Humana) is a Delaware corporation with corporate headquarters at 500 West Main Street, Louisville, Kentucky. Humana, Inc. is the parent corporation of a number of subsidiaries that provide health care services including Defendants, Humana Insurance Company ("HIC") and Humana Medical Plan, Inc. ("HMP"). Through these entities (also collectively referred to as the "Humana Health Plans," unless otherwise specified), Humana, Inc., HIC and HMP

operate HMO, PPO and POS plans nationwide.

59.    Defendant Humana Insurance Company ("HIC") is a Wisconsin corporation with headquarters at 500 West Main Street, Louisville, Kentucky.

60.    Defendant Humana Medical Plan, Inc. ("HMP") is a Florida corporation with corporate headquarters at 3501 SW 160$^{th}$ Avenue, Miramar, FL 33027.

61.    Humana and/or HMP and/or HIC operate HMO, PPO and POS plans and employee benefit plans in at least 37 states.

62.    Unless otherwise specified, Humana, Inc., HIC, HMP and the Humana Health Plans, as well as Humana-owned, Humana-operated, Humana-controlled entities that offer health insurance, are collectively referred to herein as "Humana."

63.    Whenever this Complaint alleges that Humana did any act or thing, it is meant that Humana, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Humana performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Humana.

64.    At all relevant times, each Humana defendant and Humana health plan was an agent and/or employer of the other Humana defendants and Humana health plans.  In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.  All actions of the Humana defendants and Humana health plans alleged herein were ratified and approved by the other respective Humana defendants and Humana health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are

- 14 -

contrary to stated corporate policy and to representations to the Plaintiffs.

65.    At all relevant times, each Humana plan co-conspirator was respectively an agent and/or employer of each and every other Humana plan co-conspirator and the respective defendants.    In committing the acts alleged herein, the Humana plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Humana plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

66.    All actions of the Humana plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Humana plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

## Pacific Life & Annuity Company

67.    Defendant Pacific Life & Annuity Company ("Pacific") is a California corporation with its headquarters located at 700 Newport Center Drive, Newport Beach, CA 92660.

68.    Defendant Pacific Life & Annuity Company ("Pacific") provides PPO plans nationwide.

69.    Whenever this Complaint alleges that Pacific did any act or thing, it is meant that Pacific, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Pacific performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Pacific.

70.    At all relevant times, each Pacific defendant and Pacific health plan was an agent and/or employer of the other Pacific defendants and Pacific health plans.  In committing the acts alleged herein,

these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Pacific defendants and Pacific health plans alleged herein were ratified and approved by the other respective Pacific defendants and Pacific health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

71.    At all relevant times, each Pacific plan co-conspirator was respectively an agent and/or employer of each and every other Pacific plan co-conspirator and the respective defendants.    In committing the acts alleged herein, the Pacific plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Pacific plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

72.    All actions of the Pacific plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Pacific plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

### Principal Life Insurance Company

73.    Defendant Principal Life Insurance Company ("Principal") is an Iowa corporation with its principal place of business located at 711 High St., Des Moines, IA.

74.    Defendant Principal Life Insurance Company ("Principal") provides HMO, PPO and POS

plans nationwide.

75.      Whenever this Complaint alleges that Principal Life Insurance Company did any act or thing, it is meant that Principal Life Insurance Company, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Principal Life Insurance Company performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Principal Life Insurance Company.

76.      At all relevant times, each Principal Life Insurance Company defendant and Principal Life Insurance Company health plan was an agent and/or employer of the other Principal Life Insurance Company defendants and Principal Life Insurance Company health plans.  In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.  All actions of the Principal Life Insurance Company defendants and Principal Life Insurance Company health plans alleged herein were ratified and approved by the other respective Principal Life Insurance Company defendants and Principal Life Insurance Company health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

77.      At all relevant times, each Principal Life Insurance Company plan co-conspirator was respectively an agent and/or employer of each and every other Principal Life Insurance Company plan co-conspirator and the respective defendants.  In committing the acts alleged herein, the Principal Life Insurance Company plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the

- 17 -

other Principal Life Insurance Company plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

78.     All actions of the Principal Life Insurance Company plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Principal Life Insurance Company plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

<div align="center"><u>**Trustmark**</u></div>

79.     Trustmark Insurance Company is an Illinois corporation with its corporate headquarters located at 400 Field Dr., Lake Forest, Illinois 60045.

80.     The "Trustmark Plans" include PPO, POS, and Indemnity plans.

81.     The Trustmark Plans as a whole are responsible for the distribution of the advertising, marketing, and membership materials described herein for all the defendant's PPO, POS and Indemnity plans. Additionally, the Trustmark Plans are responsible for the preparation and distribution of the provider agreements entered into between the Trustmark Plans and its chiropractic providers, for all the defendant's PPO, POS and Indemnity plans.

82.     Whenever this Complaint alleges that Trustmark did any act or thing, it is meant that Trustmark, and the directors of said entity, or its subsidiaries, affiliates, directors, officers, agents, or employees performed or participated in such thing, and in each instance were the subsidiaries, affiliates, directors, officers, agents, or employees of Trustmark who performed or participated in such act or thing, and were authorized to and did in fact act on behalf of Trustmark.

83.     At all relevant times, each Trustmark plan was an agent and/or employer of the other

Trustmark plans. In committing the acts alleged herein, this defendant and its agents acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of Trustmark, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Trustmark entity and Trustmark plans alleged herein were ratified and approved by the other respective Trustmark agents and Trustmark plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

84.     At all relevant times, each Trustmark plan co-conspirator was respectively an agent and/or employer of each and every other Trustmark plan co-conspirator and the defendant. In committing the acts alleged herein, the Trustmark plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Trustmark plan co-conspirators respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

85.     All actions of the Trustmark plan co-conspirators and the respective agents alleged herein were ratified and approved by the other respective Trustmark plan co-conspirators or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs."

## United

86.     Defendant United Healthcare Insurance Company (UHIC) has its principle place of business at 450 Columbus Blvd., Hartford, CT. and is a subsidiary of Defendant, United Health Group Incorporated.

87.     Defendant United Health Group Incorporated ("United") is a Minnesota corporation and the parent corporation of the entities that operate the United health plans. United's headquarters are located at 300 Opus Center, 9900 Bren Road East in Minnetonka, Minnesota. In its 1998 Form 10K/A filed with the Securities and Exchange Commission ("SEC"), United also refers to itself as United HealthCare Corporation.

88.     United is the parent corporation of a number of subsidiaries that provide health care services including but not limited to United Healthcare Insurance Company. United operates HMO, PPO and POS plans nationwide.

89.     Whenever this Complaint alleges that United did any act or thing, it is meant that United, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of United performed or participated in such act or thing, they were authorized to and did in fact act on behalf of United.

90.     At all relevant times, each United defendant and United health plan was an agent and/or employer of the other United defendants and United health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the United defendants and United health plans alleged herein were ratified and approved by the other respective United defendants and United health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

91.     At all relevant times, each United plan co-conspirator was respectively an agent and/or

- 20 -

91.     At all relevant times, each United plan co-conspirator was respectively an agent and/or

employer of each and every other United plan co-conspirator and the respective defendants.   In

committing the acts alleged herein, the United plan co-conspirators acted within the scope of their

respective agency and/or employment and were acting with the consent, permission, authorization and knowledge

of each of the other United plan co-conspirators and defendants respectively, and perpetrated and/or conspired to

or aided and abetted the unlawful acts described herein.

92.     All actions of the United plan co-conspirators and the respective defendants alleged

herein were ratified and approved by the other respective United plan co-conspirators and the respective

defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even

though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth

herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

## CLASS ALLEGATIONS

93.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

### Class Definitions

94.     Plaintiffs bring this action on their own behalf and, pursuant to Fed.R.Civ.P.

23(b)(1)(A), (b)(2), and/or (b)(3), and USDC Middle District of Florida Local Rule 23.1, as a class action on

behalf of themselves and the nationwide class of all persons defined as:

**Global Class.** All chiropractors who provided services to any person insured by any defendant from May

1, 1993 to [the date of certification] and all associations who in their representative capacity, act on behalf of the

interests of its individual chiropractor members.

This class is seeking certification for its claims for declaratory and injunctive relief, as well as damages,

as a consequence of Defendants' conspiracy to violate the Racketeering Influenced and Corrupt Organizations Act

(RICO) and aiding and abetting violations of RICO.

95.     The Court should also certify a national subclass:

**National Subclass.** Chiropractors who provided services to any person insured by a Defendant,

when the chiropractor has a claim against such Defendant. This subclass is seeking certification for its

claims for declaratory and injunctive relief, as well as for damages for its claims of Breach of Contract,

Quantum Meruit, RICO violations, Unjust Enrichment, and State Prompt Pay Claims.

96.     In addition, the Court should certify a Florida subclass:

**Florida Subclass.** Chiropractors who provided services to any person insured in Florida by any

defendant. This subclass is seeking certification for its claims for declaratory and injunctive relief, as

well as for damages, for its claims under Florida Statute § 627.613 and § 641.3155

97.     In addition the Court should certify a Louisiana subclass:

**Louisiana Subclass.** Chiropractors who have provided services to any

person insured in Louisiana by any defendant. This subclass is seeking certification for its

claims for declaratory and injunctive relief, as well as for damages, for its claims under

Louisiana Revised Statutes ("La. R.S.") 22:250.32 and 22:350.33.

98.     In addition, the Court should certify a Mississippi subclass:

**Mississippi Subclass.**  Chiropractors who provided services to any person insured in

Mississippi by any defendant. This subclass is seeking certification for its claims for declaratory and

injunctive relief, as well as for damages, for its claims under Miss. Code 83-9-5.

99.     In addition, the Court should certify a Texas subclass:

**Texas Subclass.** Chiropractors who provided services to any person insured in

Mississippi by an defendant. This subclass is seeking certification for its claims for declaratory and

injunctive relief, as well as for damages, for its claims under Tex. Insurance Code Ann. §20A.18B.

## Typicality

100.    The named plaintiffs and the alleged class each and all have tangible and legally

protected interests at stake in this action.

101.    The claims of the named class representatives and the absent class members have a

- 22 -

common origin and share a common basis. The claims of all class members originate from the same illegal, extortionate, fraudulent, conspiratorial, and aiding and abetting practices of the Defendants and the Defendants' healthcare plans.

102.    The proposed class representatives state a claim for which relief can be granted that is typical of the claims of absent class members. Each proposed class representative has been a victim of one of more of the illegal practices described herein, perpetrated by one or more of the Defendants.

103.    Dr. Elvin D. Blackwell has been the victim of bundling, down-coding, delayed payments, wrongful denials, inappropriate chiropractic necessity determinations and increased administrative expenses, among others.

104.    Dr. Kevin D. Cox has been the victim of bundling, down-coding, delayed payments, wrongful denials, inappropriate chiropractic necessity determinations and increased administrative expenses, among others.

105(a). Dr. Harry L. Dorsey has been the victim of down coding, bundling, delayed payments, wrongful denials, increased administrative expenses, inappropriate chiropractic necessity determinations, among others.

105(b). Dr. Richard R. Shaker has been the victim of bundling, down-coding, delayed payments, wrongful denials, inappropriate chiropractic necessity determinations, and increased administrative expenses, and capitation-related problems, among others.

105(c). Dr. Steven A. Wilson has been the victim of bundling, down-coding, delayed payments, wrongful denials, inappropriate chiropractic necessity determinations, and increased administrative expenses, and capitation-related problems, among others.

106.    The named plaintiffs and the alleged class each and all have tangible and legally protected interests at stake in this action.

107.    The claims of the named class representatives and the absent class members have a common origin and share a common basis. The claims of all class members originate from the same heavy-handed, extortionate and fraudulent practices of the defendants and the defendants' healthcare plans of conspiracy and aiding and abetting.

108.    The proposed class representatives state a claim for which relief can be granted that is

- 23 -

typical of the claims of absent class members. If brought and prosecuted individually, each class member would necessarily be required to prove the instant claim upon the same material and substantive facts, upon the same remedial theories and would be seeking the same relief.

109.    The claims and remedial theories pursued by the named class representatives are sufficiently aligned with the interests of absent class members to ensure that the universal claim of the class will be prosecuted with diligence and care by the plaintiffs as representatives of the class.

### Numerosity

110.    The members of the class ("class members") are so numerous that joinder of all members is impracticable.  Defendants offer health care plans to over 100 million subscribers and accomplish this through the services of over 50,000 chiropractors.  The class of chiropractors, however, is ascertainable as the names and addresses of all class members can be identified in business records maintained by the Defendants.

### Commonality

111.    There are questions of law and fact common to the class.  Such common questions include, *inter alia*:

1.      Whether Defendants conspired and/or aided and abetted each other in furtherance of the unlawful acts alleged herein;

2.      Whether Defendants engaged in a pattern of racketeering activity in violation of RICO;

3.      Whether Defendants' overt and/or predicate acts in furtherance of the conspiracy and/or aiding and abetting proximately caused and causes injury to the plaintiffs' and class members' business or property or irreparably harmed and harms the plaintiffs and the class and if so, the appropriate relief to which they are entitled;

4.      Whether Defendants' acts and practices constitute violations of applicable law for which Plaintiffs and members of the class are entitled to recover restitution or damages or for which

- 24 -

disgorgement of ill-gotten monies is appropriate;

5.      Whether Defendants' requirement that Plaintiffs and the Class accept Defendants' product requirements is extortionate;

6.      Whether the Defendants' acts are extortionate;

7.      Whether the Defendants' acts constitute mail and wire fraud;

8.      Whether the Defendants have acted in violation of 18 U.S.C. ξ 1954.

9.      Whether the Defendants have violated the Travel Act.

10.     Whether the Defendants set payment rates which are not sufficient to adequately reimburse chiropractors for the provision of chiropractic services to plan members, participants, and enrollees;

11.     Whether the Defendants utilize capitation arrangements with respect to pools of patients which are not sufficiently large to permit sound actuarial projections;

12.     Whether the Defendants have breached applicable contracts with plaintiffs and the class;

13.     Whether the Defendants are liable to plaintiffs and the class under quantum meruit (work and labor done);

14.     Whether the Defendants have been unjustly enriched through the activities described herein;

15.     Whether the Defendants violated state prompt pay statutes; Whether the Defendants violated Florida Statute § 627.613 and § 641.3155; Miss. Code 83-9-5; Tex. Insurance Code Ann. § 20A.18B; and/or La. R.S. 22:250.32 and 22:250.33.

112.    Adjudications with respect to individual members of the class would, as a practical matter, be determinative of the interests of the other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

- 25 -

113.    Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate final relief with respect to the class as a whole necessary. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Such incompatible standards, inconsistent or varying adjudications on what, of necessity, would be the same essential facts, proof and legal theories, would create and allow to exist inconsistent and incompatible rights within the plaintiff class.

114.    Further, the failure to permit this cause to proceed as a class action under Rule 23(b)(1)(A) would be contrary to the beneficial and important public policy underlying judicial economy in avoiding a multiplicity of similar actions.

115.    Declaratory and injunctive relief are appropriate for the class as a whole, making certification appropriate under Rule 23(b)(2).

116.    Questions of law and fact applicable to the class predominate over individual questions and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Therefore, certification is appropriate under Rule 23(b)(3).

117.    Failure to permit this action to proceed under Rule 23 would be contrary to the public policy encouraging the economies of attorney and litigant time and resources. In addition, public policy and the authorities under Rule 23 favor class actions for the purpose of, *inter alia*, deterring wrongdoing and providing judicial relief for individually small, commonly based claims.

118.    The named plaintiffs are willing and prepared to serve the court and proposed class in a representative capacity with all of the obligations and duties material thereto.

119.    The self-interests of the named class representatives are co-extensive with and not antagonistic to those of the absent class members. The proposed representatives will undertake to well and truly protect the interests of the absent class members.

- 26 -

120.    The named plaintiffs have engaged the services of counsel indicated below.  The said counsel are experienced in complex class litigation and will adequately prosecute this action and will assert, protect and otherwise represent well the named class representatives and absent class members.

121.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the class is impracticable.  There will be no difficulty in the management of this action as a class action.

122.    The plaintiffs will fairly and adequately protect the interests of the class members and have no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

123.    There exist no administrative remedies available to them prior to bringing this suit, and even where administrative remedies are allegedly available, the exercise of the same is futile.

<div align="center">

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### AGAINST ALL DEFENDANTS

#### Defendants' Manipulation of the CPT Codes

</div>

124.    Plaintiffs and class members provide chiropractic services to Defendants' insureds and to members of Defendants' health plans and are to be reimbursed by Defendants for those services.

125.    Following the provision of chiropractic services, Plaintiffs and class members must submit a claim submission form.

126.    The HCFA-1500 form is universally used by chiropractors for claims submissions to third party payers. The HCFA 1500 is a health insurance claim form developed by the Health Care Financing Administration. This form contains the threshold information required for processing a claim.  Among other information, the HCFA-1500 form requires a diagnosis code and a CPT procedure code for chiropractic services.

127.    CPT codes were first developed and published by the American Medical Association

(AMA) in 1966.

128.    According to the AMA, Current Procedural Terminology (CPT) is a listing of descriptive terms and identifying codes for reporting chiropractic services and procedures.  The purpose of CPT is to provide a uniform language that accurately describes chiropractic, and diagnostic services.  CPT procedure codes include codes for, among other things, office visits, that are variable based on the complexity or length of the office visit.  These codes are called E and M codes for evaluation and management.  The data contained on a HCFA-1500 form does not contain anything that would allow a benefit analyst or claims processor to make a distinction between  E and M codes.

129.    CPT codes provide the basis for chiropractic reimbursement, indicating to the insurer the services provided by the chiropractic physician.

130.    This uniform coding process allows automated logic to be applied to chiropractors across-the-board.

131.    Each Individual Plaintiff, and each class member, necessarily relied on the understanding that they would be paid by one or more of the Defendants for chiropracticly necessary services and procedures according to the CPT codes for the procedures and services that they performed.

132.    Rather than paying Plaintiffs for chiropracticly necessary services in accordance with standard coding practices, Defendants have engaged in a common fraudulent scheme designed to systematically deny, delay and diminish payments to chiropractic health care providers.

### Systematic and Intentional Delay and Denial of Payments

133.    Defendants do not use chiropractic necessity criteria in making coverage and treatment decisions and in reimbursing chiropractors. Instead, Defendants use cost-based criteria to approve or deny chiropractic benefit claims by Plaintiffs and the class.  These undisclosed cost-based criteria include Defendants own guidelines and criteria, as well as guidelines developed in concert with third parties. Defendants and these third parties have developed purported actuarial criteria, unrelated to chiropractic

necessity, for the purpose of wrongfully denying payment of claims and reducing payments to providers.

134.       Defendants systematically deny valid claims submitted for payment by the Individual Plaintiffs and by the class members.

135.    Defendants also deliberately delay payments in order to benefit financially from their retention of payments due to chiropractors.

136.    Defendants provide incentives to claims reviewers to delay or deny payments. For example, Defendants provide direct financial incentives to claims reviewers who deny claims for service or limit payments regardless of whether those claims are chiropracticly necessary. Such claims reviewers are either employees of Defendants or are contracted third parties. The bonuses and financial incentives include direct bonus payments and other benefits to claim reviewers who deny a certain percentage or absolute number of submitted claims from Plaintiffs and the class.

## Downcoding and Bundling

137.    Defendants have implemented systematic claims processes to manipulate CPT codes submitted by Plaintiffs and class members in order to downcode and bundle claims, and to delay and wrongfully deny payments. Defendants use software capable of modifying CPT code protocols set by the American Medical Association. This enables Defendants to manipulate the reimbursement rates.

138.    Defendants engage in automatic downcoding of claims submitted by chiropractors, a process whereby, among other things, Defendants arbitrarily, and without prior notice, change the code assigned to rendered services so as to reduce the payments due chiropractors.

139.    Defendants also engage in undisclosed automatic bundling of claims submitted by chiropractors, a process whereby, among other things, Defendants arbitrarily, and without prior notice, combine the codes of two or more procedures in order to reduce the payments due chiropractors.

140.    As a result of Defendants' practices, Plaintiffs and the class bear the burden of ever-increasing expenditures of administrative time and expense, all without compensation.

## Coercive Use of Economic Power

141.    Defendants have utilized their overwhelming and dominant economic and market power to coerce Plaintiffs and the class into providing care and accepting Defendants' policies and practices on a "take it or leave it" basis. Defendants' economic and market power is exacerbated and enforced through the enterprise, conspiracy, and aiding and abetting alleged below.  Defendants refuse to meaningfully negotiate regarding policies, practices, payment rates, and contract provisions.

142.    Through their overall dominance of the managed care industry, Defendants have engaged in extortionate conduct through the use of their restrictive "all products" requirements, which requires Plaintiffs and the class members to accept other coercive policies and practices or risk being denied patient referrals or even being "black-listed" by Defendants altogether.

143.    Through their market dominance, Defendants have also maintained a policy and practice of retaining the power to unilaterally amend chiropractic agreements.

144.    Defendants fail to provide Plaintiffs and class members due process or a reasonable appeal process.

## Fraudulent Practices Related to Capitation Agreements

145.    In addition to the above, Defendants have undertaken the following specific activities directed at chiropractors operating pursuant to capitation arrangements:

146.    Defendants enforce the same scheme with respect to billing for fee for services.

147.    Defendants retain excessive amounts of the premium dollar paid by the insured members, before making capitation payments to chiropractic health care providers.

148.    Defendants deduct inappropriate amounts before calculating the amounts due to chiropractic health care providers in the capitated arrangements.

149.    Defendants refuse to begin paying capitation immediately upon enrollment of the members.  They retain premiums from the members until the members need services from chiropractors.

150.    The failure to assign immediately not only defrauds chiropractors, but also undermines the actuarial assumptions on which capitated arrangements are purportedly based.    The rationale of capitation is that the chiropractor services a group of patients, only some of which need services in a given month.  The capitated payments for the members help to compensate for the services provided to the injured or sick members who need chiropractic care.  If there are not enough well members, then the chiropractors provide more services that the capitated payments will support.  If Defendants delay assignment of the members until they are injured or sick, then the chiropractors are clearly defrauded.

151.    Defendants utilize capitation arrangements with respect to pools of patients which are not sufficiently large to permit sound actuarial projections.

## Conspiracy

152.    Defendants have not undertaken the above practices and similar activities in isolation, but instead have done so as part of a common scheme and conspiracy. The conspiracy could not be effective without the enthusiastic participation of all of the conspirators.

153.    Defendants collectively control a majority of the subscribers and providers in the health care market.  Defendants collectively exercised their overwhelming and dominant economic and market power to coerce Plaintiffs and the class in an extortionate manner.

154.    Each defendant, with knowledge and intent, agreed to the overall objective of the conspiracy and each defendant agreed to commit at least two predicate acts and each defendant verbally agreed to participate in the conspiracy.

155.    Moreover, the conspiracy was successful because each Defendant agreed to enact and utilize the same devices and fraudulent tactics to defraud the Class members.

156.    Numerous common facts and similar activities, which imply the existence of a conspiracy, exist among all of the Defendants, including:

(a)    the claims procedures and the data chiropractors are required to provide in

- 31 -

submitting claims;

(b)      the chiropractic necessity criteria and Defendants' use of guidelines developed in concert with third parties;

(c)      the systematic claims processes in manipulating CPT codes, in order to downcode and bundle claims, delay and wrongfully deny payments;

(d)      the payment procedures under the capitation arrangement, including but not limited to:

   (1)      retaining amounts of premium dollar paid by the insured members before making capitation payments to chiropractic health care providers;

   (2)      inappropriately deducting amounts before calculating the amounts due to chiropractic health care providers;

   (3)      unfairly retaining premiums from the members until the members need services from chiropractors;

   (4)      systematically defrauding chiropractors by passing along costs of health care that the chiropractors did not agree to assume;

   (5)      downcoding services provided by capitated chiropractors and then utilizing this data to decrease capitation rates.

157.   The conspiracy was conducted during the past ten years and was implemented by:

(a)   The development and adoption of specific clinical practice guidelines and related chiropractic healthcare review criteria;

(b)   The development and utilization of automated and integrated claims processing software;

(c)   The utilization and purchase of reimbursement guidelines;

- 32 -

(d)  Participation and coordination in trade associations;

(e)  Participation and coordination in industry groups; and

(f)  Participation and coordination in private jointly owned corporations;

158.  This conspiracy also involves, *inter alia*: (i) the development and adoption of clinical practice guidelines and related healthcare review criteria; (ii) the development of claims processing and other systems; (iii) the joint development of accreditation standards by the managed healthcare industry; (iv) participation in trade associations, that develop common industry standards and/or act as vehicles by which their members could exchange sensitive business information, disseminate unified information to governmental agencies, to the press, and to the public or otherwise collude; and (v) the use of industry informational sources to facilitate such collusion.

159.  As a result of Defendants' fraudulent scheme and racketeering activities, the Plaintiffs and class members have been injured in their business and property.

## FRAUDULENT CONCEALMENT

160.  Defendants have fraudulently concealed information set forth in this complaint from Plaintiffs and members of the class. Plaintiffs and members of the class did not discover and could not have discovered this information absent Defendants' disclosure.

161.  Therefore, the running of any statute of limitations has been suspended with respect to the claims alleged herein by virtue of the Defendants' fraudulent concealment.

## ALLEGATIONS RELATING TO RICO

162.  Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein, and the following allegations are made upon Plaintiffs' information and belief.

### The Health Care Enterprise

163.  Plaintiffs and the class members are "persons" within the meaning of 18 U.S.C. §1964(c).

164.     At all times relevant hereto, Plaintiffs and the class, and the Defendants were and are "persons" within the meaning of 18 U.S.C. 1961(3).

165.     The following persons constitute an Enterprise, which Plaintiffs collectively refer to as the Healthcare Care Enterprise (1) Defendants; (2) other health insurance companies not named as defendants herein; (3) the third party entities which promulgate purported patient care guidelines; (4) the third party entities which develop claims processing systems or components; (5) the third party entities which are subcontracted by Defendants for the purpose of reviewing claims. (6) Defendants' trade associations; (7) entities created by Defendants and their trade associations.

166.     The Enterprise is an ongoing organization, which engages in, and whose activities affect, interstate commerce.

167.     While the Defendants participate in the enterprise and are a part of it, the Defendants also have an existence separate and distinct from the enterprise.

168.     Defendants maintain an interest in and control of the Health Care Enterprise and also conduct or participate in the conduct the Enterprises' affairs through a pattern of racketeering activity.

169.     Defendants' control and participation in the Enterprise is necessary for the successful operation of Defendants' scheme.

170.     In order to successfully retain monies owed chiropractors in the manner set forth in this First Amended Class Action Complaint, Defendants had to have a system that allows Defendants to manipulate and control reimbursement to chiropractors.  The Health Care Enterprise provides Defendants that ability.  The Health Care Enterprise also gives Defendants the ability to conceal their scheme.

171.     The Defendants collectively are members of the Enterprise.  Defendants have developed and have associated firms to develop generalized standards that the Defendants systematically

- 34 -

misuse and misapply to avoid paying for legitimate, chiropracticly necessary services.

172.   The Defendants have also used firms for the development of systems that Defendants can use for editing and manipulation of claims information.

173.   Defendants also use third party reviewers to assure the wrongful denial of claims.

174.   The Enterprise also includes trade associations to allow Defendants to share information and to disseminate information to chiropractors, the government, the press and the public in an effort to conceal Defendants' wrongdoing.

175.   The enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which the Defendants engage.

<u>**Predicate Acts**</u>

176.   With respect to the activities alleged herein, each Defendant and others not named as Defendants in this Complaint,  In committing those activities, within the meaning of 18 U.S.C. ξ 2, by seeking to aid and abet and aiding and abetting a scheme to violate 18 U.S.C. ξ 1962(a) and (c). Each defendant also agreed to the operation of the scheme or artifice to deprive Plaintiffs and the class of property interests.  In furtherance of these agreements, each Defendant also agreed to interfere with, obstruct, delay or affect commerce by attempting to obtain and/or actually obtaining property interests to which the Defendants are not entitled.

177.   With respect to the overt acts and activities alleged herein, each Defendant conspired with each other and with others not named as Defendants in this Complaint, to violate 18 U.S.C. ξ 1962(a) and (c), all in violation of 18 U.S.C. ξ 1962(d).  Each Defendant and Defendant health plan also agreed and conspired with each other to participate, directly or indirectly, in the fraudulent scheme or artifice alleged herein, to wrongfully retain money owed to Plaintiffs and the class.  Each Defendant also agreed and conspired with each other Defendant to participate, directly or indirectly, in interfering with, obstructing, delaying or affecting commerce by attempting to obtain and/or actually

obtaining property interests to which the Defendants are not entitled through the exploitation of fear of economic loss and/or loss of business.

178.    The numerous predicate acts of mail and wire fraud, extortion, Travel Act and benefit plan interference violations described herein are part of separate fraudulent and extortionate schemes by Defendants designed to defraud the class of money and property interests under false pretenses. Plaintiffs and the class as victims of these unlawful patterns of illegal activity have and continue to suffer losses as a result of these activities.

179.    In carrying out the overt acts and fraudulent and extortionate scheme described above the Defendants engaged in, *inter alia*, conduct in violation of federal laws, including 18 U.S.C. ξ1341 and 1343, 18 U.S.C. ξ 1341 and 1346, 18 U.S.C. ξ 1343 and 1346, 18 U.S.C. ξ 1951(b)(2), 18 U.S.C. ξ 1952(a), 18 U.S.C. ξ 1954, and 18 U.S.C. ξ 1961 et seq.

180.    Section 1961(1) of RICO provides that "racketeering activity" is any act indictable under any of the following provisions of Title 18, United States Code ξ 1341 (relating to mail fraud), ξ1343 (relating to wire fraud), ξ 1346 (relating to scheme or artifice to defraud), ξ 1951 (relating to extortion), ξ 1952 (relating to racketeering [Travel Act]), and ξ 1954 (interference with an employee welfare benefit plan).

### Violations Of 18 U.S.C. ξ 1341 and 1343

181.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

182.    For the purpose of executing and/or attempting to execute their scheme to defraud and to obtain money by means of false pretenses, representations or promises, the Defendants, in violation of 18 U.S.C. ξ 1341, placed in post offices and/or in authorized repositories for mail matter and things to be sent or delivered by the Postal Service and received matter and things therefrom including

- 36 -

but not limited to agreements, manuals, correspondence, payments, reports, data, summaries, statements, faxes, plan materials and others.

183.   For the purpose of executing and/or attempting to execute their scheme to defraud and to obtain money by means of false, pretenses, representations or promises, the Defendants, in violation of 18 U.S.C. ξ 1343 transmitted and received by wire matter and things therefrom, including but not limited to agreements, manuals, correspondence, payments, reports, data, summaries, statements, faxes, plan materials and others.

184.   In those matters and things sent or delivered by the Postal Service, by wire and through other interstate electronic media, Defendants falsely and fraudulently misrepresented and fraudulently suppressed material facts from Plaintiffs and the class as described above, in violation of 18 U.S.C. ξ 1341 and 1343, including but not limited to the following:

185.   Defendants misrepresented to Plaintiffs and class members that Defendants would pay Plaintiffs and class members for chiropracticly necessary services and procedures according to the CPT codes for the services and procedures they provided.

186.   Defendants have concealed and have failed to disclose that Defendants have developed and use guidelines which are based upon financial considerations rather than chiropractic necessity.

187.   Defendants have concealed and have failed to disclose that they systematically deny chiropractic claims.

188.   Defendants have concealed and have failed to disclose that they deliberately delay payments.

189.   Defendants have concealed and have failed to disclose that they provide incentives to claims reviewers to delay or deny payments.

190.   Defendants have concealed and have failed to disclose that they have developed or

- 37 -

purchased claims systems designed to manipulate CPT codes.

191.    Defendants have concealed and have failed to disclose that they automatically downcode claims.

192.    Defendants have concealed and have failed to disclose that they automatically bundle claims.

193.    Defendants have concealed and have failed to disclose that capitation payments do not have a sound actuarial basis.

194.    Defendants have represented that capitation payments are paid upon enrollment of members.

195.    Defendants have concealed and have failed to disclose their use of age/sex adjustment factors to adjust capitation payments below the levels the Defendants agreed to pay.

196.    The Defendants intentionally and knowingly made these material misrepresentations and intentionally and knowingly suppressed material facts from Plaintiffs and the class, for the purpose of deceiving them and thereby obtaining financial gain.

197.    The Defendants either knew or recklessly disregarded that the misrepresentations and omissions described above were material.   Plaintiffs and the class necessarily relied on the misrepresentations and omissions in providing care to members of Defendants' health plans.

198.    Plaintiffs and the class has therefore been injured in their business or property by the Defendants' overt acts and racketeering activities.

### Violations Of 18 U.S.C. ξ 1951(b)(2)

199.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

200.    During the relevant times, and in furtherance of and for the purpose of executing and/or attempting to execute the above discussed scheme and artifice to defraud or deprive, the

Defendants and others not named as defendants in this Complaint on numerous occasions aided and abetted and conspired to and attempted to and did interfere with, obstruct, delay or affect "commerce" as the term is defined in 18 U.S.C. ξ1951 by "extortion" as defined in 18 U.S.C. ξ1951(b)(2). The Defendants unlawfully attempted to and/or did induce Plaintiffs and the class to part with various property interests to which Defendants are not entitled, in violation of 18 U.S.C. ξ1951(b)(2).

201.    In furtherance of the scheme or artifice to defraud and obtain money by false pretenses and the scheme or artifice to deprive the Plaintiffs and the class of money and other property rights Defendants agreed and conspired among themselves, with each other and with others not named as defendants, as well as those persons or entities providing support for Defendants' acquisition of other PPO, HMO, POS and Indemnity plans, to participate, directly or indirectly, in interfering with, obstructing, delaying or affecting commerce by attempting to obtain and/or actually obtaining property interests to which these Defendants are not entitled through the extortion and/or coercion.

202.    The Defendants' overt acts and fraudulent and extortionate racketeering activity have and continue to defraud Plaintiffs and the class of money and other property rights.

203.    Plaintiffs and the class have therefore been injured in their business or property by the Defendants' overt acts and racketeering activities.

## Violations Of 18 U.S.C. ξ 1952(a)

204.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

205.    During the relevant times, and in furtherance of and for the purpose of executing the above-described scheme and artifice to defraud the Plaintiffs and the class, the Defendants on numerous occasions did travel and caused others not named as defendants in this Complaint to travel in interstate commerce in order to attempt to and to commit extortion in violation of the Travel Act, 18 U.S.C. ξ1952(a).

206.    The Defendants' overt acts and fraudulent and extortionate racketeering activity

have and continue to defraud the Plaintiff and the class of money and other property rights.

207.    Plaintiffs and the class have therefore been injured in their business or property by the Defendants' overt acts and racketeering activities.

208.    The Defendants have engaged in a "pattern of racketeering activity," as defined in ξ1961(5) of RICO, by committing and/or conspiring to or aiding and abetting a scheme for at least two such acts of racketeering activity, as described above, within the past ten years.  Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Plaintiffs and the class.

209.    The multiple acts of racketeering activity committed and/or conspired to or aided and abetted by Defendants, as described above, were related to each other and amount to and pose a threat of continued racketeering activity, and, therefore, constitute a "pattern of racketeering activity," as defined in 18 U.S.C. ξ1961(5).

### Violations of 18 U.S.C. ξ 1954

210.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

211.    During the relevant times, and in furtherance of and for the purpose of executing the above-described scheme and artifice to defraud the Plaintiffs and the class, the Defendants were agents or administrators of health care plans and/or Defendants provided services to health care plans as defined under 18 U.S.C. ξ 1954.

212.    One or more of the Defendants create and provide incentives to claims reviewers, who are their employees or agents, to improperly delay or deny payments to providers of chiropractic services, including Plaintiffs and members of the Class.  Defendants provide direct cash bonuses and other financial incentives to these claims reviewers who deny or delay claims for service regardless of

whether those claims are chiropracticly necessary. The bonuses and financial incentives include direct bonus payments and other benefits to these claim reviewers to deny or delay a certain percentage or absolute number of submitted claims from Plaintiffs and the class.

213.    These incentives to improperly delay and deny claims include the denial and delay of claims submitted on persons covered by employee benefit plans as contemplated by ξ 1954. This process is intended and does influence the actions, decisions, and other duties relating to questions and matters concerning these plans in violation of ξ 1954.

214.    Plaintiffs and the class therefore have been injured in their business or property as a result of Defendants' overt acts and racketeering activities as described above and throughout this Complaint.

## Pattern of Racketeering Activity

215.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

216.    As set forth above, the Defendants have engaged in a "pattern of racketeering activity," as defined in ξ 1961(5) of RICO, by committing and/or conspiring to or aiding and abetting a scheme for at least two such acts of racketeering activity, as described above, within the past ten years. In fact, each of the Defendants has committed at least thousands of acts of racketeering activity. Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Plaintiffs and class members.

217.    The multiple acts of racketeering activity committed and/or conspired to or aided and abetted by Defendants, as described above, were related to each other and amount to and pose a threat of continued racketeering activity, and, therefore, constitute a "pattern of racketeering activity," as defined in 18 U.S.C. ξ 1961(5).

**Examples of Specific Wrongful Predicate Acts Committed by Defendants' Enterprise**

218.    A few examples of the numerous predicate acts committed by Defendants pursuant to their scheme to defraud the Plaintiffs and their conspiracy to commit RICO include the following:

**Fraudulent Denials or Reductions of Payment by Automatic Bundling:**

219.    On or about May 18, 2001, Aetna sent through the United States Mail to Harry L. Dorsey, D.C., an Explanation Of Provider Payment against Claim ID: E2F82CPNG00 for Insured ID: 587436452 which inappropriately, automatically reduced and bundled CPT Code 98940 and CPT Code 97250, although the procedures were correctly coded and submitted to Aetna for the April 23, 2001 date of service. The EOP falsely stated that payment for CPT Code 97250 was not payable and the charges for CPT Code 97250 were denied and were improperly bundled with those of CPT Code 98940.

220.    On or about July 26, 2002, CIGNA sent through the United States Mail to Richard R. Shaker, D.C., an Explanation Of Payment against Claim ID: 7670228690465 for Insured ID: 263292959 which inappropriately, automatically and bundled CPT Code 98940 with CPT Code 97140, although the procedures were correctly coded and submitted to CIGNA for the July 16, 2002 date of service. The EOP falsely stated that payment for CPT Code 97140 was not payable because the procedure was not typically performed on the same date of service as CPT Code 98940. The charge for CPT Code 97140 was therefore denied and improperly bundled with CPT Code 98940.

221.    On or about May 23, 2000, CIGNA's subsidiary, Defendant, Connecticut General Life Insurance Company, sent through the United States Mail to Harry L. Dorsey, D.C., an Explanation Of Provider Payment against Claim ID: 08909898293 for Insured ID: 428119835EE which inappropriately, automatically denied and bundled CPT Code 971408 with CPT Code 989408, although the procedures were correctly coded and submitted to CIGNA for the April 14, 2000 date of service. The EOP falsely stated that payment for CPT Code 971408 was not payable because CPT Code 971408 performed on the same date as CPT Code 989408, the charges for CPT Code 971408 were therefore

- 42 -

improperly denied and were improperly bundled with those of CPT Code 989408.

222.    On or about February 3, 2003, Great-West sent through the United States Mail to
Richard R. Shaker, D.C., an Explanation Of Payment against Claim ID: 02343313227 for Patient ID:
2567 which inappropriately, automatically and bundled CPT Code 98940 with CPT Code 97140,
although the procedures were correctly coded and submitted to Great-West for the November 25, 2002
date of service. The EOP falsely stated that payment for CPT Code 97140 was not payable because the
procedure was considered to be duplicative of CPT Code 98940. The charge for CPT Code 97140 was
therefore denied and improperly bundled with CPT Code 98940.

223.    On or about August 13, 2002, Pacific sent through the United States Mail to Elvin
D. Blackwell, D.C., an Explanation of Benefits against Claim ID: A01737295 00 for Insured ID:
418648585 which inappropriately, automatically reduced and bundled CPT Code 98941 with CPT Code
97012, although the procedures were correctly coded and submitted to Pacific for the July 20, 2002 date
of service. The EOB falsely states that the CPT Codes listed on the EOB may not match the CPT Codes
billed by Dr. Blackwell but that the CPT Codes and benefit calculations made by Pacific are in
accordance with the Current Procedural Terminology published by the American Medical Association.

224.    On or about January 28, 2002, Principal sent through the United States Mail to
Elvin D. Blackwell, D.C., an Explanation of Benefits against Claim No.: P6564-1-430230234-012 for
Insured ID: DEAD0000 which inappropriately, automatically reduced and bundled CPT Code 98941
with CPT Code 97012, although the procedures were correctly coded and submitted to Principal for the
January 8, 2002 and January 14, 2002 dates of service. The EOB falsely states that Code 98941 and
CPT Code 97012 cannot be performed on the same day.

225.    On or about June 16, 2003, Trustmark sent through the United States Mail to
Harry L. Dorsey, D.C., an Explanation Of Benefits against Claim Number: A10013707-00 for

- 43 -

Patient Number: 11116-1-8 which inappropriately, automatically reduced and bundled CPT Code

98940 and CPT Code 97140, although the procedures were correctly coded and submitted to

Trustmark for the May 28, 2003 date of service. The EOB falsely stated that CPT Code 98940

and CPT Code 97140 were not separately payable and combined the charges for CPT Code

98940 and CPT Code 97140 and therefore improperly bundled and denied the charges.

      226.    On or about November 19, 2002, United sent through the United States Mail to

Harry L. Dorsey, D.C., an Explanation Of Provider Payment against Claim ID: 2557286901 for Insured

ID: 427335516 which inappropriately, automatically reduced and bundled CPT Code 99070 with CPT

Code 98940 and/or CPT Code 97140, although the procedures were correctly coded and submitted to

United for the October 4, 2002 date of service.  The EOP falsely stated that payment for CPT Code

99070 and CPT Code 97140 were not payable because the procedures were part of a main procedure

and not covered separately.  The charges for CPT Code 99070 and CPT Code 97140 were therefore

denied and improperly bundled with those of CPT Code 98940.

### Fraudulent Denials or Reductions of Payment by Automatic Downcoding:

      227.    On or about February 28, 2002, Blue Cross sent through the United States Mail to

Dr. Harry L. Dorsey an EOP for Claim ID: 201497002 for services provided on January 28, 2002 for

Insured ID: 10389110.  Blue Cross' EOP impermissibly and fraudulently denied reimbursement for

provision of services submitted under CPT Code 99202 and reclassified and downcoded the services

provided to CPT Code 98940.  The language contained in said EOP fraudulently states "Coding Edited

Per CPT Guidelines".

      228.    On or about March 18, 2002, Pacific sent through the United States Mail to Dr.

Elvin D. Blackwell, D.C. an EOB for Claim ID A01481764 for services provided on February 28, 2002

for Insured ID 568966341.  Pacific's EOB impermissibly and fraudulently denied reimbursement for

provision of services submitted under CPT Code 99202 and CPT Code 98940 and reclassified and

downcoded the services provided to CPT Code 98940 alone. That EOB falsely stated that the CPT

Codes and benefit calculations made by Pacific were made in accordance with the Current Procedural

Terminology published by the American Medical Association.

229.    On or about December 31, 2001, HUMANA sent through the United States Mail

to Dr. Elvin D. Blackwell, D.C., an EOR for Account No.: STOM1000 for services provided on

November 20, 2001 for Insured ID 454731202. Humana's EOR impermissibly and fraudulently denied

reimbursement for provision of services submitted under CPT Code 72100 and CPT Code 72070 by

reclassifying and bundling those codes with CPT Code 72010 and paying a reduced amount under that

code.

### Fraudulent Denials or Reductions of Payment Generally And Extortion:

230.    On or about April 28, 2003, CIGNA sent through the U.S. Mail to Dr. Richard R.

Shaker, an Explanation of Payment for services provided on April 5, 2003 and April 7, 2003

respectively, for Member ID.:040503, which reduced in part and denied in part reimbursement for

treatment of said patient. On April 5, 2003, Dr. Shaker rendered services to the Defendant's insured

under CPT Code 97140. And on April 7, 2003, Dr. Shaker rendered services to the Defendant's insured

under CPT Code 98940 and CPT Code 97140. The EOP denied payment for the April 7, 2003 CPT

Code 98940 charge on the grounds that the services were not covered because Dr. Shaker was an out-

of-network provider. The EOP further indicated that payment for services rendered under CPT Code

97140 for the April 5, 2003 date of service were being paid at a reduced rate pursuant to a contracted

fee schedule, even though Dr. Shaker is not contracted with CIGNA as a preferred provider. The April

7, 2003 CPT Code 97140 charge was denied on the grounds that it was mutually exclusive from another

procedure performed on the same date of service. The total bills for all three CPT Code charges for the

April 5, 2003 and April 7, 2003 dates of service amounted to $220.00 and Dr. Shaker was paid only a

total of $63.00. The Defendant's EOP form contains language which indicates that "Cashing check is

payment in full less coinsurance and copay. Call CIGNA before billing patient more." Dr. Shaker and the Plaintiff class are then placed in a position where they must accept illegal reductions and denials or jeopardize long standing chiropractic/patient relationships by being placed at odds (by CIGNA) with patients who CIGNA informs owe only a portion of the co-payment that would be due but for the illegally reduced and denied charges, thereby threatening the viability of his chiropractic practice and the practices of Plaintiffs as a whole.

<u>**General Fraudulent Communications:**</u>

231. With respect to certain capitated programs, Defendants, individually and/or through Independent Chiropractic Associations and/or other third parties, routinely, typically on a monthly basis, send to Providers, and ICA's and/or third party administrators (processing the payments of chiropractors), through the United States Mail or through the wire services capitation roles which purport to list the names of each patient who has chosen the Provider as his/her chiropractic physician and for whom the Provider should receive a monthly capitation payment. Many of these capitation roles are false, and the Defendants know them to be false, because the Defendants delay in putting new patients on the capitation role, sometimes until the patient actually seeks treatment from the Provider. Thus, Providers are denied months of capitation payments with respect to each unlisted patient.

232. The Defendants' Provider Agreements and Provider Manuals, which are typically sent to Providers through the United States Mail, generally provide that Providers will be reimbursed for covered procedures which are chiropracticly necessary and based on commonly accepted chiropractic practice and on standard coding practice. This statement is false, and Defendants know it to be false, because Defendants routinely, automatically downcode and bundle procedures to reduce payments to chiropractors, and Defendants routinely deny reimbursement based on alleged chiropractic necessity determinations which are based upon actuarial not chiropractic data and criteria.

233. The purported chiropractic necessity criteria are not based upon standard or

- 46 -

commonly accepted chiropractic practice, but rather on actuarial criteria. Thus, the representation that Defendants will only pay for chiropracticly necessary procedures is fraudulent, and each EOP which denies payment for a procedure based on this fraudulent definition of chiropractic necessity is also fraudulent.

234.    That Plaintiff, Steven A. Wilson, D.C., D.A.B.N. and other Humana Chiropractic Providers entered into Agreements with Defendant, HUMANA and were supplied with Provider Manuals, that are typically sent to Providers through the United States Mail, that generally mandate that Providers will be reimbursed for covered procedures which are chiropracticly necessary and based on commonly accepted chiropractic practice and on standard coding practice. This statement is false, and Defendant, HUMANA knows it to be false, because HUMANA routinely, automatically downcodes and bundles procedures to reduce payments to chiropractors, and HUMANA routinely denies reimbursement based on alleged chiropractic necessity determinations which are based upon actuarial not chiropractic data and criteria.

235.    The purported chiropractic necessity criteria are not based upon standard or commonly accepted chiropractic practice, but rather on actuarial criteria. Thus, the representation that HUMANA will only pay for chiropracticly necessary procedures is fraudulent, and further aggravated by the fact that HUMANA which denies payment for a procedure based on this fraudulent definition of chiropractic necessity, does not issue explanation of payment forms to Plaintiff, Steven A. Wilson, D.C., D.A.B.C.N., P.A. and other providers who are the victims of Defendant's practice herein. HUMANA's practice is particularly pernicious in that the Plaintiff and other providers receive periodic lump-sum payments for chiropractic treatment and care rendered to patients, in violation of state prompt pay statutes, and said providers never receive any explanation as to how said lump-sum payments are calculated and as to what patient or patients said lump-sum payments are directed. This fraudulent scheme is further exacerbated by the use of payment to third parties (Independent Chiropractic

- 47 -

Associations and/or third party claim administrators) who disperse the payments to Plaintiff and others so that the individual chiropractic providers, such as Plaintiff herein, can never directly challenge either the amount of payment nor the timeliness of said payment as to any services rendered to any particular patient.

## The Need for Declaratory and Injunctive Relief

236.    Defendants' automated scheme to deny, reduce and delay payments to chiropractors who treat their insureds on a fee for service basis is an ongoing problem that will continue to cause Plaintiffs and members of the Class economic losses and threaten their ability to practice chiropractic medicine and serve the public health.

237.    A money judgment in this case will only compensate Plaintiffs and members of the Class for past losses. It will not stop Defendants' interference in medical treatment decisions or confiscation of the money earned by chiropractors that is necessary for them to maintain their practices on an ongoing basis.

238.    No individual chiropractor has a practical, adequate remedy to recover these future losses, either administratively or at law, as the costs of individually pursuing such claims far exceeds the amount at issue, such that declaratory and injunctive relief halting Defendants' illegal activities as detailed herein is appropriate and necessary.

## RICO Violations

## ξ 1962(a)

239.    Section 1962(a) of RICO provides that, it shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of ξ 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any

enterprise which is engaged in, or the activities of which affect interstate or foreign commerce.

240.    Through the patterns of racketeering alleged above, Defendants have received

income which they in turn have used to acquire an interest in, establish and/or operated the Health Care

Enterprise(s) described herein.

## ξ 1962(c)

241.    Section 1962(c) of RICO provides that it shall be unlawful for any person

employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or

foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises'

affairs through a pattern of racketeering activity or collection of unlawful debt.

242.    Through the patterns of racketeering activities outlined above, the Defendants have

also conducted and participated in the affairs of the Health Care Enterprise.

243.    With respect to their violations of ξ 1962(a), (b) and (c), Defendants have acted at

all times with malice toward Plaintiffs and the class.

## COUNT I

### Violations of RICO 18 U.S.C. 1962(d) by Conspiring

### to Violate 18 U.S.C. ξ 1962(a) and (c)

### (Global Class vs. All Defendants)

244.    Plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein.

245.    This claim for relief arises under 18 U.S.C. ξ 1964(a) of RICO and seeks to relief

from the Defendants activities described herein for violations of 18 U.S.C. ξ 1962(d) for their conspiring

to violate 18 U.S.C. ξ 1962(a), (b) and (c).

246.    Section 1962(d) of RICO provides that it "shall be unlawful for any person to

conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

247.    Plaintiffs incorporate, as if fully set forth herein, their allegations that Defendants

- 49 -

have engaged in a pattern of racketeering activity.

248.    Absent Defendants' conspiracy and joint efforts, Defendants' scheme would not be successful. If one Defendant engaged in the activities set forth herein, chiropractors could refuse to do business with the Defendant engaged in the improper managed health care practices and would instead do business with other companies. Acting jointly, Defendants have greater power, have been able to exert greater influence, have been able to successfully engage in the activities set forth herein and have greater ability to conceal their activities.

249.    Defendants have violated ξ 1962(d) by conspiring to violate 18 U.S.C. ξ 1962(a). The object of this conspiracy has been and is to invest a portion of the income derived from the pattern of racketeering activity into the enterprise described herein.

250.    Defendants have also violated ξ 1962(d) by conspiring to violate 18 U.S.C. ξ1962(c). The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the ξ 1962(c) enterprise described previously through a pattern of racketeering activity.

251.    Defendants, their subsidiaries, employees, and multiple agents have been joined in the conspiracies to violate 18 U.S.C. ξ1962(a) and (c) in violation of ξ 1962(d) by various third parties not named as Defendants herein, such as Defendants' trade associations.

252.    As demonstrated in detail above, the Defendants and their co-conspirators have engaged in numerous overt and predicate fraudulent and extortionate racketeering acts in furtherance of the conspiracy including systemic fraudulent and extortionate practices designed to defraud Plaintiffs and the class of money and other property interests.

253.    The Defendants and their co-conspirators' pattern of fraudulent and extortionate racketeering acts include withholding payments and developing processes and mechanisms by which to deny, delay and diminish payments to chiropractors

- 50 -

254.    The nature of the above described acts, material misrepresentations, and omissions in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. § 1962(d) violation of RICO by conspiring to violate 18 U.S.C. § 1962(a) and (c), but they were aware that their ongoing fraudulent and extortionate acts have been and are part of an overall pattern of racketeering activity.

255.    As a direct and proximate result of the Defendants' overt acts and predicate acts in furtherance of violating 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(a) and (c), Plaintiffs and the class have been and are continuing to be injured in their business or property as set forth more fully above.  Pursuant to 18 U.S.C. § 1964(c) of RICO, Plaintiffs are entitled, therefore, to bring this action on behalf of themselves and the class it seeks to represent.

256.    The Defendants have sought to and have engaged in the commission of and continue to commit overt acts and the following described unlawful racketeering predicate acts that have and continue to generate income or proceeds received by Defendants from such pattern of racketeering activity, including:

--    Multiple instances of mail and wire fraud violations of 18 U.S.C. § 1341 and 1343;

--    Multiple instances of extortion violations of 18 U.S.C. §1951(b)(2);

--    Multiple instances of travel in interstate commerce to attempt to and to actually commit mail fraud, wire fraud, and extortion, in violation of 18 U.S.C. § 1952(a);


--    Multiple instances of offers, solicitations and acceptance of money in their activity to influence and interfere with employee welfare benefit plans in violation of 18 U.S.C. § 1954.

257.    The Defendants' violations of the above federal laws and the effects thereof detailed above are continuing and will continue unless injunctive relief prohibiting the Defendants' illegal acts constituting a pattern of racketeering activity is fashioned and imposed by the Court.

258.    As a proximate result of Defendants' conduct as described above, Plaintiffs and the class have been injured in their business or property as described above.

## COUNT II

## Violations of 18 U.S.C. ξ 2 By Seeking To and Aiding and Abetting a Scheme

## to Violate 18 U.S.C. ξ 1962(a) and (c)

## (Global Class vs. All Defendants)

259.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

260.    This claim for relief arises under 18 U.S.C. ξ 1964(c) of RICO providing for injunctive and declaratory relief for Defendants' violations of 18 U.S.C. ξ 2 by seeking to aid and abet and aiding and abetting a scheme to violate 18 U.S.C. ξ 1962(a) and (c).

261.    Plaintiffs incorporate, as if fully set forth herein, their allegations that Defendants have engaged in a pattern of racketeering activity.

262.    With respect to the Defendants' violation of 18 U.S.C. ξ 2, each Defendant and their respective health plans have sought to, and have aided and abetted, each other respectively, and others not named as Defendants in this Complaint, in the commission of those violations of 18 U.S.C. ξ 2 by seeking to and aiding and abetting a scheme to violate 18 U.S.C. ξ 1962(a) and (c).

263.    Each Defendant and each and every one of Defendants' health plans, has aided and abetted, and has a shared intent to aid and abet each and every other Defendant and each and every one of Defendants' health plans respectively, in attempting to derive, and in actually deriving substantial

- 52 -

income and proceeds through the above described pattern of racketeering activity.

264.    Each Defendant and each and every one of Defendants' health plans respectively has aided and abetted, and has a shared intent to aid and abet, each and every other Defendant and each and every one of Defendants' health plans respectively in acquiring or maintaining an interest or control of the ξ 1962(a) Enterprise described above through a pattern of racketeering activity, in violation of 18 U.S.C. ξ 2 and 18 U.S.C. ξ 1962(a).

265.    Each Defendant and each and every one of Defendants' health plans respectively, has further aided and abetted, and has a shared intent to aid and abet, each other Defendant and Health plans respectively, in conducting or participating in the conduct of the affairs of the Section 1962(c) Enterprise described above through a pattern of racketeering activity, in violation of 18 U.S.C. ξ 2 and 18 U.S.C. ξ 1962(c).

266.    As a direct and proximate result of Defendants' RICO violation of 18 U.S.C. ξ 2 by seeking to and aiding and abetting a scheme to violate 18 U.S.C. ξ 1962(a) and (c), Plaintiffs and the class have been and are continuing to be injured in their business or property.  Pursuant to 18 U.S.C. ξ 1964 (c) of RICO, Plaintiffs are entitled, therefore, to bring this nationwide class action on behalf of themselves and the class they seek to represent.

267.    The Defendants have attempted to and have aided and abetted and have committed and continue to commit the following unlawful racketeering predicate acts:

--     Multiple instances of mail and wire fraud violations of 18 U.S.C. ξ 1341 and 1343;

--     Multiple instances of extortion violations of 18 U.S.C. ξ 1951(b)(2);

--     Multiple instances of travel in interstate commerce to attempt to and to actually commit mail fraud, wire fraud, and extortion, in violation of 18 U.S.C. ξ 1952(a); and

--      Multiple instances of offers, solicitations and acceptance of money in their activity to influence and interfere with employee welfare benefit plans in violation of 18 U.S.C. ξ 1954.

268.     The Defendants' violations of the above federal laws and the effects thereof detailed above are continuing and will continue unless injunctive relief prohibiting the Defendants' illegal acts constituting a pattern of racketeering activity is fashioned and imposed by the Court.

269.     By reason of each Defendants' violations of 18 U.S.C. ξ 1962(d) and 18 U.S.C. ξ 2 by conspiring to violate 18 U.S.C. ξ 1962(a) and (c), and seeking to and aiding and abetting a scheme to violate 18 U.S.C. ξ 1962(a) and (c).

270.     As a proximate result of Defendants' conduct as described above, Plaintiffs and the class have been injured in their business or property as described above.

## COUNT III

### Violations of RICO 18 U.S.C. ξ 1962(a)

### (National Subclass vs. All Defendants)

271.     The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set forth herein.

272.     As a direct and proximate result of Defendants' illegal and extortionate conduct in violation of 18 U.S.C. ξ 1962(a), the Plaintiffs in and this subclass have been injured in their business or property as described above.

## COUNT IV

### Violations of RICO 18 U.S.C. ξ 1962(c)

### (National Subclass vs. All Defendants)

273.    The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set forth herein.

274.    As a direct and proximate result of Defendants' illegal and extortionate conduct in violation of 18 U.S.C. ξ 1962(c), the Plaintiffs in and this subclass have been injured in their business or property as described above. Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

<div align="center">COUNT V</div>

<div align="center">Claim for Quantum Meruit</div>

<div align="center">(National Subclass vs. All Defendants)</div>

275.    The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein.

276.    Plaintiffs and class members, have provided chiropractic services to patients insured by Defendants or Defendants' health plans, both with and without entering a written contractual relationship with Defendants.  Class representatives who have provided such services include Elvin D. Blackwell, D.C., Kevin D. Cox, D.C., Harry L. Dorsey, D.C., Richard R. Shaker, D.C. and Steven A. Wilson, D.C., D.A.B.N.

277.    Plaintiffs and class members are entitled to receive compensation for their work and labor.

278.    Defendants have wrongfully withheld compensation for the work and labor performed.

279.    Plaintiffs therefore seek reimbursement for their work and labor due in an amount to be determined by this Court.

<div align="center">COUNT VI</div>

<div align="center">Claim for Breach of Contract</div>

<div align="center">(National Subclass vs. All Defendants)</div>

280.    The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if

<div align="center">- 55 -</div>

fully set out herein.

281.     Defendants have breached their obligation to pay Plaintiffs and class members for chiropracticly necessary services in accordance with their contractual obligations.

282.     Plaintiffs have been injured by Defendants' breach and are entitled to recover damages proximately resulting from Defendants' breach, in an amount to be determined at trial.

## COUNT VII

### Claim for Unjust Enrichment

### (National Subclass vs. All Defendants)

283.     The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein.

284.     Defendants, through the acts and omissions described herein, are in possession of money that is the rightful property of Plaintiffs and the class.

285.     As a result, Defendants have been unjustly enriched by their activities and Plaintiffs and the class have suffered a detriment.

286.     Accordingly, Plaintiffs and class members seek restitution and disgorgement.

## COUNT VIII

### Claim for Violations of State Prompt-Pay Statutes

### (National Subclass vs. All Defendants)

287.     The National Subclass plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

288.     Plaintiffs provided chiropractic services to patients who are entitled to benefits under Defendants' healthcare plans and sought payment from defendants.  The laws of various states require that Defendants pay plaintiffs claims promptly.  Plaintiffs allege that Defendants have engaged in a pattern and practice of violating their obligations to pay claims in a timely manner, and that, as a result,

- 56 -

Defendants have been wrongfully enriched at the expense of the Plaintiff chiropractic providers.

289.    Plaintiffs seek a judicial determination that Defendants' conduct is illegal and an injunction preventing Defendants from continuing to delay the payment of claims.  Additionally, the individual provider Plaintiffs seek money damages on behalf of the plaintiff class.  Specifically, Plaintiffs seek to recover all past-due payments with the amount of interest owed under the various state statutes on health care claims not paid within the time specified in those statutes.

290.    Plaintiffs assert claims under the prompt pay statutes directly in their capacity as chiropractic providers.  Alternatively, plaintiffs assert claims under the statutes based upon the terms of the provider contracts and as assignees of their patients' rights to benefits under Defendants' healthcare plans.  Many of Defendants' healthcare plans are subject to ERISA.  Others, including governmental, church, partnership, individual, and certain other plans, are not. As to those plans that are subject to ERISA, plaintiffs' alternative claims based on assignments from their patients arise under Section 502(a) of ERISA, 29 U.S.C. ξ 1132(a).  As to those plans not subject to ERISA, plaintiffs' alternative claims are governed by state law.

291.    With regard to plaintiffs' alternative claims arising under ERISA, exhaustion of administrative remedies under any ERISA plan would be futile.   The administrative remedies are not practical and provide no effective remedy whatsoever because the amounts at issue are too small on any one claim to justify the cost of an administrative hearing, because the number of claims involved is voluminous, and because the costs of discovering and utilizing any administrative remedies are prohibitive for plaintiffs.

292.    Further, Plaintiffs cannot be required to exhaust administrative remedies because Defendants have not notified Plaintiffs of a denial of benefits and their right and the means to seek administrative review, as required by 29 USC ξ 1132(1).

293.    Moreover, Plaintiffs seek injunctive relief, enjoining Defendants from further violations of

the prompt pay statutes, and injunctive relief is not available in an administrative proceeding. Finally, there is no reason to believe that Defendants will pay interest through an administrative proceeding that they deny is due.

## DEFENDANTS AETNA, BLUE CROSS, CIGNA, GREAT-WEST, HUMANA, PACIFIC, PRINCIPAL, TRUSTMARK AND UNITED

294.   Aetna, Blue Cross, Cigna, Great-West, Humana, Pacific, Principal, Trustmark and United conduct or conducted business in and violated the prompt pay statutes of the following states in the following respects for which plaintiffs seek to recover damages. Plaintiffs seek to recover interest due directly under the prompt pay statutes, or, alternatively, based upon a state law claim of breach of contract or ERISA claim for recovery of plan benefits.

**Florida** — Cigna, Great-West and Humana violated Fla. Stat. Ann. § 627.613 and § 641.3155 by failing to pay plaintiffs' claims within the time specified in the statutes. As to plaintiffs' claims directly under the prompt pay statute plaintiffs rely on an implied cause of action theory.

**Louisiana** — Aetna, Blue Cross, Cigna, Great-West, Humana, Pacific, Principal and United violated La. R.S. 22:250.32 and/or 22:250.33 by failing to pay Plaintiffs' claims within the time specified in those statutes. As to Plaintiffs' claims directly under the prompt pay statutes, Plaintiffs rely on an implied cause of action theory.

**Mississippi** — Aetna, Blue Cross, Cigna, Great-West, Trustmark and United violated Miss. Code 83-9-5 by failing to pay plaintiffs' claims within the time specified in the statute. As to plaintiffs' claims directly under the prompt pay statute plaintiffs rely on an implied cause of action theory.

**Texas** — Humana, Pacific and Principal violated Tex. Insurance Code Ann. § 20A.18B by failing to pay plaintiffs claims within the time specified in the statute. The statute

- 58 -

provides for a right of action in subsection (g) and plaintiffs rely on an implied cause of action theory.

<center>COUNT IX</center>

<center>Claim for Violation of Florida Statutes §627.613 and §641.3155.</center>

<center><u>(Florida Subclass v. CIGNA, Great-West and Humana)</u></center>

295.    The Florida Subclass Plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein against Defendants, Cigna, Great-West and Humana, only.

296.    In order to maximize profits, Defendants, Cigna, Great-West and Humana, limit providers' ability to obtain adequate and appropriate reimbursement for services provided to members, participants and enrollees.

297.    Throughout the class period, Defendants have violated Fla. Stat. §627.613 and Fla. Stat. §641.3155 by:

a.    Not promptly paying claims within 45 days after receipt of said claim;

b.    Not properly contesting a claim within 45 days after receipt of said claim by notifying the insureds' assignees (chiropractic providers herein) within 45 days after receipt of said claim that said claim is being contested while properly and legitimately identifying the disputed portion of the claim and the appropriate reasons for the claim being contested;

c.    Upon receipt of additional information requested, failing to properly pay or properly and legitimately deny the contested claim or portion thereof within 60 days;

d.    Failing to pay or deny any claim no later than 120 days after receipt of said claim;

e.    Failing to pay interest on overdue payments at the legal rate set by applicable Florida law;

f.    Where Fla. Stat. §641.3155 applies, the Defendants failed to pay uncontested claims within 35 days after receipt of same by mail or electronic transfer.  Under Fla. Stat. 641.3155 the Defendants violated prompt payment by not contesting, by writing to the provider, within 35 days after

<center>- 59 -</center>

receipt of said claims by properly identifying the contested portion of the claims, the specific reason for contesting or denying the claims and by not including a request for additional information. In some instances, after receipt of said additional information, the Defendants violated the statute by not paying or denying said claims within 45 days after receipt of the additional information. Additionally, Defendants violated the prompt pay provisions by not paying interest of 10% on the 36th day after the claims had been received by paying said interest along with the payment of the claims.

298.    Such practices are likely to mislead the general public. The practices set forth above are patently unfair in that providers are wrongfully denied information and monies to which they are entitled and Defendants reap large profits at the expense of both chiropractors and the general public.

299.    The Defendants' unfair, fraudulent and unlawful business practices are likely to continue absent judicial intervention.

300.    As a direct and proximate result of the Defendants' conduct, Defendants have received and continue to receive payments which rightfully belong to chiropractic service providers. Such acts harm the public and threaten the financial viability of chiropractors.

## COUNT XI(A)

### Claim for Violation of La. R.S. 22:250.32 and/or 22:250.33

### (Louisiana Subclass v. Aetna, Blue Cross, Cigna, Great-West,

### Humana, Pacific, Prudential and United)

301.    The Louisiana Subclass Plaintiffs incorporate and reallege the previous paragraphs as if fully set forth herein against Defendants.

302.    In order to maximize profits, Defendants limit providers' ability to obtain adequate and appropriate reimbursement for services provided to members, participants and enrollees.

303.    Throughout the class period, Defendants have violated La. R.S.

22:250.32 and/or 22:250.33 by:

        a.     Not promptly paying claims submitted non-electronically

within 45 days of the date of service or discharge within 45 days from the date upon which a

correctly completed uniform claim form is furnished, as required by La. R.S. 22:250.32(A)(1);

        b.     Not promptly paying claims submitted non-electronically more

than 45 days after the date of service or discharge, or submitted because the original claim was

incomplete, within 60 days from the date upon which a correctly completed uniform claim form

is furnished, as required by La. R.S. 22:250.32(A)(2);

        c.     Not promptly paying any other claim submitted non-

electronically for health insurance benefits as required by La. R.S. 22:250.32(A)(3);

        d.     Not promptly paying claims submitted electronically within 25

days  from the date upon which a correctly completed uniform claim form was electronically

transmitted, as required by La. R.S. 22:20.33(A);

        e.     Not receiving and reviewing claims for correct completion

within a reasonable time and not providing timely written notice of any reasons for which a claim

cannot be processed for payment because it has been found to be either incomplete or otherwise

not payable within two (2) business days from the date of reviewing such claim, all as required by

La. R.S. 22:250.32(B)(2)-(3) and 22:250.33(B)(2); and

        f.     Not establishing and/or complying with appropriate

procedures to assure that any claimant not paid within the time frames specified in La. R.S.

22:250.32(A), 22:250.32(C), and/or 22:250.33(A) receives payment from the health insurance

issuer of the appropriate late payment adjustments, all as required by La. R.S. 22:250.32(C) and

22:250.33(C).

      304.    Defendants' violations of the Louisiana prompt pay statutes entitles

the Louisiana Subclass Plaintiffs to the full amount of the submitted claim, less any amount previously paid or any charge for service properly not covered by the health care plan at issue, together with all appropriate late payment adjustment amounts.

## COUNT XI

### Claim for Violation of Miss. Code 83-9-5

### ( Mississippi v. Aetna, Blue Cross, CIGNA, Great-West Trustmark and United)

305.     The Mississippi Subclass Plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein against Defendants, Aetna, Blue Cross, Cigna, Great-West, Trustmark and United, only.

306.     In order to maximize profits, Defendants limit providers' ability to obtain adequate and appropriate reimbursement for services provided to members, participants and enrollees.

307.     Throughout the class period, Defendants have violated Miss. Code 83-9-5 by:

a.      Defendants have violated the time of payment of claims which requires that payments to chiropractic providers be made within forty-five (45) days after receipt of due written proof of such loss. Benefits due under the policies and claims are overdue if not paid within forty-five (45) days after the insurer receives proof of loss, necessary medical information and other information essential for the insurer to administer coordination of benefits and subrogation provisions. If such information is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within forty-five (45) days after such proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by such proof is overdue if not paid within forty-five (45) days after such proof is received by the insurer. To calculate the extent to which any benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail to the last known address of the claimant or beneficiary in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

b.      Defendants have failed (in spite of being provided with due written proof of loss) to pay all claims not denied for valid and proper reasons within said 45 days of said receipt of same plus accrued interest at the rate of (1-1 /2 % ) per month.

## COUNT X

### Claim for Violation of Tex. Insurance Code Ann. ξ 20A.18B

### (Texas v. Humana, Pacific and Principal)

308.      Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

309.      Throughout the class period, Defendants have violated Tex. Code Ann. ξ 20A.18B.

a.      Defendants have violated the time of payment of claims which requires the Defendants to pay the charges submitted at 85 percent of the contracted rate on the claim not later than the 45th day after the date that the claim is received.

b.      Benefits due under the policies and claims are overdue if not paid within forty-five (45) days after the insurer receives proof of loss, necessary medical information and other information essential for the insurer to administer coordination of benefits and subrogation provisions. If such information is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within forty-five (45) days after such proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by such proof is overdue if not paid. Following completion of the audit, any additional payment due a physician or provider shall be made not later than the 30th day after the later of the date that the physician or provider receives notice of the audit results; or any appeal rights of the enrollee are exhausted.

c.      Defendants have failed (in spite of being provided with due written proof of loss) to pay all claims not denied for valid and proper reasons within said 45 days of said receipt of same or by the

- 63 -

30<sup>th</sup> day after the audit results are received or the appeal rights are exhausted.

      d.     The Defendants failure to pay said claims in accordance with the Texas prompt pay statute automatically entitles Plaintiffs to the full amount of billed charges submitted on the claim or the amount payable under the contracted penalty rate, less any amount previously paid or any charge for a service that is not covered by the health care plan.

      e.     That Defendants failure to pay sail claims in accordance with the Texas prompt pay statute automatically entitles the Plaintiffs to recover reasonable attorney's fees in this action to recover payment under this section.

      f.     That the Defendants violation of the Texas prompt pay statute automatically entitles Plaintiffs to the administrative penalty imposed thereunder, which may not exceed $1,000 for each day each of said claims remains unpaid.

      g.     That the Defendants have violated the Texas prompt pay statute by failing to properly provide medical providers with copies of all applicable utilization review policies and claim processing policies or procedures, including required data elements and claim formats, when reducing or denying claims.

## COUNT XII

### Claim for Declaratory and Injunctive Relief

### Under 18 U.S.C. § 1964(a)

**(Global Class v. All Defendants)**

      310.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

311.    This claim arises under 18 U.S.C. § 1964(a), which authorizes the district courts to enjoin violations of 18 U.S.C. § 1962, and under 28 U.S.C. § 2201, which authorizes associated declaratory relief.

312.    Set forth in Counts I, III and IV above, Defendants have violated 18 U.S.C. §§ 1962(a), (c) and (d), and will continue to do so in the future.

313.    Enjoining the Defendants from committing these violations of RICO in the future and/or declaring Defendants' actions in violation of RICO and, therefore, invalid, is appropriate, as Plaintiffs and the Class have no adequate remedy at law, and, as set forth in paragraphs 228(a) through 228(c) above, will suffer irreparable harm in the absence of this Court's granting injunctive and/or declaratory relief as sought.

## COUNT XIII

### Claim for Declaratory and Injunctive Relief

### (Associational Plaintiffs v. All Defendants)

314.    The Associational Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

315.    The Associational Plaintiff on behalf of its own interests and, in its representative capacity, on behalf of the interests of its individual members, are entitled to an order declaring that Defendants have violated federal and state laws as set forth herein and enjoining Defendants from continuing with the illegal, fraudulent and extortionate practices complained of herein, because:

    a       the Associational Plaintiffs will suffer irreparable harm if the Defendants are permitted to continue to engage in the illegal practices described herein;

- 65 -

        b      the balance of equities favors the Associational Plaintiffs, as (i) the

costs of an individual member chiropractor pursuing such claims far exceeds the amount at issue,

making individual relief impractical and inadequate; (ii) the injuries that will be suffered by the

Associational Plaintiffs if Defendants are allowed to continue their illegal activities far outweigh

the harm Defendants will suffer if they are enjoined from continuing these activities; and (iii) the

public interest will be served by enjoining Defendants from continuing to engage in the illegal

activities complained of herein; and

        c      the Associational Plaintiffs have no adequate remedy at law to protect

its interests or the collective interests of its members, which it duly represents herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Individual Plaintiffs and all members of the class respectfully pray for the

following relief:

       a.      An order declaring that Defendants have violated federal and state laws as set

              forth herein;

       b.      An order enjoining Defendants from pursuing the fraudulent and extortionate

              policies complained of herein, including but not limited to:

       c.      prohibiting Defendants from conspiring with each other and with the third

              parties set forth herein;

       d.      prohibiting the use or enforcement of any definition of chiropractic

              necessity which is at variance with professional standards of care;

       e.      prohibiting Defendants from making chiropractic necessity determinations

              without providing appropriate deference to the treating chiropractor's judgment;

       f.      prohibiting Defendants from unreasonably using, applying, or enforcing

chiropracticly inappropriate utilization management, policies and procedures over which Plaintiffs have no effective input or control and as to which Plaintiffs cannot deviate when necessary to provide chiropracticly appropriate patient care without suffering adverse financial or other consequences;

g.  prohibiting Defendants from unreasonably using, applying, or enforcing chiropracticly inappropriate clinical practice guidelines and/or chiropractic management policies and procedures over which Plaintiffs have no effective input or control and as to which Plaintiffs cannot deviate when necessary to provide chiropracticly appropriate patient care without suffering adverse financial or other consequences;

h.  prohibiting Defendants from manipulating claims processing systems;

i.  prohibiting Defendants from threatening to terminate a contract with a chiropractor, directly or indirectly, or any entity with which a chiropractor is associated or otherwise penalize based upon participation or support of this complaint or concepts in this complaint;

j.  prohibiting Defendants from utilizing their economic powers in a coercive manner to exert control over chiropractors and chiropractic payments, including but not limited to enforcement of all products clauses;

k.  prohibiting the payment of reimbursement by Defendants which is not adequate to cover the costs of delivering the chiropractic services Defendants have promised Defendants' members;

l.  prohibiting the delegation of undefined or unreasonable risk by Defendants including but not limited to the failure to disclose that information to the chiropractors and those with whom the chiropractors are associated which is

- 67 -

reasonable and necessary to enable them to assess the level of risk to be assumed, and to monitor and/or audit any and all payments, withholds, deductions, surpluses, credits and other financial calculations made by Defendants;

m.      prohibiting the failure or refusal of Defendants to provide additional payments to Plaintiff for unanticipated costs and expenses which arise after a contract with the chiropractors or those with whom chiropractors are associated has been executed, which relate to chiropracticly necessary services the patient requires the Defendants to provide;

n.      prohibiting the failure or refusal of Defendants to disclose the scope of all services to be provided under the contract with the chiropractors or those with whom chiropractors are associated, the amount of the payment by Defendants to chiropractors or those with whom chiropractors are associated for such services, and the failure or refusal of Defendants to provide full disclosure of Defendants' methodology for determining the payment for a chiropractic service;

o.      prohibiting Defendants from requiring chiropractors or those with whom chiropractors are associated to be capitated for services for which there can be no sound actuarial projection, or for which expected usage cannot be predicted or controlled by the chiropractic or those with whom chiropractors are associated;

p.      prohibiting Defendants from requiring chiropractors or those with whom chiropractors are associated to accept capitation with respect to pools of members which are not sufficiently large to permit sound actuarial projections of expected use of covered services;

q.     prohibiting Defendants from imposing withholds, deductions and/or

penalties which impede the provision of chiropracticly appropriate services,

and/or will adversely impact the solvency of a chiropractic or those with whom

chiropractors are associated;

r.     prohibiting Defendants from imposing withholds, deductions and/or

penalties on capitation payments paid to chiropractors or those with whom

chiropractors are associated under any and all circumstances;

s.     if delegated functions are re-assumed by Defendants, prohibiting the

failure or refusal to comply with and be held accountable for compliance with

Defendant policies and procedures regarding the re-assumed delegated functions

and all applicable state and federal laws and regulations, including, but not limited

to, HCFA laws and regulations and NCQA standards; and

t.     An order enjoining Defendants from using or enforcing any current or proposed

provider contracts with chiropractors and/or those with whom chiropractors are

associated, in whole or in part, or policies which compromise chiropracticly

appropriate patient care or are otherwise unfair or unreasonable as set forth

above;

u.     A permanent injunction restraining and enjoining Defendants from continuing the

illegal acts and practices set forth above.

v.     Costs and reimbursements for this action, including the cost of the suit and

reasonable attorneys' fees, and reimbursement of expenses and expert fees in

amounts to be determined by the Court;

x.     Granting such other and further relief as this Honorable Court deems to be just

and appropriate.

**WHEREFORE**, in addition to the above relief, the individual Plaintiffs and the class also respectfully pray for the following relief:

A.  An award of compensatory or actual damages in the amount in which Plaintiffs and the class have been injured in their business or property;

B.  An award of treble damages;

C.  Punitive damages;

D.  Appropriate Interest;

E.  Restitution and disgorgement;

F.  Incidental and consequential damages;

G.  Granting such other and further relief as this Honorable Court deems to be just.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

LAWSON & ASSOCIATES, P.A.
BY:
SUSAN L. LAWSON, Esq.
230 East Davis Boulevard, Suite 200
Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney For Plaintiffs

LUNDY & DAVIS, L.L.P.

CLAYTON L. DAVIS, ESQ. (LA. Bar No. 4723)
THOMAS P. LEBLANC, ESQ. (LA. Bar No. 23832)
WILLIAM M. QUINN, II, ESQ. (MS Bar No. 10834)
501 Broad Street
Lake Charles, Louisiana 70601
(337) 439-0707
(337) 439-1029 [FAX]
Attorneys for Plaintiffs

RICHARD A. BOKOR, P.A.
BY:
RICHARD A. BOKOR, Esq.
230 East Davis Boulevard
Tampa, Florida 33606
(813) 251-1000
(813) 254-6327 [FAX]
Fla. Bar No.: 106580
Attorney For Plaintiffs

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER;
KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY, D.C.,          CASE NO.: 803CV1273-T26EAJ
d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.;
CHIROPRACTIC ASSOCIATION OF
LOUISIANA individually and on behalf of all
individuals and associations similarly situated,

      Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

      Defendants.

_____/

## RULE 2.02 WRITTEN DESIGNATION AND CONSENT
## TO ACT FOR NON-RESIDENT ATTORNEY

NOW INTO COURT, comes Susan L. Lawson, Esquire, Lawson & Associates, P.A., 230

East Davis Boulevard, Suite 200, Tampa, Florida 33606, and Richard A. Bokor, Esquire, Richard

A. Bokor, P.A., 230 East Davis Boulevard, Tampa, Florida 33606, who, pursuant to Rule 2.02 of



the Local Rules of the United States District Court, Middle District of Florida, advise this

Honorable Court as follows:

1.

Susan L. Lawson, Esquire and Richard A. Bokor, Esquire (collectively "Local Counsel")

are residents of the State of Florida and are attorneys duly licensed to practice law in the State of

Florida and properly admitted to practice in the United States District Court, Middle District of

Florida.

2.

Local Counsel jointly serve as counsel of record for the plaintiffs in the above-captioned

action.

3.

Local Counsel seek to be joined as counsel of record for the plaintiffs in the above-

captioned action by Clayton A.L. Davis, Esquire, Thomas P. LeBlanc, Esquire and William H.

Quinn, II, Esquire (collectively "Non-Resident Counsel"), of the law firm Lundy & Davis,

L.L.P., 501 Broad Street, Lake Charles, Louisiana, 70601.

    (A)    Mr. Davis is an attorney duly licensed to practice law in Louisiana and Texas; he

           is a member in good standing of the bar associations of these states; and he is a

           member in good standing and admitted to practice in all federal district courts in

           Louisiana and the Southern District of Texas;

    (B)    Mr. LeBlanc is an attorney duly licensed to practice law in Louisiana; he is a

           member in good standing of the bar association of that state; and he is a member

           in good standing and admitted to practice in all federal district courts in

           Louisiana; and

(C)     Mr. Quinn is an attorney duly licensed to practice law in Louisiana and

Mississippi; he is a member in good standing of the bar associations of these

states; and he is a member in good standing and admitted to practice in all federal

district courts in Mississippi and the Eastern District of Louisiana.

4.

In this regard, both Local Counsel and Non-Resident Counsel will appear as counsel of

record for the plaintiffs in this action with the filing of plaintiffs' First Amended Class Action

Complaint.

5.

Accordingly, and in compliance with Rule 2.02, Local Counsel hereby consents to act on

the part of Non-Resident Counsel and designates themselves as the persons upon whom all

notices and papers may be served (at the addresses set forth above) and who will be responsible

for the progress of this case, including the trial thereof, upon the default of Non-Resident

Counsel.

WHEREFORE, Susan L. Lawson, Esquire and Richard A. Bokor, Esquire submit this

Written Designation and Consent to Act for Non-Resident Attorney in compliance with Rule

2.02 of the Local Rules of this Honorable Court and pray that Clayton A.L. Davis, Esquire,

Thomas P. LeBlanc, Esquire and William H. Quinn, II, Esquire be granted special admission to

practice before this Court in the above-captioned matter.

Respectfully submitted,

LAWSON & ASSOCIATES, P.A.

BY:     _Susan L. Lawson_
        SUSAN L. LAWSON, ESQUIRE, Esq.
        230 East Davis Boulevard, Suite 200

Tampa, Florida 33606
(813) 251-8879
(813) 251-5786 [FAX]
Fla. Bar No.: 139769
Attorney for Plaintiffs

RICHARD A. BOKOR, ESQUIRE , P.A.

BY: _____
RICHARD A. BOKOR, ESQUIRE , Esq.
230 East Davis Boulevard
Tampa, Florida 33606
(813) 251-1000
(813) 254-6327 [FAX]
Fla. Bar No.: 106580
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELVIN D. BLACKWELL, D.C., d.b.a
BLACKWELL CHIROPRACTIC CENTER,
CHIROPRACTIC ASSOCIATION OF
LOUISIANA, KEVIN D. COX, D.C., d.b.a. COX
CHIROPRACTIC INC.; HARRY L. DORSEY, D.C.,
d.b.a. DORSEY CHIROPRACTIC CLINIC;
RICHARD R. SHAKER, D.C., P.A. and
STEVEN A. WILSON, D.C., D.A.B.C.N., P.A.,
individually and on behalf of all individuals
and associations similarly situated,

CASE NO.: 803CV1273-T26EAJ

      Plaintiffs,

vs.

AETNA INC., AETNA HEALTH, INC. (Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS
BLUE SHIELD ASSOCIATION, BLUE CROSS &
BLUE SHIELD OF MISSISSIPPI, A MUTUAL INSURANCE
COMPANY; CIGNA CORPORATION; CONNECTICUT
GENERAL LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY; HUMANA
INC., HUMANA INSURANCE COMPANY (Formerly d.b.a.
EMPLOYERS HEALTH INSURANCE COMPANY), HUMANA
MEDICAL PLAN, INC.; PACIFIC LIFE & ANNUITY COMPANY;
PRINCIPAL LIFE INSURANCE COMPANY; TRUSTMARK
INSURANCE COMPANY; UNITED HEALTHCARE INSURANCE
COMPANY, UNITED HEALTH GROUP INCORPORATED
(Formerly a.k.a. UNITED HEALTH CARE CORPORATION),

      Defendants.

_____/

**ORDER OF SPECIAL ADMISSION TO PRACTICE**

HAVING CONSIDERED the Rule 2.02 Written Designation and Consent to Act for

Non-Resident Counsel submitted by Susan L. Lawson, Esquire, Lawson & Associates, P.A., 230

East Davis Boulevard, Suite 200, Tampa, Florida 33606, and Richard A. Bokor, Esquire ,

Richard A. Bokor, Esquire , P.A., 230 East Davis Boulevard, Tampa, Florida 33606, pursuant to Rule 2.02 of the Local Rules of the United States District Court, Middle District of Florida, and finding same to be in compliance with this Court's rules;

IT IS HEREBY ORDERED that, pursuant to and in accordance with Rule 2.02 of the Local Rules of this Court, Clayton A.L. Davis, Esquire , Thomas P. LeBlanc, Esquire and William H. Quinn, II, Esquire of the law firm Lundy & Davis, L.L.P., 501 Broad Street, Lake Charles, Louisiana, 70601, be, and the same hereby are, granted special admission to practice before this Honorable Court as co-counsel for the plaintiffs in the above-captioned matter.

Tampa, Florida, this _____ day of _____, 2003.


HONORABLE RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE



FILED

03 JUN 30 PM 2: 12

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HARRY L. DORSEY, D.C. d/b/a Dorsey
Chiropractic Clinic, individually and on behalf
of all individuals similarly situated, et al,

    **Plaintiff,**

v.               Case No.  8:03-cv-1273-T-26EAJ

AETNA, INC., et al,

    **Defendant.**

---

### NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05

Please take notice that, in accordance with Local Rule 3.05, this action is designated as a

**Track Three** Case.  All parties must meet any requirements established in Local Rule 3.05 for

cases designated as track three.  Counsel and any unrepresented party shall meet within sixty days

after service of the complaint upon any defendant for the purpose of preparing and filing a Case

Management Report. Parties should utilize the **attached** Case Management Report form.  Plaintiff

is responsible for serving a copy of this notice and any attachment to this notice upon all other

parties.

       SHERYL L. LOESCH, CLERK

       *Rita J. Cole*

       By:  R. Cole, Deputy Clerk

Date:  June 30, 2003

Distribution:
  -Original in Court file
  -Copies to plaintiff(s) [including habeas petitioner(s), bankruptcy appellants(s), and removing
  defendant(s)]
  -Case Management Report form attached to notice designating Track Two or Three Case

SCANNED



## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Tampa Division

**HARRY L. DORSEY, D.C. d/b/a Dorsey
Chiropractic Clinic, et al,**

       **Plaintiff,**

**v.**                                       **Case No.  8:03-cv-1273-T-26EAJ**

**STEVEN A. WILSON, D.C., P.A., et al,**

       **Defendant.**

_____ / _____

## CASE MANAGEMENT REPORT

     1.   <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on _____ (date) at _____ (time) (check one) (__) by telephone (or) (__) at _____ (place) and was attended by:

          Name                        Counsel for (if applicable _____

     2.   <u>Initial Disclosures</u>:

        a.   Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the

Rev: 4/01

possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

_____     have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _____ (date).[2]

_____     stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

                        _____     _____

                        _____     _____

_____     have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

                        _____     _____

                        _____     _____

                        _____     _____

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

Rev: 4/01

Case Management Report
Page 3

3.    Discovery Plan - Plaintiff:  The parties jointly propose the following
Plaintiff's discovery plan:

a.  Plaintiff's Planned Discovery: A description of every discovery
effort Plaintiff plans to pursue is described below.  The description of each
discovery effort will be listed under the appropriate heading below and will
include the subject matter of the discovery and the time during which the
discovery will be pursued:
(1) Requests for Admission:

Number of Requests for Admission:  Parties may seek to limit the
number of Plaintiff's requests for admission in accordance with Fed. R.
Civ. P. 26(b)(2).  Any such request must be made in paragraph 6
below and approved by the court.

(2) Written Interrogatories:

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless
otherwise permitted by the Court for cause shown, no party shall
serve upon any other party, at one time or cumulatively, more than
twenty-five (25) written interrogatories pursuant to Rule 33,
Fed.R.Civ.P., including all parts and subparts."  Any request by
Plaintiff to exceed this limit must be made in paragraph 6 below and
approved by the court.

Case Management Report
Page 4

        (3) Requests for Production or Inspection:

        (4) Oral Depositions:

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:    Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|

(cont'd)                                 Proposed length

Case Management Report
Page 5

| Name | of Deposition | Grounds |
|------|---------------|---------|
|      |               |         |

      b.  Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

      c.  Supplementation of Disclosures and Responses:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

      d.  Completion of Discovery:  Plaintiff will commence all discovery in time for it to be completed on or before _____ (date).

    4.    Discovery Plan - Defendant:  The parties jointly propose the following Defendant's discovery plan:

      a. Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

        (1) Requests for Admission:

Case Management Report
Page 6

Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

Rev: 4/01

Case Management Report
Page 7

(4) Oral Depositions:

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance
with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten
depositions per side may be taken in any case unless otherwise
ordered by the Court."  Any request by Defendant to exceed this limit
must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:  Each deposition is limited to one
day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless
extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take
the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|
|      |                               |         |

b.  Disclosure of Expert Testimony:  Parties stipulate, in accordance
with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2)
disclosure will be due as noted here:

Rev: 4/01

Case Management Report
Page 8

        c. Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

        d. Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before _____ (date).

    5.    Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

    6.    Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

    7.    Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be _____. (Note time limit in Local Rule 4.03.)

    8.    Settlement and Alternative Dispute Resolution: Pursuant to Local Rule

Case Management Report
Page 9

3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely          (check one)
___ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).          _____yes          _____no          _____likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

     9.   Consent to Magistrate Judge Jurisdiction:  The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.
_____yes          _____no          _____likely to agree in future

     10.   Preliminary Pretrial Conference:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
___request          (check one)
___do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

Case Management Report
Page 10

    11.   <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be
ready for a final pretrial conference on or after _____(date) and for trial on
or after ___  _____(date).  This **Jury** ___ **Non-Jury** ____ trial is expected to take
approximately _____ hours.



    12.   <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge
that they are aware of and will comply with pretrial disclosures requirements in Fed.
R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.



    13.   <u>Other Matters</u>:




                                        Date: _____

                                        Signature of Counsel (with information
                                        required by Local Rule 1.05(d)) and
                                        Signature of Unrepresented Parties


                                        _____

                                        _____

                                        _____

                                        _____

                                        _____

                                        _____        _____

                                        _____        _____

Rev: 4/01

AO85A (Rev. 8/98) Consent to Exercise of Jurisdiction by a United States Judge Over Specific Motion(s)

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

_____

_____

v.                                                    **Case No.**

_____              **CONSENT TO EXERCISE JURISDICTION BY A**
**UNITED STATES MAGISTRATE JUDGE OVER**
_____              **DISPOSITIVE MOTIONS DESCRIBED UNDER 28**
**U.S.C. § 636(b)(1)(B)**

## CONSENT TO EXERCISE OF JURISDICTION

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings and enter a final order as to each motion identified below.

MOTION(S)              _____

_____

_____

Party Represented                    Signatures                    Date

_____        _____        _____

_____        _____        _____

_____        _____        _____

## ORDER OF REFERENCE

**IT IS ORDERED** that the above motions(s) be referred to the United States Magistrate Judge assigned to this case to conduct all proceedings and enter a final order on such motions(s) in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

Date _____                    United States District Judge _____

NOTE:  RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

| Middle | District of | Florida |
|---|---|---|

**HARRY L. DORSEY, D.C. d/b/a Dorsey**
Plaintiff
V.


Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:          **Case No. 8:03-cv-1273-T-26EAJ**

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

| Date | United States District Judge |
|---|---|

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED
  <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

F I L E   C O P Y

Date Printed: 07/01/2003

Notice sent to:

✓   Susan L. Lawson, Esq.
    Law Office of Susan L. Lawson
    230 E. Davis Blvd.
    Tampa, FL  33606

    8:03-cv-01273   ch

    Richard A. Bokor, Esq.
    Law Office of Richard A. Bokor
    230 E. Davis Blvd.
    Tampa, FL  33606

    8:03-cv-01273   ch

O 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____MIDDLE_____          District of          _____FLORIDA_____

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

            Plaintiffs,
                  V.

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al.  ,

            Defendants.

**SUMMONS IN A CIVIL CASE**

CASE

TO: (Name and address of Defendant)       Aetna Health, Inc.
                                          c/o Registered Agent
                                          CT Corporation Systems
                                          1200 S. Pine Island Rd.
                                          Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire          Susan L. Lawson, Esquire
Richard A. Bokor, P.A.             Lawson & Associates, P.A.
230 E. Davis Blvd.                 230 E. Davis Blvd., Ste. 200
Tampa, FL  33606                   Tampa, FL  33606
813-251-1000                       813-251-8879
813-254-6327 (fax)                 813-251-5786 (fax)
FBN# 106580                        FBN# 139769
Attorney for Plaintiff             Attorney for Plaintiff

n answer to the complaint which is herewith served upon you, within ____20 (Twenty)____ days after service of this
ummons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

SHERYL L. LOESCH

CLERK

By) DEPUTY CLERK

JUN 19 2003

DATE

440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____MIDDLE_____ District of _____FLORIDA_____

arry L. Dorsey, D.C., d.b.a.
orsey Chiropractic Clinic, et al.

        Plaintiffs,
        V.

etna Health,Inc. (Formerly d.b.a.
etna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
ompany, Cigna Corporation; Connecticut General
ife Insurance Company; Great-West Life &
nnuity Insurance Company; Humana, Inc., et al. ,

        Defendants.

**SUMMONS IN A CIVIL CASE**

**TO:** (Name and address of Defendant)    Blue Cross & Blue Shield of Mississippi, **A**
                            Mutual Insurance Company
                            c/o: Registered Agent
                            Warren C. Dorsey, Jr.
                            3545 Lakewood Drive
                            Flowood, MS 39208

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL 33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

n answer to the complaint which is herewith served upon you, within ____20 (Twenty)____ days after service of this
ummons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

**SHERYL L. LOESCH**

                                      19

CLERK                                          DATE

Y CLERK

440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | FLORIDA |

arry L. Dorsey, D.C., d.b.a.
orsey Chiropractic Clinic, et al.

       Plaintiffs,
       V.

**SUMMONS IN A CIVIL CASE**

etna Health,Inc. (Formerly d.b.a.
etna US Healthcare, Inc.); Blue Cross
lue Shield Association, Blue Cross & **CASE**
lue Shield of Mississippi, A Mutual Insurance
ompany, Cigna Corporation; Connecticut General
ife Insurance Company; Great-West Life &
nnuity Insurance Company; Humana, Inc., et al.

       Defendants.

       TO: (Name and address of Defendant)  Cigna Corporation
                                 c/o: Registered Agent
                                 CT Corporation
                                 1200 S. Pine Island Rd.
                                 Plantation, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL 33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

n answer to the complaint which is herewith served upon you, within ___20 (Twenty)___ days after service of this
ummons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

SHERYL L. LOESCH

LERK

B+\ DEPUTY CLERK

DATE

440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>          District of          <u>FLORIDA</u>

arry L. Dorsey, D.C., d.b.a.
orsey Chiropractic Clinic, et al.

             Plaintiffs,
                V.

etna Health,Inc. (Formerly d.b.a.
etna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

             Defendants.

**SUMMONS IN A CIVIL CASE**

TO: (Name and address of Defendant)   Connecticut General Life Insurance Company
c/o: Tom Gallagher
Insurance Commissioner
Service of Process Division
Post Office Box 6200
Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

| | |
|---|---|
| Richard A. Bokor, Esquire | Susan L. Lawson, Esquire |
| Richard A. Bokor, P.A. | Lawson & Associates, P.A. |
| 230 E. Davis Blvd. | 230 E. Davis Blvd., Ste. 200 |
| Tampa, FL  33606 | Tampa, FL 33606 |
| 813-251-1000 | 813-251-8879 |
| 813-254-6327 (fax) | 813-251-5786 (fax) |
| FBN# 106580 | FBN# 139769 |
| Attorney for Plaintiff | Attorney for Plaintiff |

n answer to the complaint which is herewith served upon you, within ___20 (Twenty)___ days after service of this
ummons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

CHERYL L. LOESCH

19
JUN     2003

CLERK

_Liz Vasquez_

DEPUTY CLERK

DATE

440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____MIDDLE_____    District of    _____FLORIDA_____

arry L. Dorsey, D.C., d.b.a.
orsey Chiropractic Clinic, et al.

              Plaintiffs,
                 V.

etna Health,Inc. (Formerly d.b.a.
etna US Healthcare, Inc.); Blue Cross
3lue Shield Association, Blue Cross &
3lue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
ife Insurance Company; Great-West Life &
nnuity Insurance Company; Humana, Inc., et al.  ,

             Defendants.

**SUMMONS IN A CIVIL CASE**

**TO:** (Name and address of Defendant)   Great-West Life & Annuity Insurance Company
                            c/o: Tom Gallagher
                            Insurance Commissioner
                            Service of Process Division
                            Post Office Box 6200
                            Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL  33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

n answer to the complaint which is herewith served upon you, within   __20 (Twenty)__   days after service of this
ummons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

**SHERYL L. LOESCH**

JUN 19 2003

CLERK

DATE

DEPUTY CLERK

440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ MIDDLE _____   District of   _____ FLORIDA _____

arry L. Dorsey, D.C., d.b.a.
orsey Chiropractic Clinic, et al.

          Plaintiffs,
               V.

etna Health,Inc. (Formerly d.b.a.
etna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
ife Insurance Company; Great-West Life &
nnuity Insurance Company; Humana, Inc., et al. ,

          Defendants.

**SUMMONS IN A CIVIL CASE**

CASE

TO: (Name and address of Defendant)   Humana Insurance Company
                                       c/o: Registered Agnet
                                       Corporation Service Company
                                       1201 Hayes St. Suite 105
                                       Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire            Susan L. Lawson, Esquire
Richard A. Bokor, P.A.               Lawson & Associates, P.A.
230 E. Davis Blvd.                   230 E. Davis Blvd., Ste. 200
Tampa, FL  33606                     Tampa, FL 33606
813-251-1000                         813-251-8879
813-254-6327 (fax)                   813-251-5786 (fax)
FBN# 106580                          FBN# 139769
Attorney for Plaintiff               Attorney for Plaintiff

n answer to the complaint which is herewith served upon you, within   20 (Twenty)   days after service of this
ummons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
lief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

SHERYL L. LOESCH

_La Vasquez_

LERK

JUN 19 2003

DATE

440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____MIDDLE_____   District of   _____FLORIDA_____

arry L. Dorsey, D.C., d.b.a.
orsey Chiropractic Clinic, et al.

             Plaintiffs,
                   V.
etna Health,Inc. (Formerly d.b.a.
etna US Healthcare, Inc.); Blue Cross
3lue Shield Association, Blue Cross &
3lue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al.

             Defendants.

## SUMMONS IN A CIVIL CASE

### CASE

**TO:** (Name and address of Defendant)
Humana Medical Plan, Inc.
c/o: Registered Agent
Corporation Service Company
1202 Hayes Street
Tallahassee, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

| | |
|---|---|
| Richard A. Bokor, Esquire | Susan L. Lawson, Esquire |
| Richard A. Bokor, P.A. | Lawson & Associates, P.A. |
| 230 E. Davis Blvd. | 230 E. Davis Blvd., Ste. 200 |
| Tampa, FL  33606 | Tampa, FL 33606 |
| 813-251-1000 | 813-251-8879 |
| 813-254-6327 (fax) | 813-251-5786 (fax) |
| FBN# 106580 | FBN# 139769 |
| Attorney for Plaintiff | Attorney for Plaintiff |

n answer to the complaint which is herewith served upon you, within  ___20 (Twenty)___ days after service of this
ummons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

SHERYL L. LOESCH                                    JUN 19 2003

CLERK                                              DATE

_Sia Vasquez_
EPUTY CLE

440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | FLORIDA |

arry L. Dorsey, D.C., d.b.a.
orsey Chiropractic Clinic, et al.

              **Plaintiffs,**
              **V.**                        **SUMMONS IN A CIVIL CASE**

etna Health,Inc. (Formerly d.b.a.
etna US Healthcare, Inc.); Blue Cross
3lue Shield Association, Blue Cross &      **CASE**
3lue Shield of Mississippi, A Mutual Insurance
ompany, Cigna Corporation; Connecticut General
ife Insurance Company; Great-West Life &
nnuity Insurance Company; Humana, Inc., et al.

              **Defendants.**

**TO:** (Name and address of Defendant)

Pacific Life & Annuity Company
c/o: Tom Gallagher
     Insurance Commissioner
     Service of Process Division
     Post Office Box 6200
     Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire          Susan L. Lawson, Esquire
Richard A. Bokor, P.A.             Lawson & Associates, P.A.
230 E. Davis Blvd.                 230 E. Davis Blvd., Ste. 200
Tampa, FL  33606                   Tampa, FL 33606
813-251-1000                       813-251-8879
813-254-6327 (fax)                 813-251-5786 (fax)
FBN# 106580                        FBN# 139769
Attorney for Plaintiff             Attorney for Plaintiff

n answer to the complaint which is herewith served upon you, within    20 (Twenty)    days after service of this
ummons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

SHERYL L. LOESCH

CLERK

DATE   JUN 19 2003

DEPUTY CI

440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | FLORIDA |
|---|---|---|

arry L. Dorsey, D.C., d.b.a.
orsey Chiropractic Clinic, et al.

          **Plaintiffs,**
          **V.**

etna Health,Inc. (Formerly d.b.a.
etna US Healthcare, Inc.); Blue Cross
lue Shield Association, Blue Cross &
lue Shield of Mississippi, A Mutual Insurance
ompany, Cigna Corporation; Connecticut General
ife Insurance Company; Great-West Life &
nnuity Insurance Company; Humana, Inc., et al. ,

          **Defendants.**

**SUMMONS IN A CIVIL CASE**

**CASE**

**TO:** (Name and address of Defendant)
Principal Life Insurance Company
c/o: Tom Gallagher
    Insurance Commissioner
    Service of Process Division
    Post Office Box 6200
    Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL  33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

n answer to the complaint which is herewith served upon you, within ___20 (Twenty)___ days after service of this
ummons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
elief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
fter service.

SHERYL L. LOESCH

JUN 19 2003

CLERK                          DATE

    (By) DEPUTY CL

440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| MIDDLE | District of | FLORIDA |
|---|---|---|

Harry L. Dorsey, D.C., d.b.a.
Dorsey Chiropractic Clinic, et al.

Plaintiffs,
V.

Aetna Health,Inc. (Formerly d.b.a.
Aetna US Healthcare, Inc.); Blue Cross
Blue Shield Association, Blue Cross &
Blue Shield of Mississippi, A Mutual Insurance
Company, Cigna Corporation; Connecticut General
Life Insurance Company; Great-West Life &
Annuity Insurance Company; Humana, Inc., et al. ,

Defendants.

## SUMMONS IN A CIVIL CASE

**TO:** (Name and address of Defendant)  United Healthcare Insurance Company
c/o Tom Gallagher
Insurance Commissioner
Service of Process Division
Post Office Box 6200
Tallahassee, FL 32314-6200

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Richard A. Bokor, Esquire
Richard A. Bokor, P.A.
230 E. Davis Blvd.
Tampa, FL  33606
813-251-1000
813-254-6327 (fax)
FBN# 106580
Attorney for Plaintiff

Susan L. Lawson, Esquire
Lawson & Associates, P.A.
230 E. Davis Blvd., Ste. 200
Tampa, FL 33606
813-251-8879
813-251-5786 (fax)
FBN# 139769
Attorney for Plaintiff

an answer to the complaint which is herewith served upon you, within ___20 (Twenty)___ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

By) DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARRY L. DORSEY, D.C., d.b.a.
DORSEY CHIROPRACTIC CLINIC;
ELVIN D. BLACKWELL, D.C. d.b.a.
BLACKWELL CHIROPRACTIC CENTER,
RICHARD R. SHAKER, D.C., P.A.,
and STEVEN A. WILSON, D.C., P.A., individually
and on behalf of all individuals similarly situated,



Case No.:

8 03cv 1273-T26 EAJ

       Plaintiffs,

vs.

AETNA, INC., AETNA HEALTH, INC.(Formerly d.b.a.
AETNA US HEALTHCARE, INC.); BLUE CROSS BLUE SHIELD
ASSOCIATION, BLUE CROSS & BLUE SHIELD
OF MISSISSIPPI, A MUTUAL INSURANCE COMPANY;
CIGNA CORPORATION; CONNECTICUT GENERAL
LIFE INSURANCE COMPANY; GREAT-WEST
LIFE & ANNUITY INSURANCE COMPANY;
HUMANA INC., HUMANA INSURANCE COMPANY
(Formerly d.b.a. EMPLOYERS HEALTH INSURANCE
COMPANY); HUMANA MEDICAL PLAN, INC.; PACIFIC
LIFE & ANNUITY COMPANY; PRINCIPAL LIFE INSURANCE
COMPANY; UNITED HEALTHCARE INSURANCE COMPANY,
UNITED HEALTH GROUP INCORPORATED (Formerly a.k.a.
UNITED HEALTH CARE CORPORATION),

       Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiffs, by and through their undersigned attorneys, submit the following consolidated,

Class Action Complaint.

## NATURE OF THE CASE

1.    The Individual Plaintiffs (as defined herein) bring this action on behalf of themselves

and on behalf of a class of similarly situated persons to seek redress for Defendants' illegal acts,

SCANNED

which have resulted in loss of property and detriment to Plaintiffs' businesses.

2.    The Individual Plaintiffs (as defined herein) seek declaratory and injunctive relief on behalf of all class members who continue to suffer as a result of Defendants' illegal conduct.

3.    Moreover, the Individual Plaintiffs (collectively referred to throughout this Complaint as Plaintiffs) bring this action because they believe Defendants' scheme is detrimental to the health of their patients and to the welfare of the general public.

4.    Defendants take funds that have been rightfully earned by chiropractic payments and divert them to their own profits.  Without adequate and timely payments, chiropractors cannot maintain their practices and cannot provide the continuity of care that patients require as a matter of sound chiropractic practice.

5.    As set forth in this Complaint, Defendants have undertaken a common scheme to systematically deny, delay and diminish payments to chiropractic care providers.

6.    To this end, Defendants covertly manipulate, maneuver, and exploit longstanding, accepted industry-wide practices for financial gain.

7.    Defendants equate chiropractic necessity with financial expediency, despite the clinical and financial consequences.

8.    In pursuit of their own profits, Defendants routinely and improperly manipulate the coding practices, which have formed the basis for chiropractic reimbursement from third party and government payers for decades.

9.    Defendants' capitation payment schedules are founded on actuarially unsound principles and are manipulated by Defendants to increase their profits at the expense of the chiropractors who provide chiropractic services.

10.    Defendants knowingly and systematically deny and delay payments due chiropractors

and profit from the moneys wrongfully retained.

11.     Defendants' scheme has been successful as a result of Defendants' conspiratorial efforts, their exertion of economic power and their use of third parties who provide the means and the methods for Defendants' fraudulent practices.

12.     If chiropractic practice in the United States is to remain viable and if chiropractic care is to remain available, Defendants' illegal practices must end.

13.     Plaintiffs seek a declaration regarding Defendants' fraudulent practices as set forth herein.  Plaintiffs also seek injunctive relief.  The individual Plaintiffs and the class also seek to recover damages and restitution for the injury to their businesses and property resulting from Defendants' activities.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over the subject matter of this action pursuant to 18 U.S.C. § 1961, 1962, 1964, 15 U.S.C. § 1 *et seq.*, and 28 U.S.C. § 1331, 1337 and 1367.  The Court has personal jurisdiction over the defendants pursuant to 18 U.S.C. § 1965(b) and (d).

15.     Venue is proper in this district pursuant to 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b).

## PARTIES

**PLAINTIFFS**:

### The Individual Plaintiffs

16.     Plaintiff, Elvin D. Blackwell, D.C., a chiropractic physician is a resident of the State of Texas, and is a citizen of the United States of America.  Dr. Blackwell provides or has provided

services to patients insured with Pacific, Principal and Humana.

17.     Plaintiff, Harry L. Dorsey, D.C., a chiropractic physician, is a resident of the State of Mississippi, and is a citizen of the United States of America.  Dr. Dorsey provides or has provided services to patients insured with Defendants Aetna, Blue Cross, CIGNA (Connecticut General Life Insurance Company), and United.

18.     Plaintiff, Richard R. Shaker, D.C., a chiropractic physician, is a resident of the State of Florida, and is a citizen of the United States of America.  Dr. Shaker provides or has provided services to patients insured with Defendants, CIGNA and Great-West.

19.     Plaintiff, Steven A. Wilson, D.C., D.A.B.N., a chiropractic physician is a resident of the State of Florida, and is a citizen of the United States of America.  Dr. Wilson provides or has provided services to patients insured with Humana.

**DEFENDANTS:**

20.     Defendants pay chiropractors through two types of agreements: capitation and fee for service.  Regardless of the method of payment, all of the substantive practices, policies, and procedures of the Defendants' health plans are established, implemented, monitored and ratified by the Defendants themselves.  The local subsidiaries of the named Defendants do not function as independent corporate entities but rather have an alter-ego relationship with the named Defendants, which generally direct and control the operations of said subsidiaries.

21.     When the Defendants pay capitation, they sometimes delegate certain functions to independent chiropractic associations (ICA's) and/or third party administrators. The ICAs and/or third party administrators then carry out the delegated functions on behalf of and at the direction of the Defendants.

22.     The Defendants mandate that the ICA's and/or third party administrators comply with the policies and procedures of the Defendants when they carry out delegated functions. The Defendants also audit the ICA's and/or third party administrators to ensure that they are carrying out the delegated functions in a manner consistent with the policies and procedures of the Defendants and if any ICA or third party administrator fails to do so, the Defendants reserve the right to revoke the delegated function. The delegated functions often include claims handling.

23.     In regard to delegated functions, ICA's and/or third party administrators function as mere conduits through which the Defendants conduct business. Accordingly, any reference throughout the complaint to "Defendants" shall include all of the Defendants' operations, whether the functions are performed directly by Defendants or by Defendants operating through subsidiaries or through ICA's and/or third party administrators.

24.     As Defendants have engaged in the unlawful overt and predicate acts against the ICA's and/or third party administrators, the ICA's and/or third party administrators are not co-conspirators or otherwise involved in the aiding or abetting of the violations set forth herein.

25.     Each Defendant named herein is responsible for the distribution of the advertising, marketing, and membership materials described herein for its respective Health Plans. Additionally, each Defendant is responsible for the preparation and distribution of its provider agreements entered into between itself and its chiropractic healthcare providers for all of its Health Plans.

26.     Whenever this Complaint alleges that any Defendant did any act or thing, it is meant that it or its directors and/or its subsidiaries, affiliates, directors, officers, agents, or

employees performed or participated in such act or thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of each Defendant performed or participated in such act or thing, they were authorized to and did in fact act on behalf of that Defendant.

27.     At all relevant times, each Defendant and Defendant health plan was an agent and/or employer of the other Defendants and the other Defendants health plans. In committing the acts alleged herein, Defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective Defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Defendants and Defendants' health plans alleged herein were ratified and approved by the other respective Defendants and Defendants' health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

28.     At all relevant times, each co-conspirator was respectively an agent and/or employer of each and every other co-conspirator and the respective Defendants.   In committing the acts alleged herein, the co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other co-conspirators and Defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

29.     All actions of the co-conspirators and the respective Defendants alleged herein were ratified and approved by the other respective co-conspirators and the respective Defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

### Aetna

30.     Defendant Aetna, Inc. is a Connecticut corporation with its corporate headquarters located at 151 Farmington Avenue, Hartford, Connecticut.

31.     Defendant Aetna Health, Inc. ("Aetna Health") is a Pennsylvania corporation, located at 980 Jolly Road, P. O. Box 1109, Blue Bell, Pennsylvania.  Aetna Health, Inc. is the wholly-owned subsidiary of Aetna, Inc. and was formerly doing business as Aetna US Healthcare, Inc.

32.     Both the "Aetna Health" and the Aetna Inc. plans are collectively referred to as the "Aetna Health Plans" and include HMO, PPO, POS, and Indemnity plans.

33.      Aetna, Inc., Aetna Health, and the Aetna Health Plans as a whole are responsible for the distribution of the advertising, marketing, and membership materials described herein for all the defendants' HMOs, POS plans, and PPOs.  Additionally, Aetna, Inc. Aetna Health, and the Aetna Health Plans are responsible for the preparation and distribution of the provider agreements entered into between Aetna Health Plans and Aetna's chiropractic providers, for all the defendants' HMO, POS, PPO and Indemnity plans.

34.     Whenever this Complaint alleges that Aetna did any act or thing, it is meant that Aetna, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Aetna performed or participated in such act or thing, they

were authorized to and did in fact act on behalf of Aetna.

35.     At all relevant times, each Aetna defendant and Aetna health plan was an agent and/or employer of the other Aetna defendants and Aetna health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Aetna defendants and Aetna health plans alleged herein were ratified and approved by the other respective Aetna defendants and Aetna health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

36.     At all relevant times, each Aetna plan co-conspirator was respectively an agent and/or employer of each and every other Aetna plan co-conspirator and the respective defendants.   In committing the acts alleged herein, the Aetna plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Aetna plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

37.     All actions of the Aetna plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Aetna plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

## BLUE CROSS

38.      Defendant BLUE CROSS BLUE SHIELD ASSOCIATION's headquarters are located at 225 N. Michigan Ave., Chicago, Illinois. BLUE CROSS healthcare products are marketed in all 50 states and Canada.  BLUE CROSS BLUE SHIELD ASSOCIATION is the corporate governing body for approximately 66 subsidiaries (including, but not limited to Defendant, Blue Cross & Blue Shield of Mississippi, A Mutual Insurance Company), that provide health care services.

39.      BLUE CROSS & BLUE SHIELD Of MISSISSIPPI, A MUTUAL INSURANCE COMPANY, has its corporate headquarters at 3545 Lakeland, Drive, Flowood, Mississippi.

40.      The BLUE CROSS healthcare plans are collectively referred to as the "Blue Cross Health Plans."  BLUE CROSS operates HMO, PPO and POS plans nationwide.

41.      Whenever this Complaint alleges that BLUE CROSS did any act or thing, it is meant that BLUE CROSS, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of BLUE CROSS performed or participated in such act or thing, they were authorized to and did in fact act on behalf of BLUE CROSS.

42.      At all relevant times, each BLUE CROSS defendant and BLUE CROSS health plan was an agent and/or employer of the other BLUE CROSS defendants and BLUE CROSS health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.  All actions of the BLUE CROSS defendants and BLUE CROSS health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations

- 9 -

set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

43.    At all relevant times, each BLUE CROSS plan co-conspirator was respectively an agent and/or employer of each and every other BLUE CROSS plan co-conspirator and the respective defendants. In committing the acts alleged herein, the BLUE CROSS plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other BLUE CROSS plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

44.    All actions of the BLUE CROSS plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective BLUE CROSS plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

<div align="center">

**CIGNA**

</div>

45.    Defendant CIGNA Corporation is a Delaware corporation with corporate headquarters at One Liberty Place, Philadelphia, Pennsylvania. CIGNA's healthcare products are marketed in all 50 states. It has managed care networks serving 45 states and the District of Columbia. CIGNA is the parent corporation of a number of subsidiaries (including, but not limited to Defendant, Connecticut General Life Insurance Company) that provide health care services. The CIGNA healthcare plans are collectively referred to as the "CIGNA Health Plans." CIGNA operates HMO, PPO, and POS plans

nationwide.

46.     Whenever this Complaint alleges that CIGNA did any act or thing, it is meant that CIGNA, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of CIGNA performed or participated in such act or thing, they were authorized to and did in fact act on behalf of CIGNA.

47.     At all relevant times, each CIGNA defendant and CIGNA health plan was an agent and/or employer of the other CIGNA defendants and CIGNA health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the CIGNA defendants and CIGNA health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs. At all relevant times, each CIGNA plan co-conspirator was respectively an agent and/or employer of each and every other CIGNA plan co-conspirator and the respective defendants.  In committing the acts alleged herein, the CIGNA plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other CIGNA plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

48.     All actions of the CIGNA plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective CIGNA plan co-conspirators and the

respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

<div align="center">

**Great-West**

</div>

51.     Defendant Great-West Life & Annuity Insurance Company has its principal place of business at 8515 E. Orchard Road, Greenwood Village, Colorado.

52.     Defendant Great-West Life & Annuity Insurance Company provides HMO, PPO and POS insurance plans nationwide.

53.     Whenever this Complaint alleges that Great-West did any act or thing, it is meant that Great-West, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Great-West performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Great-West.

54.     At all relevant times, each Great-West defendant and Great-West health plan was an agent and/or employer of the other Great-West defendants and Great-West health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Great-West defendants and Great-West health plans alleged herein were ratified and approved by the other respective Great-West defendants and Great-West health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth

<div align="center">

- 12 -

</div>

herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs. At all relevant times, each Great-West plan co-conspirator was respectively an agent and/or employer of each and every other Great-West plan co-conspirator and the respective defendants. In committing the acts alleged herein, the Great-West plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Great-West plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

55.     All actions of the Great-West plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Great-West plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

## Humana

56.     Defendant Humana, Inc. (Humana) is a Delaware corporation with corporate headquarters at 500 West Main Street, Louisville, Kentucky. Humana, Inc. is the parent corporation of a number of subsidiaries that provide health care services including Defendants, Humana Insurance Company ("HIC") and Humana Medical Plan, Inc. ("HMP"). Through these entities (also collectively referred to as the "Humana Health Plans," unless otherwise specified), Humana, Inc., HIC and HMP operate HMO, PPO and POS plans nationwide.

57.     Defendant Humana Insurance Company ("HIC") is a Wisconsin corporation with headquarters at 500 West Main Street, Louisville, Kentucky.

58.     Defendant Humana Medical Plan, Inc. ("HMP") is a Florida corporation with corporate

headquarters at 3501 SW 160<sup>th</sup> Avenue, Miramar, FL 33027.

59.     Humana and/or HMP and/or HIC operate HMO, PPO and POS plans and employee benefit plans in at least 37 states.

60.     Unless otherwise specified, Humana, Inc., HIC, HMP and the Humana Health Plans, as well as Humana-owned, Humana-operated, Humana-controlled entities that offer health insurance, are collectively referred to herein as "Humana."

61.     Whenever this Complaint alleges that Humana did any act or thing, it is meant that Humana, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Humana performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Humana.

62.     At all relevant times, each Humana defendant and Humana health plan was an agent and/or employer of the other Humana defendants and Humana health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Humana defendants and Humana health plans alleged herein were ratified and approved by the other respective Humana defendants and Humana health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

63.     At all relevant times, each Humana plan co-conspirator was respectively an agent and/or employer of each and every other Humana plan co-conspirator and the respective defendants. In

- 14 -

committing the acts alleged herein, the Humana plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Humana plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

64.     All actions of the Humana plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Humana plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

<div align="center"><u>Pacific Life & Annuity Company</u></div>

65.     Defendant Pacific Life & Annuity Company ("Pacific") is a California corporation with its headquarters located at 700 Newport Center Drive, Newport Beach, CA 92660.

66.     Defendant Pacific Life & Annuity Company ("Pacific") provides PPO plans nationwide.

67.     Whenever this Complaint alleges that Pacific did any act or thing, it is meant that Pacific, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Pacific performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Pacific.

68.     At all relevant times, each Pacific defendant and Pacific health plan was an agent and/or employer of the other Pacific defendants and Pacific health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated

<div align="center">- 15 -</div>

and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Pacific defendants and Pacific health plans alleged herein were ratified and approved by the other respective Pacific defendants and Pacific health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

69.     At all relevant times, each Pacific plan co-conspirator was respectively an agent and/or employer of each and every other Pacific plan co-conspirator and the respective defendants. In committing the acts alleged herein, the Pacific plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other Pacific plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

70.     All actions of the Pacific plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Pacific plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

### Principal Life Insurance Company

71.     Defendant Principal Life Insurance Company ("Principal") is an Iowa corporation with its principal place of business located at 711 High St., Des Moines, IA.

72.     Defendant Principal Life Insurance Company ("Principal") provides HMO, PPO and POS plans nationwide.

73.     Whenever this Complaint alleges that Principal Life Insurance Company did any act or thing, it is meant that Principal Life Insurance Company, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates, directors, officers, agents, or employees of Principal Life Insurance Company performed or participated in such act or thing, they were authorized to and did in fact act on behalf of Principal Life Insurance Company.

74.     At all relevant times, each Principal Life Insurance Company defendant and Principal Life Insurance Company health plan was an agent and/or employer of the other Principal Life Insurance Company defendants and Principal Life Insurance Company health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Principal Life Insurance Company defendants and Principal Life Insurance Company health plans alleged herein were ratified and approved by the other respective Principal Life Insurance Company defendants and Principal Life Insurance Company health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

75.     At all relevant times, each Principal Life Insurance Company plan co-conspirator was respectively an agent and/or employer of each and every other Principal Life Insurance Company plan co-conspirator and the respective defendants. In committing the acts alleged herein, the Principal Life Insurance Company plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the

- 17 -

other Principal Life Insurance Company plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

76.    All actions of the Principal Life Insurance Company plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective Principal Life Insurance Company plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

### United

77.    Defendant United Healthcare Insurance Company (UHIC) has its principle place of business at 450 Columbus Blvd., Hartford, CT. and is a subsidiary of Defendant, United Health Group Incorporated.

78.    Defendant United Health Group Incorporated ("United") is a Minnesota corporation and the parent corporation of the entities that operate the United health plans.  United's headquarters are located at 300 Opus Center, 9900 Bren Road East in Minnetonka, Minnesota. In its 1998 Form 10K/A filed with the Securities and Exchange Commission ("SEC"), United also refers to itself as United HealthCare Corporation.

79.    United is the parent corporation of a number of subsidiaries that provide health care services including but not limited to United Healthcare Insurance Company.  United operates HMO, PPO and POS plans nationwide.

80.    Whenever this Complaint alleges that United did any act or thing, it is meant that United, and the directors of said entities, or their subsidiaries, affiliates, directors, officers, agents, or employees who performed or participated in such thing, and in each instance where the subsidiaries, affiliates,

directors, officers, agents, or employees of United performed or participated in such act or thing, they were authorized to and did in fact act on behalf of United.

81.    At all relevant times, each United defendant and United health plan was an agent and/or employer of the other United defendants and United health plans. In committing the acts alleged herein, these defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of their other respective defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.  All actions of the United defendants and United health plans alleged herein were ratified and approved by the other respective United defendants and United health plans or their respective officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to the Plaintiffs.

82.    At all relevant times, each United plan co-conspirator was respectively an agent and/or employer of each and every other United plan co-conspirator and the respective defendants.   In committing the acts alleged herein, the United plan co-conspirators acted within the scope of their respective agency and/or employment and were acting with the consent, permission, authorization and knowledge of each of the other United plan co-conspirators and defendants respectively, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein.

83.    All actions of the United plan co-conspirators and the respective defendants alleged herein were ratified and approved by the other respective United plan co-conspirators and the respective defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators even though the overt and predicate acts in furtherance of the conspiracy and aiding and abetting violations set forth herein have been and are contrary to stated corporate policy and to representations to

- 19 -

the Plaintiffs.

## CLASS ALLEGATIONS

84.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

### Class Definitions

85.     Plaintiffs bring this action on their own behalf and, pursuant to Fed.R.Civ.P. 23(b)(1)(A), (b)(2), and/or (b)(3), and USDC Middle District of Florida Local Rule 23.1, as a class action on behalf of themselves and the nationwide class of all persons defined as:

**Global Class.** All chiropractors who provided services to any person insured by any defendant from May 1, 1993 to [the date of certification].  This class is seeking certification for its claims of conspiracy to violate the Racketeering Influenced and Corrupt Organizations Act (RICO) and  for aiding and abetting violations of RICO.

86.     The Court should also certify a national subclass:

**National Subclass**. Chiropractors who provided services to any person insured by a Defendant, when the chiropractor has a claim against such Defendant. This subclass is seeking certification for its claims of Breach of Contract, Quantum Meruit, RICO violations, Unjust Enrichment, and State Prompt Pay Claims.

86.     In addition, the Court should certify a Florida subclass:

**Florida Subclass.** Chiropractors who provided services to any person insured in Florida by any defendant.  This subclass is seeking certification for its  claims under Florida Statute §627.613 and §641.3155.

87.     In addition, the Court should certify a Mississippi subclass:

**Mississippi Subclass.**   Chiropractors who provided services to any person insured in Mississippi by any defendant. This subclass is seeking certification for its claims under Miss. Code 83-

9-5.

88.     In addition, the Court should certify a Texas subclass:

**Texas Subclass.** Chiropractors who provided services to any person insured in

Mississippi by an defendant.  This subclass is seeking certification for its claims under Tex. Insurance

Code Ann. §20A.18B.

<u>Typicality</u>

89.     The named plaintiffs and the alleged class each and all have tangible and legally

protected interests at stake in this action.

90.     The claims of the named class representatives and the absent class members have a

common origin and share a common basis.  The claims of all class members originate from the same

illegal, extortionate, fraudulent, conspiratorial, and aiding and abetting practices of the Defendants and

the Defendants' healthcare plans.

91.     The proposed class representatives state a claim for which relief can be granted that is

typical of the claims of absent class members. Each proposed class representative has been a victim of

one of more of the illegal practices described herein, perpetrated by one or more of the Defendants.

92.     Dr. Blackwell has been the victim of bundling, down-coding, delayed payments,

wrongful denials, inappropriate chiropractic necessity determinations and increased administrative

expenses, among others.

93.     Dr. Dorsey has been the victim of bundling, down-coding, delayed payments, wrongful

denials, inappropriate chiropractic necessity determinations and increased administrative expenses,

among others. Dr. Shaker has been the victim of down coding, bundling, delayed payments, wrongful

denials, increased administrative expenses, inappropriate chiropractic necessity determinations, among

others.

94.     Dr. Wilson has been the victim of bundling, down-coding, delayed payments, wrongful denials, inappropriate chiropractic necessity determinations, and increased administrative expenses, and capitation-related problems, among others.

95.     The named plaintiffs and the alleged class each and all have tangible and legally protected interests at stake in this action.

96.     The claims of the named class representatives and the absent class members have a common origin and share a common basis. The claims of all class members originate from the same heavy-handed, extortionate and fraudulent practices of the defendants and the defendants' healthcare plans of conspiracy and aiding and abetting.

97.     The proposed class representatives state a claim for which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, each class member would necessarily be required to prove the instant claim upon the same material and substantive facts, upon the same remedial theories and would be seeking the same relief.

98.     The claims and remedial theories pursued by the named class representatives are sufficiently aligned with the interests of absent class members to ensure that the universal claim of the class will be prosecuted with diligence and care by the plaintiffs as representatives of the class.

### Numerosity

99.     The members of the class ("class members") are so numerous that joinder of all members is impracticable. Defendants offer health care plans to over 100 million subscribers and accomplish this through the services of over 500,000 chiropractors. The class of chiropractors, however, is ascertainable as the names and addresses of all class members can be identified in business records maintained by the Defendants.

### Commonality

- 22 -

100.    There are questions of law and fact common to the class.  Such common questions include, *inter alia*:

1.    Whether Defendants conspired and/or aided and abetted each other in furtherance of the unlawful acts alleged herein;

2.    Whether Defendants engaged in a pattern of racketeering activity in violation of RICO;

3.    Whether Defendants' overt and/or predicate acts in furtherance of the conspiracy and/or aiding and abetting proximately caused and causes injury to the plaintiffs' and class members' business or property or irreparably harmed and harms the plaintiffs and the class and if so, the appropriate relief to which they are entitled;

4.    Whether Defendants' acts and practices constitute violations of applicable law for which Plaintiffs and members of the class are entitled to recover restitution or damages or for which disgorgement of ill-gotten monies is appropriate;

5.    Whether Defendants' requirement that Plaintiffs and the Class accept Defendants' product requirements is extortionate;

6.    Whether the Defendants' acts are extortionate;

7.    Whether the Defendants' acts constitute mail and wire fraud;

8.    Whether the Defendants have acted in violation of 18 U.S.C. § 1954.

9.    Whether the Defendants have violated the Travel Act.

10.    Whether the Defendants set payment rates which are not sufficient to adequately reimburse chiropractors for the provision of chiropractic services to plan members, participants, and enrollees;

11.    Whether the Defendants utilize capitation arrangements with respect to pools of patients which are not sufficiently large to permit sound actuarial projections;

- 23 -

12.    Whether the Defendants have breached applicable contracts with plaintiffs and the class;

13.    Whether the Defendants are liable to plaintiffs and the class under quantum meruit (work and labor done);

14.    Whether the Defendants have been unjustly enriched through the activities described herein;

15.    Whether the Defendants violated state prompt pay statutes;

Whether the Defendants violated Florida Statute §627.613 and §641.3155; Miss. Code 83-9-5 and/or Tex. Insurance Code Ann. §20A.18B.

101.    Adjudications with respect to individual members of the class would, as a practical matter, be determinative of the interests of the other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

102.    Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate final relief with respect to the class as a whole necessary. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Such incompatible standards, inconsistent or varying adjudications on what, of necessity, would be the same essential facts, proof and legal theories, would create and allow to exist inconsistent and incompatible rights within the plaintiff class.

103.    Further, the failure to permit this cause to proceed as a class action under Rule 23(b)(1)(A) would be contrary to the beneficial and important public policy underlying judicial economy in avoiding a multiplicity of similar actions.

104.    Declaratory and injunctive relief are appropriate for the class as a whole, making

certification appropriate under Rule 23(b)(2).

105.    Questions of law and fact applicable to the class predominate over individual questions and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Therefore, certification is appropriate under Rule 23(b)(3).

106.    Failure to permit this action to proceed under Rule 23 would be contrary to the public policy encouraging the economies of attorney and litigant time and resources. In addition, public policy and the authorities under Rule 23 favor class actions for the purpose of, *inter alia*, deterring wrongdoing and providing judicial relief for individually small, commonly based claims.

107.    The named plaintiffs are willing and prepared to serve the court and proposed class in a representative capacity with all of the obligations and duties material thereto.

108.    The self-interests of the named class representatives are co-extensive with and not antagonistic to those of the absent class members. The proposed representatives will undertake to well and truly protect the interests of the absent class members.

109.    The named plaintiffs have engaged the services of counsel indicated below. The said counsel are experienced in complex class litigation and will adequately prosecute this action and will assert, protect and otherwise represent well the named class representatives and absent class members.

110.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the class is impracticable. There will be no difficulty in the management of this action as a class action.

111.    The plaintiffs will fairly and adequately protect the interests of the class members and have no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

- 25 -

112.     There exist no administrative remedies available to them prior to bringing this suit, and even where administrative remedies are allegedly available, the exercise of the same is futile.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS
## AGAINST ALL DEFENDANTS

### Defendants' Manipulation of the CPT Codes

113.     Plaintiffs and class members provide chiropractic services to Defendants' insureds and to members of Defendants' health plans and are to be reimbursed by Defendants for those services.

114.     Following the provision of chiropractic services, Plaintiffs and class members must submit a claim submission form.

115.     The HCFA-1500 form is universally used by chiropractors for claims submissions to third party payers.  The HCFA 1500 is a health insurance claim form developed by the Health Care Financing Administration. This form contains the threshold information required for processing a claim. Among other information, the HCFA-1500 form requires a diagnosis code and a CPT procedure code for chiropractic services.

116.     CPT codes were first developed and published by the American Medical Association (AMA) in 1966.

117.     According to the AMA, Current Procedural Terminology (CPT) is a listing of descriptive terms and identifying codes for reporting chiropractic services and procedures. The purpose of CPT is to provide a uniform language that accurately describes chiropractic, and diagnostic services. CPT procedure codes include codes for, among other things, office visits, that are variable based on the complexity or length of the office visit. These codes are called E and M codes for evaluation and management. The data contained on a HCFA-1500 form does not contain anything that would allow a benefit analyst or claims processor to make a distinction between E and M codes.

118.     CPT codes provide the basis for chiropractic reimbursement, indicating to the

- 26 -

insurer the services provided by the chiropractic physician.

119.       This uniform coding process allows automated logic to be applied to chiropractors across-the-board.

120.       Each Individual Plaintiff, and each class member, necessarily relied on the understanding that they would be paid by one or more of the Defendants for chiropracticly necessary services and procedures according to the CPT codes for the procedures and services that they performed.

121.       Rather than paying Plaintiffs for chiropracticly necessary services in accordance with standard coding practices, Defendants have engaged in a common fraudulent scheme designed to systematically deny, delay and diminish payments to chiropractic health care providers.

## Systematic and Intentional Delay and Denial of Payments

122.       Defendants do not use chiropractic necessity criteria in making coverage and treatment decisions and in reimbursing chiropractors. Instead, Defendants use cost-based criteria to approve or deny chiropractic benefit claims by Plaintiffs and the class. These undisclosed cost-based criteria include Defendants own guidelines and criteria, as well as guidelines developed in concert with third parties. Defendants and these third parties have developed purported actuarial criteria, unrelated to chiropractic necessity, for the purpose of wrongfully denying payment of claims and reducing payments to providers.

123.       Defendants systematically deny valid claims submitted for payment by the Individual Plaintiffs and by the class members.

124.       Defendants also deliberately delay payments in order to benefit financially from their retention of payments due to chiropractors.

125.       Defendants provide incentives to claims reviewers to delay or deny payments. For

example, Defendants provide direct financial incentives to claims reviewers who deny claims for service or limit payments regardless of whether those claims are chiropracticly necessary. Such claims reviewers are either employees of Defendants or are contracted third parties. The bonuses and financial incentives include direct bonus payments and other benefits to claim reviewers who deny a certain percentage or absolute number of submitted claims from Plaintiffs and the class.

## Downcoding and Bundling

126.    Defendants have implemented systematic claims processes to manipulate CPT codes submitted by Plaintiffs and class members in order to downcode and bundle claims, and to delay and wrongfully deny payments. Defendants use software capable of modifying CPT code protocols set by the American Medical Association. This enables Defendants to manipulate the reimbursement rates.

127.    Defendants engage in automatic downcoding of claims submitted by chiropractors, a process whereby, among other things, Defendants arbitrarily, and without prior notice, change the code assigned to rendered services so as to reduce the payments due chiropractors.

128.    Defendants also engage in undisclosed automatic bundling of claims submitted by chiropractors, a process whereby, among other things, Defendants arbitrarily, and without prior notice, combine the codes of two or more procedures in order to reduce the payments due chiropractors.

129.    As a result of Defendants' practices, Plaintiffs and the class bear the burden of ever-increasing expenditures of administrative time and expense, all without compensation.

## Coercive Use of Economic Power

130.    Defendants have utilized their overwhelming and dominant economic and market power to coerce Plaintiffs and the class into providing care and accepting Defendants' policies and practices on a "take it or leave it" basis. Defendants' economic and market power is exacerbated and enforced through the enterprise, conspiracy, and aiding and abetting alleged below. Defendants refuse to

meaningfully negotiate regarding policies, practices, payment rates, and contract provisions.

131.     Through their overall dominance of the managed care industry, Defendants have engaged in extortionate conduct through the use of their restrictive "all products" requirements, which requires Plaintiffs and the class members to accept other coercive policies and practices or risk being denied patient referrals or even being "black-listed" by Defendants altogether.

132.     Through their market dominance, Defendants have also maintained a policy and practice of retaining the power to unilaterally amend chiropractic agreements.

133.     Defendants fail to provide Plaintiffs and class members due process or a reasonable appeal process.

**Fraudulent Practices Related to Capitation Agreements**

134.     In addition to the above, Defendants have undertaken the following specific activities directed at chiropractors operating pursuant to capitation arrangements:

135.     Defendants enforce the same scheme with respect to billing for fee for services.

136.     Defendants retain excessive amounts of the premium dollar paid by the insured members, before making capitation payments to chiropractic health care providers.

137.     Defendants deduct inappropriate amounts before calculating the amounts due to chiropractic health care providers in the capitated arrangements.

138.     Defendants refuse to begin paying capitation immediately upon enrollment of the members. They retain premiums from the members until the members need services from chiropractors.

139.     The failure to assign immediately not only defrauds chiropractors, but also undermines the actuarial assumptions on which capitated arrangements are purportedly based. The rationale of capitation is that the chiropractor services a group of patients, only some of which need

services in a given month. The capitated payments for the members help to compensate for the services provided to the injured or sick members who need chiropractic care. If there are not enough well members, then the chiropractors provide more services that the capitated payments will support. If Defendants delay assignment of the members until they are injured or sick, then the chiropractors are clearly defrauded.

140.     Defendants utilize capitation arrangements with respect to pools of patients which are not sufficiently large to permit sound actuarial projections.

<div align="center"><strong><u>Conspiracy</u></strong></div>

141.     Defendants have not undertaken the above practices and similar activities in isolation, but instead have done so as part of a common scheme and conspiracy. The conspiracy could not be effective without the enthusiastic participation of all of the conspirators.

142.     Defendants collectively control a majority of the subscribers and providers in the health care market. Defendants collectively exercised their overwhelming and dominant economic and market power to coerce Plaintiffs and the class in an extortionate manner.

143.     Each defendant, with knowledge and intent, agreed to the overall objective of the conspiracy and each defendant agreed to commit at least two predicate acts and each defendant verbally agreed to participate in the conspiracy.

144.     Moreover, the conspiracy was successful because each Defendant agreed to enact and utilize the same devices and fraudulent tactics to defraud the Class members.

145.     Numerous common facts and similar activities, which imply the existence of a conspiracy, exist among all of the Defendants, including:

      (a)   the claims procedures and the data chiropractors are required to provide in submitting claims;

      (b)   the chiropractic necessity criteria and Defendants' use of guidelines developed in

concert with third parties;

(c) the systematic claims processes in manipulating CPT codes, in order to downcode and bundle claims, delay and wrongfully deny payments;

(d) the payment procedures under the capitation arrangement, including but not limited to:

(1) retaining amounts of premium dollar paid by the insured members before making capitation payments to chiropractic health care providers;

(2) inappropriately deducting amounts before calculating the amounts due to chiropractic health care providers;

(3) unfairly retaining premiums from the members until the members need services from chiropractors;

(4) systematically defrauding chiropractors by passing along costs of health care that the chiropractors did not agree to assume;

(5) downcoding services provided by capitated chiropractors and then utilizing this data to decrease capitation rates.

146.    The conspiracy was conducted during the past ten years and was implemented by:

 (a) the development and adoption of specific clinical practice guidelines and related chiropractic healthcare review criteria;

(b) the development and utilization of automated and integrated claims processing software;

(c) the utilization and purchase of reimbursement guidelines;

(e) participation and coordination in trade associations;

(f) participation and coordination in industry groups; and

(g) participation and coordination in private jointly owned corporations;

147.    This conspiracy also involves, *inter alia*: (i) the development and adoption of clinical practice guidelines and related healthcare review criteria; (ii) the development of claims processing and other systems; (iii) the joint development of accreditation standards by the managed healthcare industry; (iv) participation in trade associations, that develop common industry standards

and/or act as vehicles by which their members could exchange sensitive business information, disseminate unified information to governmental agencies, to the press, and to the public or otherwise collude; and (v) the use of industry informational sources to facilitate such collusion.

148.       As a result of Defendants' fraudulent scheme and racketeering activities, the Plaintiffs and class members have been injured in their business and property.

## FRAUDULENT CONCEALMENT

149.       Defendants have fraudulently concealed information set forth in this complaint from Plaintiffs and members of the class.  Plaintiffs and members of the class did not discover and could not have discovered this information absent Defendants' disclosure.

150.       Therefore, the running of any statute of limitations has been suspended with respect to the claims alleged herein by virtue of the Defendants' fraudulent concealment.

## ALLEGATIONS RELATING TO RICO

151.       Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein, and the following allegations are made upon Plaintiffs' information and belief.

### The Health Care Enterprise

152.       Plaintiffs and the class members are  "persons" within the meaning of 18 U.S.C. §1964(c).

153.       At all times relevant hereto, Plaintiffs and the class, and the Defendants were and are "persons" within the meaning of 18 U.S.C. 1961(3).

154.       The following persons constitute an Enterprise, which Plaintiffs collectively refer to as the Healthcare Care Enterprise (1) Defendants; (2) other health insurance companies not named as defendants herein; (3) the third party entities which promulgate purported patient care guidelines; (4) the third party entities which develop claims processing systems or components; (5) the third party

entities which are subcontracted by Defendants for the purpose of reviewing claims. (6) Defendants' trade associations;  (7) entities created by Defendants and their trade associations.

155.      The Enterprise is an ongoing organization, which engages in, and whose activities affect, interstate commerce.

156.      While the Defendants participate in the enterprise and are a part of it, the Defendants also have an existence separate and distinct from the enterprise.

157.      Defendants maintain an interest in and control of the Health Care Enterprise and also conduct or participate in the conduct the Enterprises' affairs through a pattern of racketeering activity.

158.      Defendants' control and participation in the Enterprise is necessary for the successful operation of Defendants' scheme.

159.      In order to successfully retain monies owed chiropractors in the manner set forth in this Class Action Complaint, Defendants had to have a system that allows Defendants to manipulate and control reimbursement to chiropractors.  The Health Care Enterprise provides Defendants that ability. The Health Care Enterprise also gives Defendants the ability to conceal their scheme.

160.      The Defendants collectively are members of the Enterprise.  Defendants have developed and have associated firms to develop generalized standards that the Defendants systematically misuse and misapply to avoid paying for legitimate, chiropracticly necessary services.

161.      The Defendants have also used firms for the development of systems that Defendants can use for editing and manipulation of claims information.

162.      Defendants also use third party reviewers to assure the wrongful denial of claims.

163.      The Enterprise also includes trade associations to allow Defendants to share information and to disseminate information to chiropractors, the government, the press and the public in

an effort to conceal Defendants' wrongdoing.

164.        The enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which the Defendants engage.

## Predicate Acts

165.        With respect to the activities alleged herein, each Defendant and others not named as Defendants in this Complaint, in committing those activities, within the meaning of 18 U.S.C. § 2, by seeking to aid and abet and aiding and abetting a scheme to violate 18 U.S.C. § 1962(a) and (c). Each defendant also agreed to the operation of the scheme or artifice to deprive Plaintiffs and the class of property interests. In furtherance of these agreements, each Defendant also agreed to interfere with, obstruct, delay or affect commerce by attempting to obtain and/or actually obtaining property interests to which the Defendants are not entitled.

166.        With respect to the overt acts and activities alleged herein, each Defendant conspired with each other and with others not named as Defendants in this Complaint, to violate 18 U.S.C. § 1962(a) and (c), all in violation of 18 U.S.C. § 1962(d). Each Defendant and Defendant health plan also agreed and conspired with each other to participate, directly or indirectly, in the fraudulent scheme or artifice alleged herein, to wrongfully retain money owed to Plaintiffs and the class. Each Defendant also agreed and conspired with each other Defendant to participate, directly or indirectly, in interfering with, obstructing, delaying or affecting commerce by attempting to obtain and/or actually obtaining property interests to which the Defendants are not entitled through the exploitation of fear of economic loss and/or loss of business.

167.        The numerous predicate acts of mail and wire fraud, extortion, Travel Act and benefit plan interference violations described herein are part of separate fraudulent and extortionate schemes by Defendants designed to defraud the class of money and property interests under false

pretenses. Plaintiffs and the class as victims of these unlawful patterns of illegal activity have and continue to suffer losses as a result of these activities.

168.      In carrying out the overt acts and fraudulent and extortionate scheme described above the Defendants engaged in, *inter alia*, conduct in violation of federal laws, including 18 U.S.C. §1341 and 1343, 18 U.S.C. § 1341 and 1346, 18 U.S.C. § 1343 and 1346, 18 U.S.C. § 1951(b)(2), 18 U.S.C. § 1952(a), 18 U.S.C. § 1954, and 18 U.S.C. § 1961 et seq.

169.      Section 1961(1) of RICO provides that "racketeering activity" is any act indictable under any of the following provisions of Title 18, United States Code § 1341 (relating to mail fraud), §1343 (relating to wire fraud), § 1346 (relating to scheme or artifice to defraud), § 1951 (relating to extortion), § 1952 (relating to racketeering [Travel Act]), and § 1954 (interference with an employee welfare benefit plan).

### Violations Of 18 U.S.C. § 1341 and 1343

170.      Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

171.      For the purpose of executing and/or attempting to execute their scheme to defraud and to obtain money by means of false pretenses, representations or promises, the Defendants, in violation of 18 U.S.C. § 1341, placed in post offices and/or in authorized repositories for mail matter and things to be sent or delivered by the Postal Service and received matter and things therefrom including but not limited to agreements, manuals, correspondence, payments, reports, data, summaries, statements, faxes, plan materials and others.

172.      For the purpose of executing and/or attempting to execute their scheme to defraud and to obtain money by means of false, pretenses, representations or promises, the Defendants, in violation of 18 U.S.C. § 1343 transmitted and received by wire matter and things therefrom, including

but not limited to agreements, manuals, correspondence, payments, reports, data, summaries, statements, faxes, plan materials and others.

173.      In those matters and things sent or delivered by the Postal Service, by wire and through other interstate electronic media, Defendants falsely and fraudulently misrepresented and fraudulently suppressed material facts from Plaintiffs and the class as described above, in violation of 18 U.S.C. § 1341 and 1343, including but not limited to the following:

174.      Defendants misrepresented to Plaintiffs and class members that Defendants would pay Plaintiffs and class members for chiropracticly necessary services and procedures according to the CPT codes for the services and procedures they provided.

175.      Defendants have concealed and have failed to disclose that Defendants have developed and use guidelines which are based upon financial considerations rather than chiropractic necessity.

176.      Defendants have concealed and have failed to disclose that they systematically deny chiropractic claims.

177.      Defendants have concealed and have failed to disclose that they deliberately delay payments.

178.      Defendants have concealed and have failed to disclose that they provide incentives to claims reviewers to delay or deny payments.

179.      Defendants have concealed and have failed to disclose that they have developed or purchased claims systems designed to manipulate CPT codes.

180.      Defendants have concealed and have failed to disclose that they automatically downcode claims.

181.      Defendants have concealed and have failed to disclose that they automatically

bundle claims.

182.     Defendants have concealed and have failed to disclose that capitation payments do not have a sound actuarial basis.

183.     Defendants have represented that capitation payments are paid upon enrollment of members.

184.     Defendants have concealed and have failed to disclose their use of age/sex adjustment factors to adjust capitation payments below the levels the Defendants agreed to pay.

185.     The  Defendants  intentionally  and  knowingly  made  these  material misrepresentations and intentionally and knowingly suppressed material facts from Plaintiffs and the class, for the purpose of deceiving them and thereby obtaining financial gain.

186.     The Defendants either knew or recklessly disregarded that the misrepresentations and omissions described above were material.  Plaintiffs and the class necessarily relied on the misrepresentations and omissions in providing care to members of Defendants' health plans.

187.     Plaintiffs and the class has therefore been injured in their business or property by the Defendants' overt acts and racketeering activities.

## Violations Of 18 U.S.C. § 1951(b)(2)

188.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

189.     During the relevant times, and in furtherance of and for the purpose of executing and/or attempting to execute the above discussed scheme and artifice to defraud or deprive, the Defendants and others not named as defendants in this Complaint on numerous occasions aided and abetted and conspired to and attempted to and did interfere with, obstruct, delay or affect "commerce" as the term is defined in 18 U.S.C. §1951 by "extortion" as defined in 18 U.S.C. §1951(b)(2). The

Defendants unlawfully attempted to and/or did induce Plaintiffs and the class to part with various property interests to which Defendants are not entitled, in violation of 18 U.S.C. §1951(b)(2).

190.     In furtherance of the scheme or artifice to defraud and obtain money by false pretenses and the scheme or artifice to deprive the Plaintiffs and the class of money and other property rights Defendants agreed and conspired among themselves, with each other and with others not named as defendants, as well as those persons or entities providing support for Defendants' acquisition of other PPO, HMO, POS and Indemnity plans, to participate, directly or indirectly, in interfering with, obstructing, delaying or affecting commerce by attempting to obtain and/or actually obtaining property interests to which these Defendants are not entitled through the extortion and/or coercion.

191.     The Defendants' overt acts and fraudulent and extortionate racketeering activity have and continue to defraud Plaintiffs and the class of money and other property rights.

192.     Plaintiffs and the class have therefore been injured in their business or property by the Defendants' overt acts and racketeering activities.

### Violations Of 18 U.S.C. § 1952(a)

193.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

194.     During the relevant times, and in furtherance of and for the purpose of executing the above-described scheme and artifice to defraud the Plaintiffs and the class, the Defendants on numerous occasions did travel and caused others not named as defendants in this Complaint to travel in interstate commerce in order to attempt to and to commit extortion in violation of the Travel Act, 18 U.S.C. §1952(a).

195.     The Defendants' overt acts and fraudulent and extortionate racketeering activity have and continue to defraud the Plaintiff and the class of money and other property rights.

196.        Plaintiffs and the class have therefore been injured in their business or property by the Defendants' overt acts and racketeering activities.

197.        The Defendants have engaged in a "pattern of racketeering activity," as defined in §1961(5) of RICO, by committing and/or conspiring to or aiding and abetting a scheme for at least two such acts of racketeering activity, as described above, within the past ten years.  Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Plaintiffs and the class.

198.        The multiple acts of racketeering activity committed and/or conspired to or aided and abetted by Defendants, as described above, were related to each other and amount to and pose a threat of continued racketeering activity, and, therefore, constitute a "pattern of racketeering activity," as defined in 18 U.S.C. §1961(5).

### Violations of 18 U.S.C. § 1954

199.        Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

200.        During the relevant times, and in furtherance of and for the purpose of executing the above-described scheme and artifice to defraud the Plaintiffs and the class, the Defendants were agents or administrators of health care plans and/or Defendants provided services to health care plans as defined under 18 U.S.C. § 1954.

201.        One or more of the Defendants create and provide incentives to claims reviewers, who are their employees or agents, to improperly delay or deny payments to providers of chiropractic services, including Plaintiffs and members of the Class.  Defendants provide direct cash bonuses and other financial incentives to these claims reviewers who deny or delay claims for service regardless of

whether those claims are chiropractically necessary. The bonuses and financial incentives include direct bonus payments and other benefits to these claim reviewers to deny or delay a certain percentage or absolute number of submitted claims from Plaintiffs and the class.

202.        These incentives to improperly delay and deny claims include the denial and delay of claims submitted on persons covered by employee benefit plans as contemplated by § 1954. This process is intended and does influence the actions, decisions, and other duties relating to questions and matters concerning these plans in violation of § 1954.

203.        Plaintiffs and the class therefore have been injured in their business or property as a result of Defendants' overt acts and racketeering activities as described above and throughout this Complaint.

## Pattern of Racketeering Activity

204.        Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

205.        As set forth above, the Defendants have engaged in a "pattern of racketeering activity," as defined in § 1961(5) of RICO, by committing and/or conspiring to or aiding and abetting a scheme for at least two such acts of racketeering activity, as described above, within the past ten years. In fact, each of the Defendants has committed at least thousands of acts of racketeering activity. Each such act of racketeering activity was related, had similar purposes, involved the same or similar participants and methods of commission, and had similar results impacting upon similar victims, including Plaintiffs and class members.

206.        The multiple acts of racketeering activity committed and/or conspired to or aided and abetted by Defendants, as described above, were related to each other and amount to and pose a threat of continued racketeering activity, and, therefore, constitute a "pattern of racketeering activity," as

defined in 18 U.S.C. § 1961(5).

### Examples of Specific Wrongful Predicate Acts Committed by Defendants' Enterprise

207.        A few examples of the numerous predicate acts committed by Defendants pursuant to their scheme to defraud the Plaintiffs and their conspiracy to commit RICO include the following:

### Fraudulent Denials or Reductions of Payment by Automatic Bundling:

208.        On or about May 18, 2001, Aetna sent through the United States Mail to Harry L. Dorsey, D.C., an Explanation Of Provider Payment against Claim ID: E2F82CPNG00 for Insured ID: 587436452 which inappropriately, automatically reduced and bundled CPT Code 98940 and CPT Code 97250, although the procedures were correctly coded and submitted to Aetna for the April 23, 2001 date of service.  The EOP falsely stated that payment for CPT Code 97250 was not payable and the charges for CPT Code 97250 were denied and were improperly bundled with those of CPT Code 98940.

209.        On or about July 26, 2002, CIGNA sent through the United States Mail to Richard R. Shaker, D.C., an Explanation Of Payment against Claim ID: 7670228690465 for Insured ID: 263292959 which inappropriately, automatically and bundled CPT Code 98940 with CPT Code 97140, although the procedures were correctly coded and submitted to United for the July 16, 2002 date of service.  The EOP falsely stated that payment for CPT Code 97140 was not payable because the procedure was not typically performed on the same date of service as CPT Code 98940.  The charge for CPT Code 97140 was therefore denied and improperly bundled with CPT Code 98940.

210.        On or about May 23, 2000, CIGNA's subsidiary, Defendant, Connecticut General Life Insurance Company, sent through the United States Mail to Harry L. Dorsey, D.C., an Explanation Of Provider Payment against Claim ID: 08909898293 for Insured ID: 428119835EE which inappropriately, automatically denied and bundled CPT Code 971408 with CPT Code 989408, although the procedures were correctly coded and submitted to CIGNA for the April 14, 2000 date of service.

- 41 -

The EOP falsely stated that payment for CPT Code 971408 was not payable because CPT Code 971408 performed on the same date as CPT Code 989408, the charges for CPT Code 971408 were therefore improperly denied and were improperly bundled with those of CPT Code 989408.

211.     On or about February 3, 2003, Great-West sent through the United States Mail to Richard R. Shaker, D.C., an Explanation Of Payment against Claim ID: 02343313227 for Patient ID: 2567 which inappropriately, automatically and bundled CPT Code 98940 with CPT Code 97140, although the procedures were correctly coded and submitted to Great-West for the November 25, 2002 date of service. The EOP falsely stated that payment for CPT Code 97140 was not payable because the procedure was considered to be duplicative of CPT Code 98940. The charge for CPT Code 97140 was therefore denied and improperly bundled with CPT Code 98940.

212.     On or about August 13, 2002, Pacific sent through the United States Mail to Elvin D. Blackwell, D.C., an Explanation of Benefits against Claim ID: A01737295 00 for Insured ID: 418648585 which inappropriately, automatically reduced and bundled CPT Code 98941 with CPT Code 97012, although the procedures were correctly coded and submitted to Pacific for the July 20, 2002 date of service. The EOB falsely states that the CPT Codes listed on the EOB may not match the CPT Codes billed by Dr. Blackwell but that the CPT Codes and benefit calculations made by Pacific are in accordance with the Current Procedural Terminology published by the American Medical Association.

213.     On or about January 28, 2002, Principal sent through the United States Mail to Elvin D. Blackwell, D.C., an Explanation of Benefits against Claim No.: P6564-1-430230234-012 for Insured ID: DEAD0000 which inappropriately, automatically reduced and bundled CPT Code 98941 with CPT Code 97012, although the procedures were correctly coded and submitted to Principal for the January 8, 2002 and January 14, 2002 dates of service. The EOB falsely states that Code 98941 and

CPT Code 97012 cannot be performed on the same day.

      214.        On or about November 19, 2002, United sent through the United States Mail to Harry L. Dorsey, D.C., an Explanation Of Provider Payment against Claim ID: 2557286901 for Insured ID: 427335516 which inappropriately, automatically reduced and bundled CPT Code 99070 with CPT Code 98940 and/or CPT Code 97140, although the procedures were correctly coded and submitted to United for the October 4, 2002 date of service. The EOP falsely stated that payment for CPT Code 99070 and CPT Code 97140 were not payable because the procedures were part of a main procedure and not covered separately. The charges for CPT Code 99070 and CPT Code 97140 were therefore denied and improperly bundled with those of CPT Code 98940.

**Fraudulent Denials or Reductions of Payment by Automatic Downcoding:**

      215.        On or about February 28, 2002, Blue Cross sent through the United States Mail to Dr. Harry L. Dorsey an EOP for Claim ID: 201497002 for services provided on January 28, 2002 for Insured ID: 10389110. Blue Cross' EOP impermissibly and fraudulently denied reimbursement for provision of services submitted under CPT Code 99202 and reclassified and downcoded the services provided to CPT Code 98940. The language contained in said EOP fraudulently states "Coding Edited Per CPT Guidelines".

      216.        On or about March 18, 2002, Pacific sent through the United States Mail to Dr. Elvin D. Blackwell, D.C. an EOB for Claim ID A01481764 for services provided on February 28, 2002 for Insured ID 568966341. Pacific's EOB impermissibly and fraudulently denied reimbursement for provision of services submitted under CPT Code 99202 and CPT Code 98940 and reclassified and downcoded the services provided to CPT Code 98940 alone. That EOB falsely stated that the CPT Codes and benefit calculations made by Pacific were made in accordance with the Current Procedural Terminology published by the American Medical Association.

217.          On or about December 31, 2001, HUMANA sent through the United States Mail to Dr. Elvin D. Blackwell, D.C., an EOR for Account No.: STOM1000 for services provided on November 20, 2001 for Insured ID 454731202.   Humana's EOR impermissibly and fraudulently denied reimbursement for provision of services submitted under CPT Code 72100 and CPT Code 72070 by reclassifying and bundling those codes with CPT Code 72010 and paying a reduced amount under that code.

**Fraudulent Denials or Reductions of Payment Generally And Extortion:**

218.          On or about April 28, 2003, CIGNA sent through the U.S. Mail to Dr. Richard R. Shaker, an Explanation of Payment for services provided on April 5, 2003 and April 7, 2003 respectively, for Member ID.:040503, which reduced in part and denied in part reimbursement for treatment of said patient.   On April 5, 2003, Dr. Shaker rendered services to the Defendant's insured under CPT Code 97140.   And on April 7, 2003, Dr. Shaker rendered services to the Defendant's insured under CPT Code 98940 and CPT Code 97140.   The EOP denied payment for the April 7, 2003 CPT Code 98940 charge on the grounds that the services were not covered because Dr. Shaker was an out-of-network provider.   The EOP further indicated that payment for services rendered under CPT Code 97140 for the April 5, 2003 date of service were being paid at a reduced rate pursuant to a contracted fee schedule, even though Dr. Shaker is not contracted with CIGNA as a preferred provider.   The April 7, 2003 CPT Code 97140 charge was denied on the grounds that it was mutually exclusive from another procedure performed on the same date of service.   The total bills for all three CPT Code charges for the April 5, 2003 and April 7, 2003 dates of service amounted to $220.00 and Dr. Shaker was paid only a total of $63.00.   The Defendant's EOP form contains language which indicates that "Cashing check is payment in full less coinsurance and copay. Call CIGNA before billing patient more." Dr. Shaker and the Plaintiff class are then placed in a position where they must accept illegal reductions and denials or

jeopardize long standing chiropractic/patient relationships by being placed at odds (by CIGNA) with patients who CIGNA informs owe only a portion of the co-payment that would be due but for the illegally reduced and denied charges, thereby threatening the viability of his chiropractic practice and the practices of Plaintiffs as a whole.

**General Fraudulent Communications:**

219.     With respect to certain capitated programs, Defendants, individually and/or through Independent Chiropractic Associations and/or other third parties, routinely, typically on a monthly basis, send to Providers, and ICA's and/or third party administrators (processing the payments of chiropractors), through the United States Mail or through the wire services capitation roles which purport to list the names of each patient who has chosen the Provider as his/her chiropractic physician and for whom the Provider should receive a monthly capitation payment.  Many of these capitation roles are false, and the Defendants know them to be false, because the Defendants delay in putting new patients on the capitation role, sometimes until the patient actually seeks treatment from the Provider. Thus, Providers are denied months of capitation payments with respect to each unlisted patient.

220.     The Defendants' Provider Agreements and Provider Manuals, which are typically sent to Providers through the United States Mail, generally provide that Providers will be reimbursed for covered procedures which are chiropracticly necessary and based on commonly accepted chiropractic practice and on standard coding practice.  This statement is false, and Defendants know it to be false, because Defendants routinely, automatically downcode and bundle procedures to reduce payments to chiropractors, and Defendants routinely deny reimbursement based on alleged chiropractic necessity determinations which are based upon actuarial not chiropractic data and criteria.

221.     The purported chiropractic necessity criteria are not based upon standard or commonly accepted chiropractic practice, but rather on actuarial criteria.  Thus, the representation that

- 45 -

Defendants will only pay for chiropracticly necessary procedures is fraudulent, and each EOP which denies payment for a procedure based on this fraudulent definition of chiropractic necessity is also fraudulent.

222.    That Plaintiff, Steven A. Wilson, D.C., D.A.B.N. and other Humana Chiropractic Providers entered into Agreements with Defendant, HUMANA and were supplied with Provider Manuals, that are typically sent to Providers through the United States Mail, that generally mandate that Providers will be reimbursed for covered procedures which are chiropracticly necessary and based on commonly accepted chiropractic practice and on standard coding practice. This statement is false, and Defendant, HUMANA knows it to be false, because HUMANA routinely, automatically downcodes and bundles procedures to reduce payments to chiropractors, and HUMANA routinely denies reimbursement based on alleged chiropractic necessity determinations which are based upon actuarial not chiropractic data and criteria.

223.    The purported chiropractic necessity criteria are not based upon standard or commonly accepted chiropractic practice, but rather on actuarial criteria. Thus, the representation that HUMANA will only pay for chiropracticly necessary procedures is fraudulent, and further aggravated by the fact that HUMANA which denies payment for a procedure based on this fraudulent definition of chiropractic necessity, does not issue explanation of payment forms to Plaintiff, Steven A. Wilson, D.C., P.A. and other providers who are the victims of Defendant's practice herein. HUMANA's practice is particularly pernicious in that the Plaintiff and other providers receive periodic lump-sum payments for chiropractic treatment and care rendered to patients, in violation of state prompt pay statutes, and said providers never receive any explanation as to how said lump-sum payments are calculated and as to what patient or patients said lump-sum payments are directed. This fraudulent scheme is further exacerbated by the use of payment to third parties (Independent Chiropractic

Associations and/or third party claim administrators) who disperse the payments to Plaintiff and others so that the individual chiropractic providers, such as Plaintiff herein, can never directly challenge either the amount of payment nor the timeliness of said payment as to any services rendered to any particular patient.

### RICO Violations

### § 1962(a)

224.     Section 1962(a) of RICO provides that, it shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of § 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect interstate or foreign commerce.

225.     Through the patterns of racketeering alleged above, Defendants have received income which they in turn have used to acquire an interest in, establish and/or operated the Health Care Enterprise(s) described herein.

### § 1962(c)

226.     Section 1962(c) of RICO provides that it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises' affairs through a pattern of racketeering activity or collection of unlawful debt.

227.     Through the patterns of racketeering activities outlined above, the Defendants have also conducted and participated in the affairs of the Health Care Enterprise.

- 47 -

228.     With respect to their violations of § 1962(a), (b) and (c), Defendants have acted at all times with malice toward Plaintiffs and the class.

### COUNT I

#### Violations of RICO 18 U.S.C. 1962(d) by Conspiring to Violate 18 U.S.C. § 1962(a) and (c)

#### (Global Class vs. All Defendants)

229.     Plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein.

230.     This claim for relief arises under 18 U.S.C. § 1964(a) of RICO and seeks to relief from the Defendants activities described herein for violations of 18 U.S.C. § 1962(d) for their conspiring to violate 18 U.S.C. § 1962(a), (b) and (c).

231.     Section 1962(d) of RICO provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

232.     Plaintiffs incorporate, as if fully set forth herein, their allegations that Defendants have engaged in a pattern of racketeering activity.

233.     Absent Defendants' conspiracy and joint efforts, Defendants' scheme would not be successful. If one Defendant engaged in the activities set forth herein, chiropractors could refuse to do business with the Defendant engaged in the improper managed health care practices and would instead do business with other companies.  Acting jointly, Defendants have greater power, have been able to exert greater influence, have been able to successfully engage in the activities set forth herein and have greater ability to conceal their activities.

234.     Defendants have violated § 1962(d) by conspiring to violate 18 U.S.C. § 1962(a). The object of this conspiracy has been and is to invest a portion of the income derived from the pattern of racketeering activity into the enterprise described herein.

235.     Defendants have also violated § 1962(d) by conspiring to violate 18 U.S.C.

§1962(c). The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the § 1962(c) enterprise described previously through a pattern of racketeering activity.

236.     Defendants, their subsidiaries, employees, and multiple agents have been joined in the conspiracies to violate 18 U.S.C. §1962(a) and (c) in violation of § 1962(d) by various third parties not named as Defendants herein, such as Defendants' trade associations.

237.     As demonstrated in detail above, the Defendants and their co-conspirators have engaged in numerous overt and predicate fraudulent and extortionate racketeering acts in furtherance of the conspiracy including systemic fraudulent and extortionate practices designed to defraud Plaintiffs and the class of money and other property interests.

238.     The Defendants and their co-conspirators' pattern of fraudulent and extortionate racketeering acts include withholding payments and developing processes and mechanisms by which to deny, delay and diminish payments to chiropractors

239.     The nature of the above described acts, material misrepresentations, and omissions in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. § 1962(d) violation of RICO by conspiring to violate 18 U.S.C. § 1962(a) and (c), but they were aware that their ongoing fraudulent and extortionate acts have been and are part of an overall pattern of racketeering activity.

240.     As a direct and proximate result of the Defendants' overt acts and predicate acts in furtherance of violating 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(a) and (c), Plaintiffs and the class have been and are continuing to be injured in their business or property as set forth more fully above.  Pursuant to 18 U.S.C. § 1964(c) of RICO, Plaintiffs are entitled, therefore, to bring this action on behalf of themselves and the class it seeks to represent.

241.      The Defendants have sought to and have engaged in the commission of and continue to commit overt acts and the following described unlawful racketeering predicate acts that have and continue to generate income or proceeds received by Defendants from such pattern of racketeering activity, including:

-- Multiple instances of mail and wire fraud violations of 18 U.S.C. § 1341 and 1343;

-- Multiple instances of extortion violations of 18 U.S.C. §1951(b)(2);

-- Multiple instances of travel in interstate commerce to attempt to and to actually commit mail fraud, wire fraud, and extortion, in violation of 18 U.S.C. § 1952(a);

-- Multiple instances of offers, solicitations and acceptance of money in their activity to influence and interfere with employee welfare benefit plans in violation of 18 U.S.C. § 1954.

242.      The Defendants' violations of the above federal laws and the effects thereof detailed above are continuing and will continue unless injunctive relief prohibiting the Defendants' illegal acts constituting a pattern of racketeering activity is fashioned and imposed by the Court.

243.      As a proximate result of Defendants' conduct as described above, Plaintiffs and the class have been injured in their business or property as described above.

## COUNT II
### Violations of 18 U.S.C. § 2 By Seeking To and Aiding and Abetting a Scheme
### to Violate 18 U.S.C. § 1962(a) and (c)
### (Global Class vs. All Defendants)

244.      Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

245.      This claim for relief arises under 18 U.S.C. § 1964(c) of RICO providing for injunctive and declaratory relief for Defendants' violations of 18 U.S.C. § 2 by seeking to aid and abet and aiding and abetting a scheme to violate 18 U.S.C. § 1962(a) and (c).

246.      Plaintiffs incorporate, as if fully set forth herein, their allegations that Defendants

have engaged in a pattern of racketeering activity.

247.     With respect to the Defendants' violation of 18 U.S.C. § 2, each Defendant and their respective health plans have sought to, and have aided and abetted, each other respectively, and others not named as Defendants in this Complaint, in the commission of those violations of 18 U.S.C. § 2 by seeking to and aiding and abetting a scheme to violate 18 U.S.C. § 1962(a) and (c).

248.     Each Defendant and each and every one of Defendants' health plans, has aided and abetted, and has a shared intent to aid and abet each and every other Defendant and each and every one of Defendants' health plans respectively, in attempting to derive, and in actually deriving substantial income and proceeds through the above described pattern of racketeering activity.

249.     Each Defendant and each and every one of Defendants' health plans respectively has aided and abetted, and has a shared intent to aid and abet, each and every other Defendant and each and every one of Defendants' health plans respectively in acquiring or maintaining an interest or control of the § 1962(a) Enterprise described above through a pattern of racketeering activity, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1962(a).

250.     Each Defendant and each and every one of Defendants' health plans respectively, has further aided and abetted, and has a shared intent to aid and abet, each other Defendant and Health plans respectively, in conducting or participating in the conduct of the affairs of the Section 1962(c) Enterprise described above through a pattern of racketeering activity, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 1962(c).

251.     As a direct and proximate result of Defendants' RICO violation of 18 U.S.C. § 2 by seeking to and aiding and abetting a scheme to violate 18 U.S.C. § 1962(a) and (c), Plaintiffs and the class have been and are continuing to be injured in their business or property. Pursuant to 18 U.S.C. § 1964 (c) of RICO, Plaintiffs are entitled, therefore, to bring this nationwide class action on behalf of

themselves and the class they seek to represent.

252.    The Defendants have attempted to and have aided and abetted and have committed and continue to commit the following unlawful racketeering predicate acts:

--    Multiple instances of mail and wire fraud violations of 18 U.S.C. § 1341 and 1343;

--    Multiple instances of extortion violations of 18 U.S.C. § 1951(b)(2);

--    Multiple instances of travel in interstate commerce to attempt to and to actually commit mail fraud, wire fraud, and extortion, in violation of 18 U.S.C. § 1952(a); and

--    Multiple instances of offers, solicitations and acceptance of money in their activity to influence and interfere with employee welfare benefit plans in violation of 18 U.S.C. § 1954.

253.    The Defendants' violations of the above federal laws and the effects thereof detailed above are continuing and will continue unless injunctive relief prohibiting the Defendants' illegal acts constituting a pattern of racketeering activity is fashioned and imposed by the Court.

254.    By reason of each Defendants' violations of 18 U.S.C. § 1962(d) and 18 U.S.C. § 2 by conspiring to violate 18 U.S.C. § 1962(a) and (c), and seeking to and aiding and abetting a scheme to violate 18 U.S.C. § 1962(a) and (c).

255.    As a proximate result of Defendants' conduct as described above, Plaintiffs and the class have been injured in their business or property as described above.

## COUNT III

## Violations of RICO 18 U.S.C. § 1962(a)

### (National Subclass vs. All Defendants)

256.    The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set forth herein.

257.    As a direct and proximate result of Defendants' illegal and extortionate conduct in violation of 18 U.S.C. § 1962(a), the Plaintiffs in and this subclass have been injured in their business or

property as described above.

## COUNT IV

### Violations of RICO 18 U.S.C. § 1962(c)

### (National Subclass vs. All Defendants)

258.   The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set forth herein.

259.   As a direct and proximate result of Defendants' illegal and extortionate conduct in violation of 18 U.S.C. § 1962(c), the Plaintiffs in and this subclass have been injured in their business or property as described above. Plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

## COUNT V

### Claim for Quantum Meruit

### (National Subclass vs. All Defendants)

260.   The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein.

261.   Plaintiffs and class members, have provided chiropractic services to patients insured by Defendants or Defendants' health plans, both with and without entering a written contractual relationship with Defendants.  Class representatives who have provided such services include Elvin D. Blackwell, D.C., Harry L. Dorsey, D.C., Richard R. Shaker, D.C. and Steven A. Wilson, D.C., D.A.B.N.

262.   Plaintiffs and class members are entitled to receive compensation for their work and labor.

263.   Defendants have wrongfully withheld compensation for the work and labor performed.

264.   Plaintiffs therefore seek reimbursement for their work and labor due in an amount to be determined by this Court.

## COUNT VI

### Claim for Breach of Contract

### (National Subclass vs. All Defendants)

265.   The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein.

266.   Defendants have breached their obligation to pay Plaintiffs and class members for chiropracticly necessary services in accordance with their contractual obligations.

267.   Plaintiffs have been injured by Defendants' breach and are entitled to recover damages proximately resulting from Defendants' breach, in an amount to be determined at trial.

## COUNT VII

### Claim for Unjust Enrichment

### (National Subclass vs. All Defendants)

268.   The National Subclass plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein.

269.   Defendants, through the acts and omissions described herein, are in possession of money that is the rightful property of Plaintiffs and the class.

270.   As a result, Defendants have been unjustly enriched by their activities and Plaintiffs and the class have suffered a detriment.

271.   Accordingly, Plaintiffs and class members seek restitution and disgorgement.

## COUNT VIII

### Claim for Violations of State Prompt-Pay Statutes

## (National Subclass vs. All Defendants)

272.    The National Subclass plaintiffs incorporate and reallege the preceding paragraphs as if fully set out herein.

273.    Plaintiffs provided chiropractic services to patients who are entitled to benefits under Defendants' healthcare plans and sought payment from defendants. The laws of various states require that Defendants pay plaintiffs claims promptly. Plaintiffs allege that Defendants have engaged in a pattern and practice of violating their obligations to pay claims in a timely manner, and that, as a result, Defendants have been wrongfully enriched at the expense of the Plaintiff chiropractic providers.

274.    Plaintiffs seek a judicial determination that Defendants' conduct is illegal and an injunction preventing Defendants from continuing to delay the payment of claims. Additionally, the individual provider Plaintiffs seek money damages on behalf of the plaintiff class. Specifically, Plaintiffs seek to recover all past-due payments with the amount of interest owed under the various state statutes on health care claims not paid within the time specified in those statutes.

275.    Plaintiffs assert claims under the prompt pay statutes directly in their capacity as chiropractic providers. Alternatively, plaintiffs assert claims under the statutes based upon the terms of the provider contracts and as assignees of their patients' rights to benefits under Defendants' healthcare plans. Many of Defendants' healthcare plans are subject to ERISA. Others, including governmental, church, partnership, individual, and certain other plans, are not. As to those plans that are subject to ERISA, plaintiffs' alternative claims based on assignments from their patients arise under Section 502(a) of ERISA, 29 U.S.C. § 1132(a). As to those plans not subject to ERISA, plaintiffs' alternative claims are governed by state law.

276.    With regard to plaintiffs' alternative claims arising under ERISA, exhaustion of administrative remedies under any ERISA plan would be futile. The administrative remedies are not

- 55 -

practical and provide no effective remedy whatsoever because the amounts at issue are too small on any one claim to justify the cost of an administrative hearing, because the number of claims involved is voluminous, and because the costs of discovering and utilizing any administrative remedies are prohibitive for plaintiffs.

277.    Further, Plaintiffs cannot be required to exhaust administrative remedies because Defendants have not notified Plaintiffs of a denial of benefits and their right and the means to seek administrative review, as required by 29 USC § 1132(1).

278.    Moreover, Plaintiffs seek injunctive relief, enjoining Defendants from further violations of the prompt pay statutes, and injunctive relief is not available in an administrative proceeding. Finally, there is no reason to believe that Defendants will pay interest through an administrative proceeding that they deny is due.

## DEFENDANT AETNA, BLUE CROSS, CIGNA, GREAT-WEST, HUMANA, PACIFIC, PRINCIPAL AND UNITED

279.    Aetna, Blue Cross, Cigna, Great-West, Humana, Pacific, Principal and United conduct or conducted business in and violated the prompt pay statutes of the following states in the following respects for which plaintiffs seek to recover damages.  Plaintiffs seek to recover interest due directly under the prompt pay statutes, or, alternatively, based upon a state law claim of breach of contract or ERISA claim for recovery of plan benefits.

**Florida** – Cigna,  Great-West and Humana violated Fla. Stat. Ann. § 627.613 and § 641.3155 by failing to pay plaintiffs' claims within the time specified in the statutes.  As to plaintiffs' claims directly under the prompt pay statute plaintiffs rely on an implied cause of action theory.

**Mississippi** – Aetna, Blue Cross, Cigna, Great-West, and United violated Miss. Code 83-9-5 by failing to pay plaintiffs' claims within the time specified in the statute.  As to plaintiffs' claims directly under the prompt pay statute plaintiffs rely on an implied cause of action theory.

**Texas** - Humana, Pacific and Principal violated Tex. Insurance Code Ann. § 20A.18B by failing to pay plaintiffs claims within the time specified in the statute.  The statute provides for a right of action in subsection (g) and plaintiffs rely on an implied cause of action theory.

## COUNT IX

### Claim for Violation of Florida Statutes §627.613 and §641.3155.

### ( Florida Subclass v. CIGNA, Great-West and Humana)

280.    The Florida Subclass Plaintiffs incorporate and reallege the previous paragraphs as if fully set out herein against Defendants, Cigna, Great-West and Humana, only.

281.    In order to maximize profits, Defendants, Cigna, Great-West and Humana, limit providers' ability to obtain adequate and appropriate reimbursement for services provided to members, participants and enrollees.

282.    Throughout the class period, Defendants have violated Fla. Stat. §627.613 and Fla. Stat. §641.3155 by:

a.    Not promptly paying claims within 45 days after receipt of said claim;

b.    Not properly contesting a claim within 45 days after receipt of said claim by notifying the insureds' assignees (chiropractic providers herein) within 45 days after receipt of said claim that said claim is being contested while properly and legitimately identifying the disputed portion of the claim and the appropriate reasons for the claim being contested;

c.    Upon receipt of additional information requested, failing to properly pay or properly and legitimately deny the contested claim or portion thereof within 60 days;

d.    Failing to pay or deny any claim no later than 120 days after receipt of said claim;

e.    Failing to pay interest on overdue payments at the legal rate set by applicable Florida law;

f.      Where Fla. Stat. §641.3155 applies, the Defendant failed to pay uncontested claims within 35 days after receipt of same by mail or electronic transfer.  Under Fla. Stat. 641.3155 the Defendant violated prompt payment by not contesting, by writing to the provider, within 35 days after receipt of said claim by properly identifying the contested portion of the claim, the specific reason for contesting or denying the claim and by not including a request for additional information.  After receipt of said additional information, the Defendant violated the statute by not paying or denying said claim within 45 days after receipt of the additional information.  Additionally, Defendants violated the prompt pay provisions by not paying interest of 10% on the 36th day after the claim has been received by paying said interest along with the payment of the claim.  Additionally, all claims not paid or denied within 120 days of receipt must be paid to the provider with appropriate interest and the Defendants have failed to comply herewith.

283.    Such practices are likely to mislead the general public. The practices set forth above are patently unfair in that providers are wrongfully denied information and monies to which they are entitled and Defendants reap large profits at the expense of both chiropractors and the general public.

284.    The Defendants' unfair, fraudulent and unlawful business practices are likely to continue absent judicial intervention.

285.    As a direct and proximate result of the Defendants' conduct, Defendants have received and continue to receive payments which rightfully belong to chiropractic service providers.  Such acts harm the public and threaten the financial viability of chiropractors.

## COUNT XI

### Claim for Violation of Miss. Code 83-9-5

### ( Mississippi v. Aetna, Blue Cross, CIGNA, Great-West and United)

286.    The Mississippi Subclass Plaintiffs incorporate and reallege the previous paragraphs as if

fully set out herein against Defendants, Aetna, Blue Cross, Cigna, Great-West and United, only.

287.   In order to maximize profits, Defendants limit providers' ability to obtain adequate and appropriate reimbursement for services provided to members, participants and enrollees.

288.   Throughout the class period, Defendants have violated Miss. Code 83-9-5 by:

a.      Defendants have violated the time of payment of claims which requires that payments to chiropractic providers be made within forty-five (45) days after receipt of due written proof of such loss. Benefits due under the policies and claims are overdue if not paid within forty-five (45) days after the insurer receives proof of loss, necessary medical information and other information essential for the insurer to administer coordination of benefits and subrogation provisions. If such information is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within forty-five (45) days after such proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by such proof is overdue if not paid within forty-five (45) days after such proof is received by the insurer. To calculate the extent to which any benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail to the last known address of the claimant or beneficiary in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

b.      Defendants have failed (in spite of being provided with due written proof of loss) to pay all claims not denied for valid and proper reasons within said 45 days of said receipt of same plus accrued interest at the rate of (1-1 /2 % ) per month.

## COUNT X

### Claim for Violation of Tex. Insurance Code Ann. § 20A.18B

### (Texas v. Humana, Pacific and Principal)

289.     Throughout the class period, Defendants have violated Tex. Code Ann. § 20A.18B.

a.     Defendants have violated the time of payment of claims which requires the Defendants to pay the charges submitted at 85 percent of the contracted rate on the claim not later than the 45th day after the date that the claim is received.

Benefits due under the policies and claims are overdue if not paid within forty-five (45) days after the insurer receives proof of loss, necessary medical information and other information essential for the insurer to administer coordination of benefits and subrogation provisions. If such information is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within forty-five (45) days after such proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by such proof is overdue if not paid.  Following completion of the audit, any additional payment due a physician or provider shall be made not later than the 30th day after the later of the date that the physician or provider receives notice of the audit results; or any appeal rights of the enrollee are exhausted.

b.     Defendants have failed (in spite of being provided with due written proof of loss) to pay all claims not denied for valid and proper reasons within said 45 days of said receipt of same or by the 30$^{th}$ day after the audit results are received or the appeal rights are exhausted.

c.     The Defendants failure to pay said claims in accordance with the Texas prompt pay statute automatically entitles Plaintiffs to the full amount of billed charges submitted on the claim or the amount payable under the contracted penalty rate, less any amount previously paid or any charge for a service that is not covered by the health care plan.

d.      That Defendants failure to pay sail claims in accordance with the Texas prompt pay statute automatically entitles the Plaintiffs to recover reasonable attorney's fees in this action to recover payment under this section.

e.      That the Defendants violation of the Texas prompt pay statute automatically entitles Plaintiffs to the administrative penalty imposed thereunder, which may not exceed $1,000 for each day each of said claims remains unpaid.

f.      That the Defendants have violated the Texas prompt pay statute by failing to properly provide medical providers with copies of all applicable utilization review policies and claim processing policies or procedures, including required data elements and claim formats, when reducing or denying claims.

## PRAYER FOR RELIEF

**WHEREFORE**, the Individual Plaintiffs and all members of the class respectfully pray for the following relief:

1.      An order declaring that Defendants have violated federal and state laws as set forth herein;

2.      An order enjoining Defendants from pursuing the fraudulent and extortionate policies complained of herein, including but not limited to:

A.      prohibiting Defendants from conspiring with each other and with the third parties set forth herein;

B.      prohibiting the use or enforcement of any definition of chiropractic necessity which is at variance with professional standards of care;

C.      prohibiting Defendants from making chiropractic necessity determinations

- 61 -

without providing appropriate deference to the treating chiropractor's judgment;

D.      prohibiting Defendants from unreasonably using, applying, or

enforcing chiropracticly inappropriate utilization management, policies and procedures

over which Plaintiffs have no effective input or control and as to which Plaintiffs cannot

deviate when necessary to provide chiropracticly appropriate patient care without

suffering adverse financial or other consequences;

E.      prohibiting Defendants from unreasonably using, applying, or

enforcing chiropracticly inappropriate clinical practice guidelines and/or chiropractic

management policies and procedures over which Plaintiffs have no effective input or

control and as to which Plaintiffs cannot deviate when necessary to provide

chiropracticly appropriate patient care without suffering adverse financial or other

consequences;

F.      prohibiting Defendants from manipulating claims processing systems;

G.      prohibiting Defendants from threatening to terminate a contract with a

chiropractor, directly or indirectly, or any entity with which a chiropractor is associated

or otherwise penalize based upon participation or support of this complaint or concepts

in this complaint;

H.      prohibiting Defendants from utilizing their economic powers in a

coercive manner to exert control over chiropractors and chiropractic payments,

including but not limited to enforcement of all products clauses;

I.      prohibiting the payment of reimbursement by Defendants which is not

adequate to cover the costs of delivering the chiropractic services Defendants have

promised Defendants' members;

J.      prohibiting the delegation of undefined or unreasonable risk by

Defendants including but not limited to the failure to disclose that information to the

chiropractors and those with whom the chiropractors are associated which is reasonable

and necessary to enable them to assess the level of risk to be assumed, and to monitor

and/or audit any and all payments, withholds, deductions, surpluses, credits and other

financial calculations made by Defendants;

K.      prohibiting the failure or refusal of Defendants to provide

additional payments to Plaintiff for unanticipated costs and expenses which arise after a

contract with the chiropractors or those with whom chiropractors are associated has

been executed, which relate to chiropracticly necessary services the patient requires the

Defendants to provide;

L.      prohibiting the failure or refusal of Defendants to disclose the scope

of all services to be provided under the contract with the chiropractors or those with

whom chiropractors are associated, the amount of the payment by Defendants to

chiropractors or those with whom chiropractors are associated for such services, and the

failure or refusal of Defendants to provide full disclosure of Defendants' methodology

for determining the payment for a chiropractic service;

M.      prohibiting Defendants from requiring chiropractors or those with

whom chiropractors are associated to be capitated for services for which there can be no

sound actuarial projection, or for which expected usage cannot be predicted or

controlled by the chiropractic or those with whom chiropractors are associated;

N.      prohibiting Defendants from requiring chiropractors or those with

whom chiropractors are associated to accept capitation with respect to pools of members

which are not sufficiently large to permit sound actuarial projections of expected use of covered services;

O.      prohibiting Defendants from imposing withholds, deductions and/or penalties which impede the provision of chiropracticly appropriate services, and/or will adversely impact the solvency of a chiropractic or those with whom chiropractors are associated;

P.      prohibiting Defendants from imposing withholds, deductions and/or penalties on capitation payments paid to chiropractors or those with whom chiropractors are associated under any and all circumstances;

U.      if delegated functions are re-assumed by Defendants, prohibiting the failure or refusal to comply with and be held accountable for compliance with Defendant policies and procedures regarding the re-assumed delegated functions and all applicable state and federal laws and regulations, including, but not limited to, HCFA laws and regulations and NCQA standards; and

V.      An order enjoining Defendants from using or enforcing any current or proposed provider contracts with chiropractors and/or those with whom chiropractors are associated, in whole or in part, or policies which compromise chiropracticly appropriate patient care or are otherwise unfair or unreasonable as set forth above;

W.      A permanent injunction restraining and enjoining Defendants from continuing the illegal acts and practices set forth above.

X.      Costs and reimbursements for this action, including the cost of the suit and reasonable attorneys' fees, and reimbursement of expenses and expert fees in amounts to be determined by the Court;

Y.      Granting such other and further relief as this Honorable Court deems to be just and appropriate.

**WHEREFORE**, in addition to the above relief, the individual Plaintiffs and the class also respectfully pray for the following relief:

A.      An award of compensatory or actual damages in the amount in which Plaintiffs and the class have been injured in their business or property;

B.      An award of treble damages;

C.      Punitive damages;

D.      Restitution and disgorgement;

E.      Incidental and consequential damages;

F.      Appropriate Interest;

G.      Granting such other and further relief as this Honorable Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

SUSAN L. LAWSON, ESQUIRE
Lawson & Associates, P.A.
230 East Davis Blvd.
Suite 200
Tampa, Florida 33606
TX: (813) 251-8879
Fax: (813) 251-5786

RICHARD A. BOKOR, ESQUIRE
Richard A. Bokor, P.A.
230 East Davis Blvd.
Tampa, Florida 33606
TX: (813) 251-1000
Fax: (813) 254-6327

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| HARRY L. DORSEY, D.C. d.b.a. DORSEY CHIROPRACTIC CLINIC, et al | AETNA, INC., et al |

(b) County of Residence of First Listed _____  
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____  
(IN U.S. PLAINTIFF CASES ONLY)  
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  
Susan Lawson, Esquire  Richard A. Bokor, Esq.  
Lawson & Associates, P.A.  Richard A. Bokor, P.A.  
230 E. Davis Blvd.        230 E. Davis Blvd.  
Tampa, FL 33606           Tampa, FL 33606  
(813) 251-8879            (813)251-1000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ● 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ● 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.  
Do not cite jurisdictional statutes unless diversity.)

TITLE 18,US Code, Title 28,US Code, Title 15,US, code, etc.  
Unjust enrichment,RICO violation Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  
DEMAND $ _____  
CHECK YES only if demanded in complaint:  
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  
JUDGE _____  
DOCKET NUMBER _____

DATE  
June 13, 2003

SIGNATURE OF ATTORNEY OF RECORD  
*Susan L. Lawson* / *Richard A. Bokor*

FOR OFFICE USE ONLY